FILED

AUG 15 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN SPACEY,<br><br>Defendant. | Case No.  18-cv-04952-SBA<br><br>**ORDER SETTING INITIAL CASE<br>MANAGEMENT CONFERENCE<br>AND ADR DEADLINES** |

IT IS HEREBY ORDERED that this action is assigned to the Honorable Saundra Brown Armstrong.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

United States District Court
Northern District of California

United States District Court
Northern District of California

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| Date | Event | Governing Rule |
| 8/15/2018 | Complaint Filed | |
| 11/14/2018 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| 11/28/2018 | **Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br><br>(also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil  L.R . 16-9 |
| 12/5/2018 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 2:30 PM in:<br><br>Check Calendar Date for Courtroom Assignment Ronald Dellums Federal Building 1301 Clay Street Oakland, CA 94612 | Civil L.R . 16-10 |

* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline  is continued to 21 days in advance of the Initial Case Management Conference.

** If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 7 days in advance of the Initial Case Management Conference.

# STANDING ORDER - GENERAL

Senior U.S. District Judge Saundra Brown Armstrong
Effective May 1, 2015

1.    **Conformity to Rules**.  Parties shall follow the Federal Rules of Civil Procedure, the Civil Local Rules, and the General Orders of the Northern District of California, except as superseded by these Standing Orders. Any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

2.    **Scheduling Days.**

    a.    Criminal law and Motion calendar is held on the second Wednesday of each month, beginning at 10:00 a.m.  Hearings in criminal matters will take place at the U.S. District Court located at 1301 Clay St., Oakland, California.  Please consult the calendar for the assigned courtroom.

    b.    Civil law and motion calendar is held on the second Wednesday of each month, beginning at 1:00 p.m.  Hearings in civil matters will take place at the U.S. District Court located at 1300 Clay St., Courtroom 210, Second Floor, Oakland, California.  Please consult the calendar for the assigned courtroom.

    c.    Civil case management conferences are conducted telephonically, and are held on Wednesdays and Thursdays, beginning at 2:30 p.m.

    d.    Trial days are Monday, Tuesday, Thursday and Friday, from  8:30 a.m. to 2:30 p.m.

3.    **Guilty Pleas**:  Prior to a plea being entered in a criminal case, a copy of the plea agreement must be submitted to chambers no later than the Friday before the plea is to be taken.  All persons pleading guilty must complete an application for permission to enter plea of guilty, which is available on the Court's website at www.cand.uscourts.gov.

4.    **Meet and Confer Requirement.**  All parties *shall* meet and confer before filing any motion or other non-stipulated request.  Any motion or request shall include a certification, which may be submitted separately or included in the body of the document, that the parties have complied with the meet and confer requirement.  The Court may disregard and/or strike any papers submitted that do not comply with this rule.

5.    **Civil Motion Hearing Dates:**  The Court does not reserve hearing dates. Parties are directed to review the Court's calendar at www.cand.uscourts.gov to determine the next available hearing date.  Motions may be reset as the Court's calendar requires, or may be taken under submission without a hearing.  Parties are advised to check the Court's website to confirm whether their matter is on calendar.

6.    **Page Limits**:  All noticed civil motions (other than motions for summary judgment) and any opposition thereto, shall not exceed *fifteen (15) pages* in length, exclusive of the table of contents, table of authorities, exhibits and declarations, if required.  Reply briefs may not exceed *ten (10) pages* in length.  Motions for summary judgment are subject to the page limits set forth in Civil Local Rule 7.

7.     **Summary Judgment Motions**:  Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court.  Separate statements of undisputed facts will not be considered.  Joint statements of undisputed facts are not required, but are helpful if agreed upon.

8.     **Failure to File Opposition**:  The failure of the opposing party to file a response to any motion or request may be construed as a consent to the granting of the relief sought in the motion or request.

9.     **Non-Compliant Papers**:  Any pleading or brief sought to be filed with the Court after the required time, in an improper manner or form, and/or which is not authorized by the Federal Rules of Civil Procedure, Local Rules or order of this Court, shall not be received or considered and may be stricken.  Any attorney in violation of such requirements will be subject to other sanctions.  Civil L.R. 1-4.

10.    **Proposed Orders**:  Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief of action which includes that the party requests the Court to adopt, a short statement of the rationale of decision including citation to authority.

11.    **Case Management Conference Statement.**  The *joint* case management statement must be filed one week in advance of the case management conference date.  The statement *must* include all elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement." See Civ. L.R. 16-9. In cases involving pro se litigants, parties shall attempt to file a joint statement; if after due diligence, an agreement cannot be reached, the parties may file separate case management statements, with each statement not to exceed seven (7) pages. Unless proceeding pro se, each party shall be represented at the case management conference by counsel with full and complete authority to address all of the matters referred to in (a) Federal Rules of Civil Procedure 16(c) and 26(f) and (b) the "Standing Order for All Judges of the Northern District of California –Contents of Joint Case Management Statement." Counsel must also have full and complete authority to enter stipulations and made admissions.

12.    **Chambers Copy.**  A copy of all documents filed, whether electronically or manually, shall be submitted to the Clerk's Office in an envelope clearly marked with the case number and "SBA Chambers Copy" no later than the time prescribed by Civil Local Rule 5-1(e)(7). Exhibits to declarations must be tabbed.  Voluminous exhibits shall be submitted in a tabbed and indexed binder.

13.    **Discovery Motions.**  All discovery disputes will be referred to a Magistrate Judge of this Court.

