Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| STEVE WILSON BRIGGS | |
|---|---|
| Plaintiff, | Civ No: 18-cv-04952-VC |
| vs | |
| KEVIN SPACEY; ARI EMANUEL; MATT DAMON; BEN AFFLECK; NBCUNIVERSAL MEDIA, LLC; SONY PICTURES ENT INC.; TRIGGER STREET PRODUCTIONS INC; NEILL BLOMKAMP; ASIF SATCHU; MORDECAI (MODI) WICZYK; BILL BLOCK; DANA BRUNETTI; SOUND POINT CAPITAL MGMT, LC; MRC (and all MRC entities and subs.) et al | **REQUEST FOR ENTRY OF DEFAULT** AGAINST DEFENDANTS KEVIN SPACEY, DANA BRUNETTI, AND TRIGGER STREET PRODUCTIONS, INC. |

## REQUEST FOR ENTRY OF DEFAULT

TO: the CLERK of the U. S. District Court Northern District Of California.

The Plaintiff in this matter, Steve Wilson Briggs, hereby requests that the Clerk of the United States District Court Northern District Of California enter default in this matter against Defendants **Kevin Spacey**, **Dana Brunetti**, and **Trigger Street Productions, Inc.**, on the grounds that these Defendants did not respond to the Complaint within the time limits prescribed by the Federal Rules of Civil Procedure, Rule 12 (a)(1)(A).

|   |   |
|---|---|
| 1 | As the Plaintiff's server's declarations (see docket #16) confirm, the Plaintiff |
| 2 | properly served Defendants (**Defs**) Spacey, Brunetti and Trigger Street Productions, Inc (all |
| 3 | who allege to reside outside of California, in New York state), via his server, Morgan |
| 4 | Marchbanks, on September 17, 2018. California allows USPS certified mail service, with |
| 5 | return receipt requested, upon defendants living outside of California in another U.S. state. |
| 6 | (The Plaintiff also re-served these Defendants' registered agent, via certified mail with |
| 7 | return receipt requested, on September 27, 2018; however, the initial service of these |
| 8 | defendants, on September 17, 2018, satisfied state and federal standards for serving an |
| 9 | out-of state defendant.) |
| 10 | As detailed in the Plaintiff's filing captioned "**NOTICE RE SERVICE OF** |
| 11 | **PROCESS ISSUES AND IRREGULARITIES RE DEFENDANTS SPACEY,** |
| 12 | **BRUNETTI, AND TRIGGER STREET PRODS, INC,**" as well as detailed in the |
| 13 | Declaration of Dr. Morgan Marchbanks (docket #16), the Plaintiff served Defendant |
| 14 | **Trigger Street Productions, Inc** at the address stated on its Business Entity filing with the |
| 15 | California Secretary of State (the Business Entity filing is attached to that Notice), at 120 W |
| 16 | 45th St., STE 3601, New York, NY 10036. That address is also current according to a "No |
| 17 | Change" filing the Defendant, filed with the Secretary of State earlier this year. The |
| 18 | Defendant's address is out of state; thus, the Plaintiff served this Defendant in compliance |
| 19 | with California law, by sending summons, complaint, civil cover sheet and all other court |
| 20 | documents to this address, addressed to the Defendant, via USPS certified mail, with return |
| 21 | receipt requested. |
| 21 | Also as detailed in the Plaintiff's filing captioned "**NOTICE RE SERVICE OF** |
| 22 | **PROCESS ISSUES AND IRREGULARITIES RE DEFENDANTS SPACEY,** |
| 23 | **BRUNETTI, AND TRIGGER STREET PRODS, INC,**" as well as detailed in the |
| 24 | Declaration of Dr. Morgan Marchbanks (docket #16), is the fact that on September 17. |
| 25 | 2018, the Plaintiff had Defendant **Dana Brunetti** served at the address stated on his |
| 26 | Business Entity filing with the California Secretary of State for his company Spartan 97, |
| 27 | LLC (the filing is attached to the previously cited Notice), at 200 Park Avenue South, 8th |
| 28 | Floor, New York, NY 10003. That address is also current and "active" according the |

