1    Stephen G. Larson (SBN 145225)
     *slarson@larsonobrienlaw.com*
2    Jonathan E. Phillips (SBN 233965)
     *jphillips@larsonobrienlaw.com*
3    A. Alexander Lowder (SBN 269362)
     *sbledsoe@larsonobrienlaw.com*
4    **LARSON O'BRIEN LLP**
     555 South Flower Street, Suite 4400
5    Los Angeles, CA  90071
     Telephone:  213.436.4888
6    Facsimile:   213.623.2000

7    Attorneys for TRIGGER STREET
     PRODUCTIONS, INC.

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11
     STEVE WILSON BRIGGS,              Case No: 3:18-cv-04952-VC
12                                     Related Case No. 3:17-CV-6552-VC
                   Plaintiffs,
13                                     [Hon. Vince Chhabria]
           v.
14                                     **DEFENDANT TRIGGER STREET
     KEVIN SPACEY; ARI (ARIEL);        PRODUCTIONS, INC.'S NOTICE
15   EMANUEL; MATT DAMON; BEN          OF MOTION AND MOTION TO
     AFFLECK; NBC UNIVERSAL            DISMISS COMPLAINT
16   MEDIA, LLC; SONY PICTURES ENT     PURSUANT TO FED. R. CIV. P.
     INC.; TRIGGER STREET              12(B)(6) AND/OR 9(B);
17   PRODUCTIONS; NEILL                MEMORANDUM OF POINTS
     BLOMKAMP; ASIF SATCHU;            AND AUTORITIES IN SUPPORT
18   MORDECAI (MODI) WICZYK;           THEREOF**
     WILLIAM (BILL) BLOCK; DANA
19   BURNETTI; SOUND POINT CAPITAL     *[Filed concurrently with Request for
     MANAGEMENT, LC; MRC (and all      Judicial Notice; Declaration of A.
20   MRC entities and subs.),          Alexander Lowder; and [Proposed]
                                       Order]*
21                 Defendants.
                                       Date: December 6, 2018
22                                     Time: 10:00 a.m.
                                       Crtrm.: 4
23

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 6, 2018, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom No. 4 of the above entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Vincent Chhabria, Defendant Trigger Street Productions, Inc. ("Trigger Street") will and hereby does move this Court for an order dismissing each and every cause of action against it in the Complaint—the First through Eleventh Causes of Action.

This motion is made pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and seeks dismissal on the following bases: (1) the claims against Trigger Street are all time-barred; (2) the claims against Trigger Street are barred by the doctrine of collateral estoppel; and/or (3) the claims against Trigger Street fail to state a claim upon which relief can be granted.

This motion is based on this notice of motion, the memorandum of points and authorities attached hereto, the Declaration of A. Alexander Lowder filed concurrently herewith, the Request for Judicial Notice filed concurrently herewith, the pleadings and records on file with this Court, and on such oral argument as may be presented at the hearing of this motion.


Dated:  October 29, 2018             LARSON O'BRIEN LLP
_____


By:  */s/* Stephen G. Larson
_____
Stephen G. Larson
Jonathan E. Phillips
A. Alexander Lowder
Attorneys for TRIGGER STREET
PRODUCTIONS, INC.

# **TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ..................................................................................1

II.   FACTUAL ALLEGATIONS .................................................................2

III.  RELATED LAWSUITS ........................................................................3

   A.   Briggs I ......................................................................................3

   B.   Briggs II .....................................................................................4

IV.  LEGAL STANDARD ...........................................................................5

   A.   Each and Every Claim for Relief Is Time Barred ...........................5

      1.    The Breach of Contract Claim Is Time Barred....................6

      2.    The Fraud Claims Are Time Barred .................................7

      3.    The Negligence Claims Are Time Barred ..........................8

      4.    The Copyright Infringement Claims Are Time Barred ........8

      5.    The Accounting Claim Is Time Barred..............................9

   B.   The Doctrine of Collateral Estoppel Bars Each and Every Claim For Relief ........................................................................................10

      1.    The Infringement Issue—the Basis For Briggs's Alleged Damage—Was Fully and Fairly Litigated ......................11

      2.    The Infringement Issue Was Actually Litigated................12

   C.   Briggs Failed to Properly Plead His Fraud Claims ........................12

   D.   The Negligence Claims Fail to Allege a Valid Duty .....................13

   E.   Briggs Failed to Properly Plead His Infringement Claims .............13

   F.   Spoliation of Evidence Is Not a Valid Cause of Action ................14

   G.   Civil Conspiracy Is Not an Independent Cause of Action .............14

   H.   Briggs Cannot Cure His Complaint's Defects ..............................15

V.   CONCLUSION...................................................................................16

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Federal Cases</u>                                                                      **Page(s)**

3

*Ashcroft v. Iqbal,*
4
   556 U.S. 662, 129 S. Ct. 1937 (2009) ...................................................................5

