Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| STEVE WILSON BRIGGS, | Civ No: 18-cv-04952-VC |
|---|---|
| Plaintiff, | MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT WILLIAM (BILL) BLOCK; AND CONDITIONAL REQUEST TO EXTEND SERVICE DEADLINES |
| vs | |
| KEVIN SPACEY et al, | Date:        December 13, 2018 |
| Defendants. | Courtroom:  4 |
|  | Time:        10:00 a.m. |
|  | Judge:       Hon. Vince Chhabria |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 6, 2018, at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom No. 4 of the United States District Court, Northern District Of California, at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Vincent Chhabria, Plaintiff Steve Wilson Briggs will, and hereby does, move this Court for an Order granting the Plaintiff permission for Alternative Service On Defendant William (Bill) Block, and further granting the Plaintiff a conditional extension of service of process of Summons and Complaint deadline for any party claiming to be partially, or improperly, served.

This motion is made pursuant to **California Code of Civil Procedure § 415.50(a)**, and to **Federal Rules of Civil Procedure, Rule 4(e)(1)**."

This motion is based on the notice of motion, the following memorandum of points and authorities, and the Declaration of Steve Wilson Briggs.

# MEMORANDUM OF POINTS AND AUTHORITIES

**California Code of Civil Procedure § 415.50(a)** states: "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) <u>A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action</u>."

**Federal Rules of Civil Procedure, Rule 4(e)(1)**, which states: "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action..."

### Re: William (Bill) Block

The Plaintiff's process server, Nexus Assoon, attempted to serve Defendant Block (CEO of Miramax, LLC) at the address on Miramax's business entity Statement of Information, on file with the California Secretary of State. However when Mr Assoon entered the building, he was informed that Miramax moved out of that building about a year earlier.

Without a verifiable address, and without infinite resources, the Plaintiff was forced to give up on serving Bill Block.

However, the Plaintiff believes there is good cause for the Court to move to serve Defendant Block by publication. Plaintiff asserts that he has presented persuasive evidence, that Defendant Bill Block and the other Defendants have knowingly engaged in the ongoing civil infractions detailed in the Plaintiff's Complaint.

Further, the Plaintiff contends that it is in his interest (as a direct victim of the Defendants' commission of fraud, breach, conspiracy, negligence, spoliation, infringing exportation, and wilful suppression of evidence), and the interest of the public at large (who stand to be indiscriminately injured by the Defendants reckless pursuit of personal enrichment), and the interest of our nation's undiscovered intellectual property generators (who these Defendants will inevitably target again),

and in the interest of justice itself, for the Court grant the Plaintiff permission for service by publication.

The Plaintiff asserts that Defendant William "Bill" Block is a central figure in this lawsuit. As the man who helped finance and produce Elysium and District 9, he has profited greatly from his disregard of standard business ethics, and from his close relationship to Defendant Ari Emanuel.

Additionally, it would be a particular injustice to allow Defendant Block to be dismissed from this lawsuit due to **this** particular service of process failure, because the only reason that the Plaintiff was unable to serve Defendant Block was because he negligently failed to comply with California business law (as the CEO of Miramax) as he failed update Miramax's Statements of Information, on file with the California Secretary of State. Thus, the Plaintiff was (and still is) unable to determine where Miramax's true Principal California office is. Had that information been updated and available, as required by California law, Defendant Block would have been timely served, with the other California Defendants.

The Plaintiff believes that all cost of such service by publication should be absorbed by the Defendants.

**Conditional Deadline Extension For The Other Defendants**

The Plaintiff believes that he has properly served all 13 other Defendants, by serving Summons and Complaint on a competent person at an address that the Defendants have officially claimed as **their personal addresses** on their California Secretary of State business entity Statement of Information, then mailing the Defendants summons and Complaints to those same claimed addresses; thus, treating the registered agent as the a competent person, or person apparently in charge of the Defendants' office or usual place of business, then mailing a second copy of the Summons and Complaint to this same address, in compliance with CCP 415.20 (a) and (b). However, should any Defendant allege at the Initial Case Management Conference that they were improperly served, that could only be because that Defendant failed to maintain and update their California Secretary of State business Statements of Information, in violation of California law. Thus, in anticipation of such a strategy by any of the Defendants, the Plaintiff makes the unusual request of the Court for a conditional extension of service deadlines for any Defendant

1 | claiming to be improperly served who has improperly maintained their business's statements of
2 | information.
3 |
4 | Dated: November 5, 2018.               Signed:  /s/ Steve Wilson Briggs
5 |                                                 STEVE WILSON BRIGGS
                                                    Plaintiff, In Propria Persona