Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| STEVE WILSON BRIGGS | Civ No: 18-cv-04952-VC |
|---|---|
| Plaintiff, | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT TRIGGER STREET PRODUCTIONS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs | |
| KEVIN SPACEY, et al | |
| | Honorable Vince Chhabria |
| | Date:   December 13, 2018<br>Time:   10:00 A.M.<br>Room:   4 |

**ATTENTION, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 13, 2018, at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom No. 4 of the United States District Court of the Northern District Of California, at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Vincent Chhabria, Plaintiff Steve Wilson Briggs will, and hereby does, move this Court for an order striking, Defendant Trigger Street Production, Inc's Motion to Dismiss, in entirety, which was submitted to this Court on October 29, 2018.

| | |
|---|---|
| 1 | This motion is made pursuant to Fed R Civ P Rule 12(f), and Fed R Civ P Rule 7.1, and |
| 2 | seeks judicial striking of the Defendant Trigger Street Productions Inc's motion captioned: |
| 3 | **"Defendant Trigger Street Productions, Inc.'s Notice Of Motion And Motion To Dismiss** |
| 4 | **Complaint Pursuant To Fed. R. Civ. P. 12(B)(6) And/Or 9(B); Memorandum Of Points** |
| 5 | **And Autorities [sic] In Support Thereof,"** submitted to this Court on October 29, 2018. |
| 6 | The Plaintiff seeks the striking of this motion, in entirety, on the basis that the Defendant, through |
| 7 | this initial appearance motion, willfully violated Fed R Civ P Rule 7.1(a) and (b), which requires |
| 8 | that all corporate defendant MUST file a corporate disclosure statement "with its **first** appearance, |
| 9 | pleading, petition, motion, response, or other request addressed to the court." |
| 10 | This motion is based on the notice of motion, and the following memorandum of points and |
| 11 | authorities. |

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 29, 2018, Defendant Trigger Street Production submitted a motion to dismiss Plaintiff's Complaint, without attaching a corporate disclosure statement. This was a fundamental, disqualifying violation of FRCP Rule 7.1, and the motion should therefore be stricken.

### Rule 7.1

The Federal Rules of Civil Procedures' Rule 7.1 specifically requires that all nongovernmental corporate parties must submit a corporate disclosure statement with its first appearance before the court. Rule 7.1 reads:

> Rule 7.1. Disclosure Statement
> (a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party **must** file 2 copies of a disclosure statement that:
> (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
> (2) states that there is no such corporation.
> (b) TIME TO FILE; SUPPLEMENTAL FILING. A party **must**:
> (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
> (2) promptly file a supplemental statement if any required information changes.

Rule 7.1 does not equivocate. Many FRCP rules emphasize the litigant's rights with more *optional* or *permissive* terms, like "may"; but Rule 7.1 repeatedly stresses the term "must," because the rule is NOT intended to protect the parties' rights; rather it is intended to enforce the parties' responsibilities. Rule 7.1 is an absolute requirement that all corporate parties submit a disclosure statement, of just a few basic facts, <u>at their first appearance</u>. Thus, For its failure to comply with Rule 7.1, Trigger Street Productions' Motion to Dismiss should be stricken.

### Rule 12(f)

FRCP Rule 12(f) gives the Court the authority to strike, as it states:

> (f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

**Argument**

The Plaintiff contends that the omission of the Defendant's corporate disclosure statement is in itself an admission of an insufficient defense —as the plaintiff has already alleged that Defendants Spacey and Brunetti (and thereby Trigger Street Productions) were engaged in corrupt, negligent and unethical business practices. The failure of Defendant Trigger Street Productions to submit a corporate disclosure statement, as required by Rule 7.1, only expands a pattern of corrupt, unethical and negligent business practice. The Plaintiff further contends that the Defendants' omission of this disclosure is a scandalous and flagrant display of its impertinence toward the Court.

Plaintiff suspects that Defendant Trigger Street Productions chose to omit this disclosure to conceal certain questionable business relationships, or to give itself time to alter these relationships and submit a more favorable statement later. But Defendant Trigger Street Productions would likely allege this failure was a harmless oversight. But regardless of these contentions, the writer's of Rule 7.1 unstood that—without such a law—most corporate defendants (particularly those with secrets to hide) would ignore this law, then claim *ignorance,* or *harmless oversight*. This is why the Rule's language stresses the term "must" —to emphasize the duty of the corporation. Failure to comply with Rule 7.1 was intended to be disqualifying. Plaintiff contends the Court should enforce the intent of this law, and strike Defendant Trigger Street Productions' motion to dismiss, in entirety, by the authority given the Court under Rule 12(f).

**CONCLUSION**

For the foregoing reasons the Court should strike, in entirety, Defendant Trigger Street Productions' motion to dismiss captioned: "Defendant Trigger Street Productions, Inc.'s Notice Of Motion And Motion To Dismiss Complaint Pursuant To Fed. R. Civ. P. 12(B)(6) And/Or 9(B); Memorandum Of Points And Autorities [sic] In Support Thereof."

Dated: 11/06/2018                    Signed:  /s/ Steve Wilson Briggs

MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS