Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| STEVE WILSON BRIGGS, | Civ No: 18-cv-04952-VC |
|---|---|
| Plaintiff, | **PLAINTIFF'S MOTION FOR SERVICE OF PROCESS BY PUBLICATION FOR DEFENDANTS KEVIN SPACEY, AND DANA BRUNETTI; AND TO EXTEND SERVICE DEADLINES** |
| vs | |
| KEVIN SPACEY et al, | |
| Defendants. | Date:       December 13, 2018<br>Courtroom:   4<br>Time:       10:00 a.m.<br>Judge:       Hon. Vince Chhabria |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

     PLEASE TAKE NOTICE that on December 13, 2018, at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom No. 4 of the United States District Court, Northern District Of California, at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Vince Chhabria, Plaintiff Steve Wilson Briggs will, and hereby does, move this Court for an Order granting Plaintiff permission to serve Summons and Complaint on Defendants Kevin Spacey and Dana Brunetti **by publication**, and to extend service deadlines, as necessary.

     This motion is made pursuant to **California Code of Civil Procedure § 415.50(a)**, and to **Federal Rules of Civil Procedure, Rule 4(e)(1)**."

     This motion is based on the notice of motion, the following memorandum of points and authorities, and the attached proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION

**California Code of Civil Procedure § 415.50(a)** states: "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) <u>A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action</u>."

**Federal Rules of Civil Procedure, Rule 4(e)(1)**, which states: "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action..."

### WHY THE NEED FOR SERVICE BY PUBLICATION

Based on events in prior and related case *Briggs v Universal*, 11/13/2017 (which ended when it was determined that the Plaintiff had not properly served Defendants Spacey and Brunetti), the Plaintiff expected the New York based Defendants (Spacey, Brunetti) to be even more service evasive in this new lawsuit. However, the Plaintiff, who had served many of the remaining California based Defendants numerous time, expected the California based Defendants to be as service-agreeable as ever. Thus, the Plaintiff sent all ten (10) of the California based Defendants a *Notice of Lawsuit and Request to Waive Service of Summons* on September 13, 2018. But when all ten of these Defendants failed to respond the Plaintiff suspected that all of the Defendants had coordinated a strategy to evade service and deny proper service to the bitter end.

To counter this strategy, Plaintiff resolved to serve the Defendants (**Defs**) at irrefutable locations, supported by business entity statements on file with the Secretary of State. This Motion for Service by Publication is based on the Defs' refusal to cooperate, and falsified, fraudulent, and neglected records on file with the California Secretary of State, and diametrical conflicts between Defs' filings with the California Secretary of State and the New York State Department of State.

## VAST CONFLICTS BETWEEN CALIFORNIA SECRETARY OF STATE AND THE NEW YORK SECRETARY OF STATE

In recent days, as the 90 day time limit to serve the Defendants approached, the Plaintiff, who believed (and still believes) he had properly served all parties properly (except Bill Block, who's Miramax CA Sec of State Statement page was out of date and not compliant with CA law), became concerned that the Defendants might try to evade service due to some archaic technicality, so the Plaintiff resolved to serve the Defendants one final time.

Since Spacey and Brunetti (and Relativity Media, who allegedly purchased Trigger Street Productions in 2016) had not updated their information for Trigger Street Productions, Inc (**TSP**) with the California Secretary of State for over 15 years, the Plaintiff turned to the New York State Department of State's office to see what information New York had on file for TSP. In doing so the Plaintiff learned that information on file for Trigger Street Productions' with the New York Department of State is entirely in conflict with the information of file with the California Secretary of State. **Setting up a situation where the Defendants can deny any service of process attempts**.

TSP's current, active business entity statement, on-file with the California Secretary of State is attached to this motion. (**See Exhibit A**).

TSP's current, active business entity statement, on-file with the New York Department of State is also attached to this motion. (**See Exhibit B**).

These two documents confirm that the Defendants Spacey, Brunetti and Trigger Street Productions (**TSP**) have falsified business statements in effort to commit fraud (as private businesses, by definition, are intended to make profit).

On the following page the Court will find a side-by-side comparison of the business entity information of file for the Defendants with the New York State Department of State, and with the California Secretary of State's office, which shows these drastic discrepancies; discrepancies which make it virtually impossible for a California based Plaintiff to serve these Defendants, since if a plaintiff serves one address, the Defendants will simply claim that the other address was the proper address to serve.

MOTION TO SERVE DEFS SPACEY & BRUNETTI BY PUBLICATION

| Trigger Street Productions' Bus Statement<br>**NEW YORK DEPARTMENT OF STATE** | Trigger Street Productions' Bus Statement<br>**CALIFORNIA SECRETARY OF STATE** |
|---|---|
| Principal Executive Office Address:<br><br>120 WEST 45TH ST #3601<br>NEW YORK, NEW YORK, 10036 | Principal Executive Office Address:<br><br>200 Park Avenue South (8th Floor)<br>New York, New York, 10003 |
| Chief Executive Officer:<br><br>Kevin Spacey<br>℅ Altman Greenfield & Selvaggi<br>120 West 45th St #3601<br>New York, New York, 10036 | Chief Executive Officer:<br><br>Kevin Fowler<br>200 Park Avenue South (8th Floor)<br>New York, New York, 10003 |
| Register Agent (Agent for Service of Process):<br><br>None | Registered Agent (Agent for Service of Process):<br><br>Frank Selvaggi<br>11766 Wilshire Blvd (#1610)<br>Los Angeles, CA 10025 (**address defunct**) |

None of the above information is consistent between States.