**IT IS SO ORDERED.**

SAUNDRA BROWN ARMSTRONG
United States District Judge

Rev. 5/1/15

# STANDING ORDER FOR ALL JUDGES
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order,   a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition,

any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ Yes    ____ No

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# STANDING ORDER - GENERAL

Senior U.S. District Judge Saundra Brown Armstrong
Effective May 1, 2015

The following instructions shall apply to all patent cases assigned to Judge Saundra Brown Armstrong.

## Joint Claim Construction Statement

1.      The joint claim construction statement required by Pat. L.R. 4-3 shall be truly joint. Disputed terms, phrases, and clauses shall be clearly designated as disputed. All other terms shall be presumed undisputed. For any term in dispute, the parties must agree on what the term actually is. With regard to disputed terms, phrases, or clauses, the joint statement shall list each disputed term, phrase, or clause (listed by claim); each party's proposed construction; and support for each party's proposed construction side by side. A model construction statement is attached to this order.

2.      Parties shall attach to the joint claim construction statement copies of all patents in dispute. Parties shall also make a complete prosecution history for each patent available to the court upon request.

## Claim Construction

3.      As an initial matter, the court will construe no more than ten terms total. If more than ten terms are at issue, the parties shall meet and confer before the preparation of the joint claim construction statement on narrowing the selection of terms to be construed by the court and shall jointly propose the ten terms requiring construction.

4.      If a party genuinely believes that it will require that more than ten terms be construed, that party may, after meeting and conferring with opposing counsel, file a motion for administrative relief, pursuant to Civ. L.R. 7-11, for leave to designate additional terms for construction. The requesting party must demonstrate good cause and explain why other methods of limiting the claims at issue (such as the selection of representative claims or any grouping of claims by issues presented) would be ineffective. The request must be filed no later than two weeks before the deadline for filing the joint claim construction statement. If good cause is shown, the court will either agree to construe all terms or schedule a second claim construction proceeding on the terms that exceed ten. If more than ten terms are submitted for construction without leave of court, the court will construe the first ten terms listed in the joint claim construction statement and sanctions may be imposed.

5.      Claim construction briefs shall address each disputed term, but only those that are truly disputed, following the order of the joint statement. The court anticipates that a meaningful meet and confer preceding the preparation of the joint claim construction statement will obviate the need for a party to propose in its briefs a claim construction that differs from that proposed in the statement. While the court encourages the parties to negotiate mutually agreeable constructions, the court discourages the parties from proposing new constructions for the first time in reply briefs or other filings which do not afford the opposing party an opportunity to respond. However, if it becomes necessary for a party to propose a different construction in its brief than that found in the joint claim construction statement, that party must clearly set forth the new construction and explain the basis for the change. Additionally, that party shall revise the joint claim construction statement, so that the court will have one document reflecting all current proposed constructions.

## Tutorial and Claim Construction Hearing

6.     If required, the court will schedule a tutorial to occur prior to the claim construction hearing. Each side will be permitted 30-45 minutes to present a short summary and explanation of the technology at issue. The patent holder makes the first presentation. Visual aids are encouraged. The court prefers that someone other than counsel make the presentation. No argument will be permitted. The proceeding is not recorded and parties may not rely on statements made at the tutorial in other aspects of the litigation.

7.     Prehearing conferences are not generally held. However, either party may request a telephone conference two weeks prior to the hearing, or the parties may address any prehearing issues at the tutorial, if any.

8.     The patent holder will act as the moving party for the purposes of claim construction. Opening briefs in support of claim construction must be filed at least six weeks before the rate of the claim construction hearing, and the briefing schedule set forth at Patent L.R. 4-5 will apply. Interactive, hyperlinked briefs on CD-ROM are encouraged when practicable, but not required.

9.     The court will not ordinarily hear extrinsic evidence at the claim construction hearing. Should it become apparent that testimony will be necessary, counsel may request a telephone conference with the court within two weeks of the hearing to seek the court's approval.

10.    Demonstrative exhibits and visual aids are permissible at the hearing as long as they are based on information contained in the papers already filed. Counsel shall exchange copies of exhibits no later than forty eight hours prior to the hearing.

11.    The claim construction hearing will generally be scheduled for no longer than three (3) hours. Counsel shall contact Courtroom Deputy Lisa Clark at 510-637-3541 to schedule the hearing.

## Subsequent Case Management Report

12.    With thirty (30) days of the filing date of the claim construction ruling, the parties shall file a further joint case management status report. In that report, the parties must address the following topics:

      a.   whether either party wishes to certify the claim construction ruling for immediate appeal to the Federal Circuit;

      b.   the filing of dispositive motions, and if multiple dispositive motions will be filed, any proposed grouping and timing of those motions and their hearings;

      c.   if willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense. If so, the parties should be prepared toaddress proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate;

      d.   anticipated post-claim construction discovery;

     e.   any other pretrial matters; and

     f.   the progress of settlement discussions, if any.

The court will review the reports and, if necessary, schedule a further case management conference and enter any appropriate orders.

### Miscellaneous

13.    All stipulated protective orders and filings shall comply with Civ. L.R. 79-5.  Parties shall also submit an unredacted chambers copy of any brief lodged under seal with all confidential material highlighted. The parties shall refer to General Order 62 regarding the electronic filing of documents under seal.

**IT IS SO ORDERED.**

SAUNDRA BROWN ARMSTRONG
United States District Judge

Rev. 5/1/15