California Secretary of State's Office. This Business Entity filing was submitted on January 29, 2018. In this Business Entity filing, Defendant Brunetti provides this address as his personal address—or his personal mailing address). All of this information is identical to the information Defendant Brunetti provides for his personal address in his Business Entity filing with the California Secretary of State's Office for his business 18TH AMENDMENT, LLC, THE (also attached to the Plaintiff's previously cited Notice). The Defendant's address is out of state; thus, the Plaintiff served this Defendant in compliance with California law, by sending summons, complaint, civil cover sheet and all other court documents to this address, addressed to the Defendant, via USPS certified mail, with return receipt requested.

Also as detailed in the Plaintiff's filing captioned "**NOTICE RE SERVICE OF PROCESS ISSUES AND IRREGULARITIES RE DEFENDANTS SPACEY, BRUNETTI, AND TRIGGER STREET PRODS, INC**," as well as detailed in the Declaration of Dr. Morgan Marchbanks (docket #16), is the fact that on September 17. 2018, the Plaintiff had Defendant **Kevin Spacey** served at the address stated on his Business Entity filing with the California Secretary of State's office for his company Trigger Street Productions, Inc (the filing is attached to that Notice), at 200 Park Avenue South, 8th Floor, New York, NY 10003. In that Business Entity registration with the California Secretary of State's office, Defendant Kevin Spacey (born Kevin Fowler) signs the document as the company's Corporate Officer. In the Business Entity Statement of Information filed with the California Secretary of State's office, Defendant Kevin Spacey (Kevin Fowler) declares his address—or his personal mailing address—is 200 Park Avenue South, 8th Floor, New York, NY 10003. This is also the address Trigger Street Productions. Inc declares as its Principal Executive Office. Again, that address is also current, according to a "No Change" filing the Defendants filed with the California Secretary of State's Office earlier this year. The Defendant's address is out of state; thus, the Plaintiff served this Defendant in compliance with California law, by sending summons, complaint, civil cover sheet and all other court documents to this address, addressed to the Defendant, via USPS certified mail, with return receipt requested.

California law **(CCP § 415.40)** deems service by mail, with return receipt is appropriate and acceptable for out-of-state defendant, as in this case.

> **(CCP § 415.40):** A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

California also has jurisdiction to serve parties who are out-of state under California's "Long-Arm" Statute, CA CIV PRO § 410.10 (2003), which states:

> **"A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."**

The <u>Federal Rules of Civil Procedure</u>, **Rule 4(e)(1)** defers to the rules of the individual states courts for out-of-state parties, providing:

> **"(e)** Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made:"

**Since these three out-of-state Defendants were served via U.S.P.S. certified mail they are allowed an additional ten (10) days before service is deemed complete**, before initiating the 21 day time limit to submit a response to the Complaint. Thus, the process of service of these three Defendants was officially completed ten (10) days after the server mailed these three Defendants their separate Summons, Complaint, Civil Cover Sheet, etc. Thus the date of service of these three Defendants became September 27, 2018.

According to Federal Rules of Civil Procedure, Rule 12, a Defendant has 21 days to answer a Complaint. Thus, Spacey, Brunetti and Trigger Street Productions Inc had until October 18, 2018 to submit a responsive pleading to this Court.

However, Defs Spacey, Brunetti and Trigger Street Productions, Inc failed to submit a responsive pleading, as required, on or before October 18, 2018. Thus, Defs Spacey,

1  Brunetti, and Trigger Street Productions, Inc have defaulted. Hence, the Plaintiff requests
2  the Clerk to enter default against Defs Spacey, Brunetti and Trigger Street Productions.
3
4     Dated:     10/22/2018            Signed:      /s/ Steve Wilson Briggs
5                                                Plaintiff, In Propria Persona

REQUEST FOR ENTRY OF DEFAULT