5

*Bell Atlantic Corp. v. Twombly,*
6
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ......................................5

7

*Briggs v. Blomkamp,*
8
   70 F.Supp.3d 1155 (N.D. Cal. 2014).......................................................4, 10, 11

9

*Briggs v. Sony Pictures Entertainment, Inc.,*
10
   714 Fed.Appx. 712 (9th Cir. 2018) ................................................................4, 10

11

*Collins v. D.R. Horton, Inc.,*
   505 F.3d 874 (9th Cir. 2007)...............................................................................10
12

*Destfino v. Reiswig,*
13
   630 F.3d 952 (9th Cir. 2011)...............................................................................12

14

*Doe v. United States,*
15
   419 F.3d 1058 (9th Cir. 2005)...............................................................................5

16

*Durning v. First Boston Corp.,*
17
   815 F.2d 1265 (9th Cir.1987)................................................................................5

18

*Harrell v. 20th Century Ins. Co.,*
19
   934 F.2d 203 (1991) .............................................................................................15

20

*Horne v. Harley Davidson, Inc.,*
21
   660 F.Supp.2d 1152 (C.D. Cal. 2009)...................................................................6

22

*Jablon v. Dean Witter & Co.,*
   614 F.2d 677 (9th Cir. 1980).................................................................................6
23

*Petrella v. Metro-Goldwyn-Mayer, Inc.,*
24
   134 S.Ct. 1962, 572 U.S. 663 (2014) ...............................................................8, 9

25

*Pisciotta v. Teledyne Industries, Inc.,*
26
   91 F.3d 1326 (9th Cir. 1996).................................................................................6

27

*Roth v. Garcia Marquez,*
28
   942 F.2d 617 (9th Cir. 1991).........................................................................5, 15

*Sateriale v. R.J. Reynolds Tobacco Co.*,
    697 F.3d 777 (2012) .............................................................................................. 6

*Unicolors, Inc. v. Urban Outfitters, Inc.*,
    853 F.3d 980 (9th Cir. 2017) ............................................................................... 13

*Wolfson v. Brammer*,
    616 F.3d 1045 (9th Cir. 2010) ..................................................................... 10, 11

**California Cases**

*Agnew v. Parks*,
    172 Cal. App. 2d 756 (1959) ................................................................................ 7

*Bedolla v. Logan & Frazer*,
    52 Cal. App. 3d 118 (1975) ................................................................................. 7

*Chavez v. 24 Hour Fitness USA, Inc.*,
    238 Cal. App. 4th 632, 189 Cal. Rptr. 3d 449 (2015) ........................................ 13

*Forbes v. Cty. of San Bernardino*,
    101 Cal. App. 4th 48, 123 Cal. Rptr. 2d 721 (2002) .......................................... 14

*Hayward Union High School Dist. v. Madrid*,
    234 Cal. App. 2d 100 (1965) ................................................................................ 7

*Jackson v. AEG Live, Inc.*,
    233 Cal.App.4th 1156, 183 Cal.Rptr.3d 394 (2015) .......................................... 13

*Jefferson v. J.E. French Co.*,
    54 Cal.2d 717 (1960) ............................................................................................ 9

*Miller v. Bechtel Corp.*,
    33 Cal. 3d 868 (1983) ........................................................................................... 8

**Statutes**

Code of Civil Procedure
    § 337(1)................................................................................................................. 6
    § 338(d)............................................................................................................. 7, 9
    § 339(1)................................................................................................................. 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This lawsuit arises out of Plaintiff Steve Wilson Briggs's ("Plaintiff" or "Briggs") stubborn and mistaken belief that the film *Elysium* infringed on his copyrighted work, the screen play entitled Butterfly Driver.  This is Briggs's third attempt to prosecute his illusory claim that someone stole his idea, and it must suffer the same fate as Briggs's two previous lawsuits—dismissal.  Defendant Trigger Street Productions, Inc. ("Trigger Street") moves to dismiss each and every claim for relief alleged against it because they fail to state a claim upon which relief may be granted.  Indeed, the Complaints suffer from a myriad of fatal flaws that warrant dismissal of this lawsuit in its entirety, without leave to amend.

First and foremost, each and every claim for relief is time-barred.  Briggs's allegations against Trigger Street involve conduct from over a decade ago, and he alleges no basis—nor could he—for tolling the long-expired statutes of limitation.  Second, the doctrine of collateral estoppel prevents Briggs from satisfying an essential element of his claim.  Briggs already litigated his only alleged damage—an essential element of each of his claims—and lost, both before the trial court and on appeal.  Third, Briggs failed to properly plead essential elements to several of his claims.  Finally, at least two of Briggs's causes of action are not causes of action at all, but rather a theory of recovery (conspiracy) and a discovery dispute (spoliation) that at best would become relevant if Briggs could assert a valid substantive claim—which he cannot.