The New York records and California records claim entirely different Principal Executive Office addresses. However, <u>the Plaintiff did send packages address to Kevin Spacey and Trigger Street Productions to both of these addresses</u>.

The New York records and California records claim entirely different Principal Executive **Officers**. Kevin Spacey uses his stage name (Kevin Spacey) in the New York records, but uses his given name (Kevin Fowler) in the California record. Plaintiff has no idea which name is legal (another loophole the Defendants may hope to jump through).

In the New York records, the Defendants claim to have no registered agent (agent for service of process). Also a concern: *Altman, Greenfield and Selvaggi* claim an address that is not on file with the national registry of tax preparers.

In the California information, beyond the fact that the agent's address is no longer valid, Frank Selvaggi claims to reside in California, although that claim is false.

These central conflicts make it impossible to serve the Defendants, conventionally. Therefore service by publication (at the expense of Trigger Street Productions, Inc.) is necessary.

**PLAINTIFF MADE NUMEROUS EFFORTS TO SERVE THE DEFENDANTS**

**Plaintiff Attempted to Serve Defendants Three Times in NYC (Spacey 4 Times)**

The Plaintiff found what he believed were irrefutable addresses for the Defendants and their company—Trigger Street Productions—on the California Secretary of State's online business entity database. Using the address obtained there, the Plaintiff set out to serve Defs Spacey, Brunetti and Trigger Street Productions.

Since most of the Plaintiff's research indicated the Defendants were located in New York City, the Plaintiff decided to serve the Defendants in New York. Therefore the Plaintiff sent the Summons and Complaint to Defs Spacey, Brunetti, and TSP, addressed separately, to 200 Park Avenue South, 8th Floor New York NY 10003, first class, USPS certified mail, with return receipt requested.

Ten days later, the Plaintiff sent three more copies of the Summons and Complaint to all three Defendants, separately, to 200 Park Avenue South, 8th Floor New York NY 10003, first class, USPS certified mail, <u>care of the Defendants' agent Frank Selvaggi</u>, return receipt requested. Two of Defendant Brunetti's personal businesses also claim the business entity address and mailing address of 200 Park Avenue South, 8th Floor New York NY 10003. Brunetti also claims this address as his personal address in these business Statements.

At this same time, Plaintiff also sent packages, addressed to Spacey and TSP to 120 West 45th St #3601 New York, New York, 10036  (which is the address on file with the NY Dept of State.

From these three rounds of service, only the return receipts for the packages addressed to Frank Selvaggi were returned, signed (but the person who signed is—strategically—not Selvaggi).

**FOURTH Attempt: Plaintiff Attempted Service On Defendants in Los Angeles;**

**Defendants' California Sec State Address Is Invalid**

Although the Plaintiff believes he had already satisfied California's service by mail requirements, he decided to show the court his good faith and resolve by serving Spacey, TSP and Brunetti by other means, as well. Thus, Plaintiff sent his process server to serve Spacey, Brunetti and TSP's Principal Business Office in California: 11766 Wilshire Blvd, Los Angeles CA, 90025. However, the process server learned the Defs and Selvaggi left this address 4-5 years earlier.

### If Possible, Plaintiff Intends to Serve Defendants Again

The Plaintiff has perhaps enough time to attempt one more service attempt. However since all of the information of file for the Defendants is contradicted by other information, the Plaintiff is certain the Defendants will claim, somehow, something was wrong with the service of process. This somewhat sad strategy is required because the Defendants have no valid answer to the facts contained in the Complaint.

However, the Plaintiff has demonstrated that he has made numerous, good faith attempts to serve the Defendants. Therefore, he should not lose his right to bring the Defendants to account to the Court—due to the Defendants deliberate failure to maintain accurate records (in two separate states), their failure to inform the state of California of their business's changes of address, their willingness to deceive and ignore USPS mail service, or some last resort "circle the wagons" collective denial of service of process strategy.

### Additional Issues

In the waning days of prior and related case *Briggs v Universal* (2017), several of the Defendants (including Spacey and Brunetti) apparently revoked their attorneys authorization to accept service of process for them. We must assume this is currently the case is this mater now (as none of the Defendants attorneys accepted the Plaintiff's request to waive service). This further frustrates the Plaintiff's ability to serve the Defendants. A situation frustrated, further still, by the fact that because of recent public disclosures concerning a litany of horrible indiscretions allegedly committed by Defendant Spacey, his agent, his talent agency and others have abandoned Spacey; leaving virtually no means to serve the Defendant. (**See Exhibit C**.)

### **CONCLUSION:**

For the foregoing reasons the Plaintiff asks the Court to approve service of process by publication for Defendants Spacey and Brunetti (at the expense of Defendant Trigger Street Productions), and to extend service deadlines as necessary to accomplish proper service by publication.

Dated: November 8, 2018.                Signed:  /s/ Steve Wilson Briggs
                              STEVE WILSON BRIGGS
                              Plaintiff, In Propria Persona