These are only a few of the many flaws and defects in Briggs's rambling, largely irrelevant, and entirely improper Complaint.  On account of these numerous fatal flaws, not only has Briggs failed to state a claim at this time, any amendment would be futile.  As such, Trigger Street respectfully requests that the Court grant this motion, in its entirety, and issue an order dismissing each and every claim against Trigger Street with prejudice.

## II.  <u>FACTUAL ALLEGATIONS</u>[1]

Briggs alleges that "TriggerStreet.com was founded in January 2002 as the web-based filmmaker and screenwriter's community of record."[2]  (Compl., Ex. B.)  Then, in November 2002, Defendant Kevin Spacey ("Spacey") attended launch parties for the website in Los Angeles, New York, and London.  (Compl., ¶¶ 101, 104, 105, 106, and 107.)  While in London, Spacey also did interviews about TriggerStreet.com.  (*Id.*)

Briggs further alleges that he was a member of TriggerStreet.com from 2006 to 2014.  (Compl., ¶¶ 3, 23.)  Briggs agreed to TriggerStreet.com's *Terms of Use* and other agreements when he joined the website.  (Compl., ¶ 207.)  Indeed, Briggs attached copies of the Website's *Terms of Use*, *About Us*, and *Security* sections to the Complaint as Exhibits A, B, and C, and he expressly incorporated them by reference therein.  (Compl., ¶¶ 26, 118.)  Briggs allegedly posted his screenplay, Butterfly Driver, to TriggerStreet.com "3-6 times from January to August of 2007," before permanently removing the screenplay from the website in August 2007.  (Compl., ¶ 116; Ex. E.)

Briggs alleges that Spacey violated TriggerStreet.com's *Terms of Use*, when he "travel[ed] to Spain for a film festival, in 2009, where he gave a speech and boasted of TS's '<u>400,000 members around the world.</u>'"  (Compl., ¶ 24.)  In reality, however, TriggerStreet.com's *Terms of Use* advised members that the website's content could be accessed from locations outside the United States, and informed members that it was their obligation to ensure their use of the site complied with local laws.  (Compl., Ex. A at 28.)

In October 2013, because Briggs believed the film *Elysium*, released in

---

[1] Due to the haphazard and conclusory nature of the allegations in the Complaint, Trigger Street has limited its recitation of the Complaint's allegations to only those that are relevant to the challenges Trigger Street raises in the Motion.

[2] In or about July 2011, the web address for TriggerStreet.com changed from www.triggerstreet.com to www.labs.triggerstreet.com.  (Compl., ¶ 23.)

1   August 2013, was "an infringement on his work, [he] sued for copyright

2   infringement" in *Briggs v. Blomkamp, et al*, No. CV 13-4679 (*Briggs I*).  (Compl.,

3   ¶ 121; RJN, Ex. A.)

4          On or about April 15, 2015, while Briggs was litigating his copyright claims

5   in *Briggs I*, Briggs wrote to TriggerStreet.com to request "all records of every

6   member who accessed [his] work during the timeframe (01/01/2007 to

7   08/31/2007)."  (Compl. ¶ 30; Ex. E.)  The same day, April 15, TriggerStreet.com

8   responded and advised Briggs "once your submission is deleted from the site all

9   records are deleted as well."  (Compl., Ex. F.)  Briggs's email and

10  TriggerStreet.com's response are attached to the Complaint as Exhibits E and F,

11  and expressly incorporated by reference therein.  (Compl., ¶ 30.)  In 2014,

12  TriggerStreet.com posted an announcement on its site that it would be shutting

13  down.  (Compl., Ex. D at 3.)

14         Briggs alleges that the "Defendants' grossly negligent culture and practices

15  inevitably led to the misappropriation of [Briggs's] intellectual property, and led

16  Defendant Sony Pictures to purchase the infringing film, *Elysium*, without first

17  reading Defendant (**Def**) Blomkamp's screenplay."  (Compl. ¶ 33.)  Briggs asserts

18  that the "Defendants' final illegal action occurred on Nov 6th, 2014 … when Defs

19  surreptitiously closed [TriggerStreet.com]."  (Compl., ¶ 38.)  Because Defendants

20  Kevin Spacey and Dana Brunetti are the founder of the website and its CEO,

21  Briggs alleges that Trigger Street "is complicit in all of Defs Spacey's and

22  Brunetti's violations, detailed herein."  (Compl. ¶ 128.)

23  **III.   RELATED LAWSUITS**

24         **A.     Briggs I**

25         On or about October 8, 2013, Briggs filed the initial complaint in *Briggs I*.

26  (RJN, Ex. 1 (docket).)  Briggs named Neill Blomkamp, Sony Pictures

27  Entertainment, Inc., TriStar Pictures, Inc., Media Rights Capital, and QED

28  International as defendants.  (RJN, Ex. 2 (*Briggs I* Complaint).)  The *Briggs I*

– 3 –

1  complaint asserted a single claim for copyright infringement, alleging that the

2  defendants' "film (and screenplay) 'Elysium', infringes on [Briggs's] copyright of

3  his original screenplay, Butterfly Driver."  (RJN, Ex. 2 (*Briggs I* Complaint).)

4         On or about October 3, 2014, Judge Hamilton granted the defendants'

5  motion for summary judgment, finding that Briggs failed to offer *any* evidence of

6  infringement.  *Briggs v. Blomkamp*, 70 F.Supp.3d 1155 (N.D. Cal. 2014).  On

7  February 28, 2018, the Ninth Circuit affirmed Judge Hamilton's order granting the

8  defendants' motion for summary judgment.  *Briggs v. Sony Pictures*

9  *Entertainment, Inc.*, 714 Fed.Appx. 712 (9th Cir. 2018).  The Supreme Court

10  denied Briggs's petition for writ of certiorari on October 1, 2018.  *Briggs v. Sony*

11  *Pictures, et al*, 2018 WL 339164 (S. Ct. Oct. 1, 2018).

12     **B.    Briggs II**

13         On or about November 13, 2017—while his appeal of *Briggs I* was still

14  pending before the Ninth Circuit—Briggs filed *Briggs v. Universal Pictures, et al*,

15  No. 3:17-cv-06552-VC (*Briggs II*), asserting fourteen claims and naming twenty-

16  three defendants.  (RJN, Ex. 3 (*Briggs II* Docket.)).  Many of the defendants named

17  in the *Briggs II* complaint are also named in the instant lawsuit.  (*Id.*, Ex. 4

18  (Complaint in *Briggs II*).)  Briggs also asserted many of the same causes of action

19  asserted here.  (*Id.*)  Briggs filed an amended complaint in *Briggs II* on January 2,

20  2018, removing certain claims and adding claims for copyright infringement.

21  (RJN, Ex. 5 (FAC in *Briggs II*).)

22         On April 25, 2018, this Court dismissed *Briggs II* without prejudice.  (*Id.*,

23  Ex. 6. (Dismissal in *Briggs II*).)  Briggs admits that the instant lawsuit involves the

24  same claims alleged in *Briggs II*.  (Compl., ¶ 1.)  Specifically, the common claims

25  between *Briggs II* and this lawsuit are:  (1) civil conspiracy, (2) breach of contract,

26  (3) fraud, (4) fraudulent deceit, (5) fraudulent concealment, (6) negligence, (7)

27  gross negligence, (8) spoliation, (9) infringing exploitation, and (10) copyright

28  infringement.

1  **IV.    <u>LEGAL STANDARD</u>**

2        Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion

3  to dismiss for failure to state a claim upon which relief can be granted.  When

4  evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in

5  the complaint—as well as any reasonable inferences to be drawn from them—as

6  true and construe them in the light most favorable to the non-moving party.  *See*

7  *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

8        "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

9  need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of

10  his 'entitlement to relief' requires more than labels and conclusions, and a

11  formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic*

12  *Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

13  (citations omitted).  Rather, the allegations in the complaint "must be enough to

14  raise a right to relief above the speculative level."  *Id.* at 545.  "Nor does a

15  complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

16  enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

17  (2009).

18        Furthermore, "[i]f a complaint is accompanied by attached documents, the

19  court is not limited by the allegations contained in the complaint."  *Durning v.*

20  *First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987) (citing *Amfac Mortgage*

21  *Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 429-30 (9th Cir.1978)).  "These

22  documents are part of the complaint and may be considered in determining

23  whether the plaintiff can prove any set of facts in support of the claim."  *Id.*

24  "Moreover, when the allegations of the complaint are refuted by an attached

25  document, the Court need not accept the allegations as being true."  *Roth v. Garcia*

26  *Marquez*, 942 F.2d 617, 625, fn 1 (9th Cir. 1991)

27        **A.    <u>Each and Every Claim for Relief Is Time Barred</u>**

28        It is clear from the face of the Complaint and the attached documents that

each and every cause of action against Trigger Street is time barred.  Plaintiff asserts a mix of federal and state law claims against Trigger Street, all arising from events that occurred over four years ago at the earliest, with most occurring over a decade ago.  Thus, even on the most charitable reading of the Complaint, all of Briggs's claims are stale.

"If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  Dismissal is appropriate "where it is evident from the face of the complaint that the claim is barred by the statute of limitations." *Horne v. Harley Davidson, Inc.*, 660 F.Supp.2d 1152, 1157 (C.D. Cal. 2009). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).  Under California law, "[a] cause of action accrues at the moment 'when the cause of action is complete with all of its elements.'" *Horne*, 660 F.Supp.2d 1152 (C.D. Cal. 2009) (quoting *Fox v. Ehticon Endo-Surgery, Inc.*, 35 Cal.4th 797, 806 (2005)).

### 1.   The Breach of Contract Claim Is Time Barred

The statute of limitations for a breach of contract claim is four years.  *See* Cal. Code. Civ. Proc. § 337(1); *see also Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 792 (2012).  Briggs filed the instant lawsuit in August 2018.  Thus, his breach of contract claim is time barred unless it accrued after August 2014. However, without conceding that Briggs properly pled his Second Claim for Relief,[3] his alleged breach of contract claim accrued over nine years ago, well beyond the applicable statute of limitations.

---

[3] He did not.  While Briggs alleges that the TriggerStreet.com website's *Terms of Use* represented that the website's content would not be available to users outside of the United States, (Compl. ¶¶ 26, 118), that representation does not appear in the *Terms of Use*, (Compl., Ex. A.)  To the contrary, the *Terms of Use* expressly acknowledge that the website could be accessed from locations outside the United States.  (*Id.* at 28.)

1        Briggs alleges that, in 2006, he entered into a contract "with the Defendants"

2   when he "joined the Trigger Street social network" and agreed to the "*Terms of*

3   *Use* and other agreements." (Compl. ¶¶ 3, 23, 207.) Briggs also asserts that, in

4   2009, Defendants breached the contract when Spacey boasted about the website's

5   400,000 members around the world. (Compl. ¶ 214.) Although Spacey's boasting

6   is not actually a breach of the *Terms of Use*, even if it was, any breach of contract

7   claim flowing from this alleged statement accrued in November 2009, if not

8   sooner. Thus, it is clear that Briggs's breach of contract claim is time barred, as

9   the limitations period for a November 2009 breach would have run by November

10  2013.

11                2.    <u>The Fraud Claims Are Time Barred</u>

12       The statute of limitations for fraud claims is three years. Cal. Civ.

13  Proc. Code § 338(d). While the statute of limitations is tolled until the discovery

14  of the fraud, a plaintiff who brings a fraud claim more than three years after the

15  alleged fraud took place must plead and prove "facts showing that he was not

16  negligent in failing to make the discovery sooner and that he had no actual or

17  presumptive knowledge of facts sufficient to put him on inquiry." *Hayward Union*

18  *High School Dist. v. Madrid*, 234 Cal. App. 2d 100, 126-27 (1965); *see also*

19  *Bedolla v. Logan & Frazer*, 52 Cal. App. 3d 118, 129 (1975) ("the provision

20  tolling the operation of the statute until discovery is an exception, and, accordingly,

21  plaintiff must affirmatively excuse his failure to discover the fraud within three

22  years"); *Agnew v. Parks*, 172 Cal. App. 2d 756, 766 (1959) ("The fraudulent

23  acts…were alleged to have occurred…more than five years before the original

24  complaint was filed, and the pleading having failed to allege facts relating to their

25  discovery they are barred by the three-year statute.") (internal citations and

26  quotations omitted). Once a plaintiff is aware or should be aware of facts that

27  "would make a reasonably prudent person suspicious, [he has] a duty to investigate

28  further, and [will be] charged with knowledge of matters which would have been

1    revealed by such investigation." *Miller v. Bechtel Corp.*, 33 Cal. 3d 868, 875

2    (1983) (*citing Bedolla,* 52 Cal.App.3d at 131).

3       Here, Briggs asserts three claims sounding in fraud against Trigger Street—

4    the Third, Fourth, and Fifth Claims for Relief.  However, the only potential basis

5    for the fraud-based claims with respect to Trigger Street is TriggerStreet.com.  (*See*

6    Compl., ¶ 219, 227.)  But, as alleged in the Complaint, the website has been shut

7    down since 2014.  (Compl., ¶ 3, 23.)  Furthermore, Briggs concedes that he was

8    aware that the Website shutdown in 2014.  (Compl., ¶¶ 3, 38 ("Defendants' final

9    illegal action occurred on Nov 6th, 2014 … when Defs surreptitiously closed

10    [TriggerStreet.com]."); Ex. E.)  Because Briggs admits that Trigger Street did not

11    make any misrepresentations or actionable omissions after November 6, 2014, any

12    claim sounding in fraud expired by November 6, 2017.  And since Briggs did not

13    file the instant fraud claims until August 15, 2018, they must be dismissed.

14                 **3.**     The Negligence Claims Are Time Barred

15       Under California law, the statute of limitations for negligence actions is two

16    years.  Cal. Code. Civ. Proc. § 339(1).  As it pertains to Trigger Street, Briggs's

17    negligence claims—the Sixth and Seventh Claims for relief—only allege

18    wrongdoing in connection with TriggerStreet.com.  (Compl. ¶¶ 236-244.)  Again,

19    given that the website shut down on November 6, 2014 (Compl., ¶¶ 3, 38), and the

20    lack of any allegations of conduct by Trigger Street after that date, Briggs's

21    negligence claims against Trigger Street must have been filed by November 6,

22    2016, at the latest.  Because Briggs filed his negligence claims in 2018, both claims

23    are stale and should be dismissed.

24                 **4.**     The Copyright Infringement Claims Are Time Barred

25       The statute of limitations for all claims arising under the Copyright Act is

26    three years.  *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962, 1968-69,

27    572 U.S. 663 (2014).  "[T]he limitations period generally begins to run at the point

28    when the plaintiff can file suit and obtain relief.  A copyright claim thus arises or

1    accrues when an infringing act occurs." *Id.* at 1969 (internal citations omitted).

2         As with the fraud and negligence claims, the only basis for Briggs's

3    copyright infringement claims against Trigger Street—the Ninth and Tenth Claims

4    for Relief—is the website TriggerStreet.com.  However, since the website

5    shutdown in 2014, ending the site's ability to distribute any of Briggs's work, and

6    because Briggs concedes that Defendants' last allegedly wrongful act occurred on

7    November 6, 2014 (Compl., ¶¶ 3, 38), there is no factual basis in the Complaint to

8    suggest that any infringement on the part of Trigger Street could have occurred

9    after that time.  Accordingly, any infringement claim against Trigger Street must

10   have been filed by November 6, 2017.  Because Briggs did not file the instant

11   lawsuit until August 2018, his infringement claims must be dismissed.

12              5.    The Accounting Claim Is Time Barred

13        The statute of limitations for an accounting action depends on "the nature of

14   the right sued upon, not the form of action or the relief demanded." *Jefferson v.*

15   *J.E. French Co.*, 54 Cal.2d 717, 718 (1960).  Here, due to the nature of Briggs's

16   pleading, the exact nature of the right sued upon is unclear.  Looking to paragraph

17   268 of the Complaint, it seems that Briggs's claim for an accounting is based, at

18   least in part, on the allegation that the named defendants infringed on his

19   (unidentified) copyrighted work.  Briggs also alludes to fraudulent behavior as the

20   basis for his accounting claim.  In either instance, however, the statute of

21   limitations would be three years. *See Petrella*, 134 S.Ct. at 1968-69 (copyright);

22   Cal. Civ. Proc. Code § 338(d) (fraud).  As explained above, the Complaint fails to

23   identify any potentially actionable conduct by Trigger Street after the website shut

24   down on November 6, 2014—meaning the statute of limitations ran no later than

25   November 6, 2017.  Thus, his accounting claim is also time barred.

26        In sum, the relevant statutes of limitations bar each and every cause of action

27   alleged against Trigger Street.  Thus, the Court need look no further for a basis to

28   dismiss Briggs's claims against Trigger Street.  However, the applicable statutes of

limitations is not the only basis to dismiss these claims.  In addition to being time barred, Briggs's claims against Trigger Street fail based on the doctrine of estoppel and Briggs's failure to plead the essential elements of his claims.

**B.**     <u>**The Doctrine of Collateral Estoppel Bars Each and Every Claim For Relief**</u>

After setting aside Briggs's rambling rants against the entertainment industry, which are untethered to any actual claim, it becomes clear that the entire lawsuit arises from the same allegedly wrongful act—Sony's distribution of the film *Elysium*.  (*See, e.g.,* Compl. ¶ 33 (alleging that Defendants' conduct "led to the misappropriation of [Briggs's] intellectual property, and led Defendant Sony Pictures to purchase the infringing film, *Elysium*, without first reading Defendant (**Def**) Blomkamp's screenplay").)

Not surprisingly, then, the only damages identified by Briggs flow from his claim that *Elysium* infringed on his copyrighted work, Butterfly Driver.  (*See* Compl. ¶¶ 185, 268 (claiming damages for the profits earned from *Elysium*).)  But the merits of his copyright claim regarding *Elysium* were fully and fairly litigated to final judgment in *Briggs I.  See Briggs v. Blomkamp*, 70 F.Supp.3d 1155 (N.D. Cal. 2014); *Briggs v. Sony Pictures Entertainment, Inc.*, 714 Fed.Appx. 712 (9th Cir. 2018); and *Briggs v. Sony Pictures, et al*, 2018 WL 339164 (S. Ct. Oct. 1, 2018).  And because the issue of infringement was decided against Briggs, he cannot prove an essential element of every one of his claims—damage.

"Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely switching adversaries." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 881 (9th Cir. 2007) (internal citations and quotations omitted). "[T]he doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010).  "Under this doctrine, a party is precluded from relitigating an issue if four requirements are

met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action." *Id.*

As explained above, the third and fourth elements of collateral estoppel are indisputable. The Court entered final judgment on the merits in *Briggs I.,* and privity is satisfied because Briggs is the plaintiff in both cases. This lawsuit also satisfies the remaining elements of collateral estoppel, as discussed below.

> 1.   The Infringement Issue—the Basis For Briggs's Alleged Damage—Was Fully and Fairly Litigated

In this lawsuit, Briggs again alleges that "Defendants' grossly negligent culture and practices inevitably led to the misappropriation of [Briggs's] intellectual property, and led Defendant Sony Pictures to purchase the infringing film, *Elysium*, without first reading Defendant (**Def**) Blomkamp's screenplay." (Compl. ¶ 33.) However, Briggs had a full and fair opportunity to litigate whether the film *Elysium* infringed on his copyrighted work, "Butterfly Driver" in *Briggs I.* In that suit, Blomkamp, Sony Pictures Entertainment, Inc., Tristar Pictures, Inc., Media Rights Capital II, L.P., and QED International LLC, the alleged infringers, moved for summary judgment. *See Briggs v. Blomkamp, et* al, 70 F.Supp.3d 1155 (N.D. Cal. 2014). In opposition to that motion, Briggs had the opportunity to present evidence and argument to Judge Hamilton. (*Id.*)

After considering the parties' submissions and arguments, Judge Hamilton issued a lengthy and detailed opinion, affirmed by the Ninth Circuit, and denied for review by the Supreme Court. Judge Hamilton's opinion proves that Briggs did not lose summary judgment because he lacked an opportunity to marshal his evidence—he lost because his marshaled evidence failed to establish infringement of any kind. Accordingly, the first collateral estoppel element is satisfied.

2.     The Infringement Issue Was Actually Litigated

Judge Hamilton's summary judgment order in *Briggs I* held that Briggs failed to adduce any evidence in support of his copyright claim.  Judge Hamilton reached this conclusion only after considering the evidence and argument cited by Briggs.  Thus, the infringement issue was actually litigated and resolved against Briggs.

Briggs contract, fraud, negligence, and infringement claims all require Briggs to plead and prove the element of damage.  But the damages alleged in the Complaint flow from a theory of recovery Briggs is collaterally estopped from proving—copyright infringement related *Elysium*.  Collateral estoppel therefore prevents Briggs from satisfying an essential element of his claims against Trigger Street, and the claims against Trigger Street must be dismissed.

## C.     Briggs Failed to Properly Plead His Fraud Claims

The Third and Fourth Claims for Relief, sounding in fraud, must be dismissed for the additional reason that they fail to satisfy the pleading requirements of Rule 9 (b).  A plaintiff must comply with Rule 9(b) when alleging fraud.  *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  Among other things, "Rule 9(b) does not allow a complaint to lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant."  *Id.* (citations omitted).

Here, the charging allegations contained in the Third and Fourth Claims for Relief make no attempt to differentiate between the various Defendants.  Rather, Briggs lumps all of the Defendants together, alleging, for example, "*Defendants* made numerous false representations," or "*Defendants* made these false statements and omissions to deceive the Plaintiff."  (Compl., ¶¶ 219, 229 (emphasis added).) Because Briggs failed to differentiate between the various Defendants when pleading his fraud claims, they must be dismissed for failure to comply with Rule 9 (b)'s pleading requirements.

CASE NO: 3:18-CV-04952-VC
MOTION TO DISMISS COMPLAINT

1

### D.      The Negligence Claims Fail to Allege a Valid Duty

"Actionable negligence is traditionally regarded as involving the following: (a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury." *Jackson v. AEG Live, Inc.*, 233 Cal.App.4th 1156, 1173, 183 Cal.Rptr.3d 394 (2015) (citation and internal quotations omitted).  "While breach of duty and proximate cause normally present factual questions, the existence of a legal duty in a given factual situation is a question of law for the courts to determine." *Id.* (citations and internal quotations omitted).  In addition to the traditional elements of negligence, to state a claim for gross negligence, a plaintiff must "also allege conduct by the defendant involving either want of even scant care or an extreme departure from the ordinary standard of conduct." *Chavez v. 24 Hour Fitness USA, Inc.*, 238 Cal. App. 4th 632, 640, 189 Cal. Rptr. 3d 449, 456 (2015) (internal citations omitted).

Briggs failed to allege the breach of a legal duty, an essential element to both his Sixth and Seventh Claims for Relief.  In the absence of any allegations to satisfy that element of his negligence claims, they must be dismissed for failure to state a claim.

### E.      Briggs Failed to Properly Plead His Infringement Claims

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (citations omitted).

Briggs Complaint falls well short of pleading the elements of a viable claim under the copyright act.  Neither the Ninth Claim for Relief nor the Tenth Claim for Relief identifies the work that was allegedly infringed.  (See Compl. ¶¶ 252-261.)  Moreover, both claims fail to allege the copying of any protected elements of any work by Trigger Street.  (*Id.*)  The Complaint thus fails to state a claim for copyright infringement.

1    Even if the Court were to assume that these claims relate to his screenplay,

2    Butterfly Driver, they still fail for two fundamental reasons.  First, there are no

3    allegations that Trigger Street did anything with this screenplay other than allow

4    Briggs to post it on TriggerStreet.com.  Briggs's own intentional act of posting his

5    copyrighted work on the world wide web cannot legally or logically be the basis

6    for a claim of infringement against Trigger Street.  And second, to the extent the

7    alleged infringement involves the allegation that *Elysium* infringed on his

8    copyright, any such claims are barred by the doctrine of collateral estoppel.  (*See*

9    Section B, *supra*.)  After Briggs had a full and fair opportunity to litigate his claim

10   in *Briggs I*, Judge Hamilton entered summary judgment in favor of Blomkamp,

11   and the Ninth Circuit denied Briggs's appeal.  Thus, he cannot re-litigate the issues

12   raised in *Briggs I*.

### F.    Spoliation of Evidence Is Not a Valid Cause of Action

14   Briggs Eighth Claim for Relief must fail because California does not

15   recognize a tort cause of action for spoliation of evidence.  Specifically, under

16   California law, "there is no tort remedy for the intentional spoliation of evidence

17   by a party to the cause of action to which the spoliated evidence is relevant."

18   *Forbes v. Cty. of San Bernardino*, 101 Cal. App. 4th 48, 55, 123 Cal. Rptr. 2d 721,

19   725 (2002) (citing *Cedars-Sinai Medical Center v. Superior Court*, 18 Cal.4th 1, 5,

20   954 P.2d 511 (1998)).  Similarly, there is no cause of action in tort for intentional

21   spoliation of evidence by third parties.  *Forbes*, 101 Cal.App.4th at 55 (citing

22   *Temple Cmty. Hosp. v. Superior Court*, 20 Cal. 4th 464, 471, 976 P.2d 223, 228

23   (1999).  Finally, "a statutory duty to preserve evidence is not enough by itself to

24   warrant tort liability."  *Forbes*, 101 Cal.App.4th at 57.  Thus, Briggs cannot

25   maintain a claim for spoliation against Trigger Street, and the Eighth Claim for

26   Relief must be dismissed for failure to state a claim.

### G.    Civil Conspiracy Is Not an Independent Cause of Action

28   It is well settled that, under California law, "'there is no separate tort of civil

- 14 –

conspiracy, and there is no civil action for conspiracy to commit a recognized tort unless the wrongful act itself is committed and damage results therefrom.'" *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (1991) (quoting *Kerr v. Rose,* 216 Cal.App.3d 1551, 1564 (1990)).  In *Harrell*, the plaintiff asserted a civil conspiracy claim based on fraud.  However, the court concluded that the plaintiff's fraud claim was barred by the three-year statute of limitations, and as a result, the conspiracy claim failed as well.  *See Harrell*, 934 F.2d at 208.

Briggs's civil conspiracy claim must suffer the same fate as the claim in *Harrell.*  Due to the haphazard nature of the allegations in the Complaint, it is far from clear what specific wrongful conduct Briggs's conspiracy claims is based on. However, Briggs's lack of clarity does not prevent dismissal, because each and every cause of action alleged in the Complaint is time barred, barred by the doctrine of collateral estoppel, or fatally deficient in some other respect.  In the absence of any viable claims, Briggs's civil conspiracy claim must also be dismissed.

### H.  **Briggs Cannot Cure His Complaint's Defects**

Generally, "leave [to amend] shall be freely given when justice so requires." Federal Rule of Civil Procedure 15(a).  The four factors "commonly used to determine the propriety of a motion for leave to amend … are bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (citations omitted).  In this case, the fourth factor, futility of amendment, counsels against granting Briggs leave to amend.

The law is clear that "futile amendments should not permitted."  *Roth*, 942 F.2d at 628 (quoting *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)).  "[C]ourts have discretion to deny leave to amend a complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary judgment."  *Roth*, 942 F.2d at 628 (quoting *Johnson v.*

1 | *American Airlines, Inc.,* 834 F.2d 721, 724 (9th Cir. 1987).

2 Here, it is clear that each and every claim for relief is time barred, and that

3 amendment cannot cure this fatal defect of Briggs's current pleading.  Briggs's

4 allegations in the lawsuit, the documents incorporated by reference in the

5 Complaint, and his statements in *Briggs I* and *Briggs II*, prove that Briggs cannot

6 plead around the statute of limitations.  The fact of the matter is that all of the

7 conduct alleged in the Complaint is old.  And Plaintiff cannot plead tolling because

8 he concedes that he has been aware of the allegedly wrongful conduct for at least

9 four years, and in many instances, much longer.

10 Because Briggs's claims are fatally and incurably flawed, leave to amend

11 should not be granted.

12 **V.    CONCLUSION**

13 For the foregoing reasons, Defendant Trigger Street Productions, Inc.

14 respectfully requests that the Court dismiss all claims against it in Plaintiff's

15 Complaint.

16

17 Dated:  October 29, 2018          LARSON O'BRIEN LLP

18          _____

19                                  By:  */s/* Stephen G. Larson          _____
20                                  Stephen G. Larson
                                    Jonathan E. Phillips
21                                  A. Alexander Lowder
                                    Attorneys for TRIGGER STREET
22                                  PRODUCTIONS, INC.

23

24

25

26

27

28