KELLI L. SAGER (State Bar No. 120162)
    kellisager@dwt.com
ROCHELLE L. WILCOX (State Bar No. 197790)
    rochellewilcox@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
    brendancharney@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone:     (213) 633-6800
Facsimile:     (213) 633-6899

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>            Plaintiff,<br><br>        v.<br><br>KEVIN SPACEY; ARI (ARIEL) EMANUEL; MATT DAMON; BEN AFFLECK; NBCUNIVERSAL MEDIA, LLC; SONY PICTURES ENT. INC.; TRIGGER STREET PRODUCTIONS; NEILL BLOMKAMP; ASIF SATCHU; MORDECAI (MODI) WICZYK; WILLIAM (BILL) BLOCK; DANA BRUNETTI; SOUND POINT CAPITAL MANAGEMENT, LC; MRC (and all MRC entities and subs.),<br><br>            Defendants. | Case No. 18-cv-4952<br><br>[Hon. Vince Chhabria]<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Proposed Order; Request For Judicial Notice With Exhibits A-I, Filed Concurrently)<br><br>Date:          December 20, 2018<br>Time:          10:00 a.m.<br>Crtrm:        4 |

DAVIS WRIGHT TREMAINE LLP

PLEASE TAKE NOTICE that on December 20, 2018, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 4 of the above-entitled court, located at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Ave., San Francisco, California, 94102, the Honorable Vince Chhabria presiding, Defendant NBCUniversal Media, LLC ( "NBCU") will and hereby does move this Court to dismiss this action pursuant to Federal Rules of Civil Procedure 8(a)(2) and 41(b) and/or Federal Rule of Civil Procedure 12(b)(6).  This Motion is brought on the following grounds:

1. The Complaint violates the requirement set forth in Federal Rule of Civil Procedure 8(a)(2) that a pleading seeking relief contain a "short and plain statement of the claim" showing entitlement to relief, and is therefore subject to dismissal under Federal Rule of Civil Procedure 41(b);

2. The Complaint is an improper collateral attack on a previously-dismissed lawsuit brought by Plaintiff against some of the same defendants;

3. The Complaint fails to state a claim upon which relief can be granted against NBCU pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically:

   a. The Complaint does not state any claim against NBCU that is plausible on its face, in violation of <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  For this reason, Plaintiff's first, sixth, seventh, and eleventh claims for relief – which are the only claims for relief brought against NBCU – should be dismissed.

   b. The Complaint is time-barred under California Code of Civil Procedure §§ 335.1, 339 and/or 17 U.S.C. § 507(b).

   c. Because California does not recognize a claim for conspiracy, and even if it did, any such claim would be preempted by the Copyright Act, Plaintiff's first claim for relief against NBCU should be dismissed for this independent reason.

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS
Case No. 17-cv-4952-VC
4812-3202-2649v.12 0020040-000144

d.  Because the Complaint does not allege any facts identifying any purportedly negligent acts by NBCU, Plaintiff's sixth and seventh claims for relief against NBCU should be dismissed for this independent reason.

e.  Because the Complaint does not plead a fiduciary or other relationship between Plaintiff and NBCU that would give rise to an obligation for an accounting, and because Plaintiff's underlying claims against NBCU do not justify the remedy of an accounting, Plaintiff's eleventh claim for relief against NBCU should be dismissed for this independent reason.

f.  Because the Complaint does not seek cognizable relief to the extent it seeks damages or an accounting purportedly arising out of alleged spoliation resulting in the dismissal of a Prior Blomkamp Action, Plaintiff's eleventh claim for relief against NBCU should be dismissed for this independent reason.

This Motion is based on the attached Memorandum of Points and Authorities; the concurrently-filed Request for Judicial Notice with Exhibits A-I; the pleadings, files and records in this action; and upon such other arguments as may be received by this Court at the hearing on this Motion.

Respectfully submitted this 9th day of November, 2018

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ROCHELLE L. WILCOX
BRENDAN N. CHARNEY


By: */s/ Rochelle L. Wilcox*
    Rochelle L. Wilcox

Attorneys for Defendants
NBCUNIVERSAL MEDIA, LLC

1

## **<u>TABLE OF CONTENTS</u>**

2

**<u>Page</u>**

3
I. SUMMARY OF ARGUMENT ................................................................. 1

4
II. SUMMARY OF FACTS ..................................................................... 3

5
III. THE COMPLAINT FAILS TO PROVIDE NOTICE OF THE  BASIS FOR
PLAINTIFF'S CLAIMS AGAINST NBCU .................................................. 5
6

7
IV. THE COMPLAINT IS AN IMPROPER COLLATERAL ATTACK ON  THE
DISMISSAL OF THE PRIOR BLOMKAMP ACTION ................................. 6

8
V. THE COMPLAINT FAILS TO STATE A CLAIM .................................. 9

9
      A.     The Complaint Fails To State A Plausible Claim Against NBCU. .......................... 9

10
      B.     The Complaint is Time-Barred. ............................................. 10

11
      C.     California Law Does Not Recognize A Claim For Conspiracy,
Which Would Be Preempted By The Copyright Act In Any Event. ..................... 12
12

13
      D.     The Complaint Fails To Allege Any Negligent Conduct By NBCU. ..................... 14

14
      E.     The Complaint Fails To State A Cause of Action For Accounting. ....................... 15

15
            1.     The Purported Claim For Accounting Requests A
Remedy Unsupported By Any Underlying Claims. ................................... 15
16

17
            2.     No Damages Are Cognizable Concerning
The Prior Blomkamp Lawsuit. .................................................... 16

18
VI. CONCLUSION ........................................................................... 17

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Advocare Intern., L.P. v. Scheckenbach,
No. C08-5332 RBL, 2010 WL 2196449 (W.D. Wash. May 27, 2010) ...................................8

Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,
7 Cal. 4th 503 (1994).............................................................................................................12

Arc Music, Inc. v. Henderson,
No. CV 09-7967 DSF (CWX), 2010 WL 11597304 (C.D. Cal. Mar. 22, 2010) ...................11

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ..............................................................................................2, 9, 10, 14

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ....................................................................................................10, 14

Benke v. Departure Agency, Inc.,
No. CV 11-397-VBF(VBKX), 2011 WL 13129964 (C.D. Cal. Aug. 11, 2011) ...................13

Brazil v. U.S. Dept. of Navy,
66 F.3d 193 (9th Cir. 1995)......................................................................................................5

Briggs v. Blomkamp,
70 F. Supp. 3d 1155 (N.D. Cal. 2014) .............................................................................*passim*

Briggs v. Blomkamp,
N.D. Cal. No 13-cv-04679 ....................................................................................................3

Briggs v. Sony Pictures Ent.,
9th Cir. No. 14-17175 (filed March 1, 2018) ...................................................................1, 3

Briggs v. Sony Pictures Ent.,
U.S. Supreme Ct. No. 18-63 (filed Oct 1, 2018).....................................................................1

Briggs v. Universal Pictures,
N.D. Cal. No. 17-cv-6552 (filed November 13, 2017) ...................................................*passim*

Cedars-Sinai Med. Ctr. v. Superior Court,
18 Cal. 4th 1 (1998)...........................................................................................................17

Cox v. United States,
No. 2:17-CV-00121-SU, 2017 WL 3167417 (D. Or. June 13, 2017),
report and recommendation adopted, No. 2:17-CV-00121-SU,
2017 WL 3166728 (D. Or. July 24, 2017) ...........................................................................7

DAVIS WRIGHT TREMAINE LLP

Dydzak v. United States,
No. 17-cv-04360-EMC, 2017 WL 4922450 (N.D. Cal. Oct. 31, 2017),
appeal dismissed No. 17-17401, 2018 WL 2539464 (9th Cir. Apr. 24, 2018) ........................ 7

Fleet v. Bank of Am. N.A.,
229 Cal. App. 4th 1403 (2014)................................................................................................ 15

Gabris v. Aurora Loan Servs. LLC,
No. 2:14-CV-01759-JAM-KJN, 2015 WL 1021305 (E.D. Cal. Mar. 9, 2015) ..................... 15

Goldberg v. Cameron,
No. C-05-03534 RMW, 2009 WL 2051370 (N.D. Cal. July 10, 2009)................................. 11

Harper v. City of Monterey,
No. 11-cv-02903-LHK, 2012 WL 195040 (N.D. Cal. Jan. 23, 2012),
aff'd, 519 F. App'x 503 (9th Cir. 2013)................................................................................... 8

In re Braughton,
520 F.2d 765 (9th Cir. 1975).................................................................................................... 7

Jackson v. AEG Live, Inc.,
233 Cal. App. 4th 1156 (2015)................................................................................................ 14

Kenne v. Stennis,
230 Cal. App. 4th 953 (2014)................................................................................................. 12

Liddell v. Smith,
345 F.2d 491 (7th Cir. 1965)................................................................................................ 7, 8

Maloney v. T3Media, Inc.,
853 F.3d 1004 (9th Cir. 2017)................................................................................................ 13

Mangindin v. Washington Mut. Bank,
637 F. Supp. 2d 700 (N.D. Cal. 2009) ................................................................................... 12

Mcdaniel v. United States,
No. 2:18-CV-2306 JAM DB PS, 2018 WL 5316161 (E.D. Cal. Oct. 26, 2018) ..................... 5

Millennium TGA, Inc. v. Doe,
No. 11-2258 SC, 2011 WL 1812786 (N.D. Cal. May 12, 2011) ..................................... 13, 14

Mullis v. U.S. Bankr. Court,
828 F.2d 1385 (9th Cir. 1987)............................................................................................. 7, 8

Nat. Alternatives Int'l, Inc. v. Allmax Nutrition, Inc.,
258 F. Supp. 3d 1170 (S.D. Cal. 2017) ................................................................................. 13

Nevijel v. North Coast Life Ins. Co.,
651 F.2d 671 (9th Cir. 1981)................................................................................................... 5

DAVIS WRIGHT TREMAINE LLP

v

Peckarsky v. ABC,
    603 F. Supp. 688 (D.D.C. 1984) ..................................................................... 12

Petrella v. Metro-Goldwyn-Mayer, Inc.,
    572 U.S. 663 (2014) ...................................................................................... 11

Rein v. Providian Fin. Corp.,
    270 F.3d 895 (9th Cir. 2001) ............................................................................ 7

Rinegard-Guirma v. Ocwen Loan Servicing, LLC,
    No. 3:16-cv-01036-HZ, 2016 WL 4257765 (D. Or. Aug. 10, 2016) ................. 7, 8

Roley v. New World Pictures, Ltd.,
    19 F.3d 479 (9th Cir. 1994) ............................................................................ 11

Rosales v. Wells Fargo Bank, N.A.,
    No. 13-CV-01316-BLF, 2014 WL 4770572 (N.D. Cal. Sept. 24, 2014) ............. 10

San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.,
    568 F.3d 725 (9th Cir. 2009) ............................................................................ 8

Stafne v. Zilly,
    No. 2:17-CV-01692-MHS, 2018 WL 4871141 (W.D. Wash. Oct. 9, 2018) ......... 7

Temple Cmty. Hosp. v. Superior Court,
    20 Cal. 4th 464 (1999) ............................................................................... 8, 16

Teselle v. McLoughlin,
    173 Cal. App. 4th 156 (2009) ......................................................................... 15

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.,
    682 F.3d 292 (4th Cir. 2012) .......................................................................... 14

Uptergrove v. U.S.,
    No. 1:08-CV-01800-OWW SMS, 2009 WL 1035231
    (E.D. Cal. Apr. 17, 2009) ................................................................................. 7

Warden v. Cross,
    94 Fed. Appx. 474 (9th Cir. 2004) .................................................................. 16

Wawrzynski v. Byron Hibshman,
    No. 10-CV-2347-H (WMC), 2011 WL 1004822 (S.D. Cal. Mar. 18, 2011),
    aff'd sub nom Wawrzynski v. Hibsham, 490 F. App'x 70 (9th Cir. 2013) ............. 8

**Statutes**

17 U.S.C.
    § 102(a) ....................................................................................................... 13
    § 301(a) ....................................................................................................... 12
    § 505 ............................................................................................................. 9
    § 507(b) ....................................................................................................... 11

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS
Case No. 17-cv-4952-VC
4812-3202-2649v.12 0020040-000144

California Code of Civil Procedure
  § 335.1 ....................................................................................................... 10
  § 339 .......................................................................................................... 11

**Rules**

Federal Rule of Civil Procedure
  8(a) ........................................................................................................... 4, 5
  8(a)(2) ....................................................................................................... 1, 5
  8(e) ............................................................................................................... 5
  12(b)(6) .................................................................................................. 2, 4, 9
  41(b) ............................................................................................................. 5

**Other Authorities**

Civil Jury Instructions (CACI) § 400 (2013) ...................................................... 14

H.R. Rep. No. 94-1476 (available at
  https://www.copyright.gov/history/law/clrev_94-1476.pdf)................................ 12

DAVIS WRIGHT TREMAINE LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## SUMMARY OF ARGUMENT

The Complaint in this action is Plaintiff's second transparent attempt to re-litigate claims that were rejected in an earlier lawsuit.  Plaintiff's initial case claimed that the space-adventure film Elysium infringed Plaintiff's copyrighted screenplay; it was dismissed with prejudice by the Honorable Phyllis J. Hamilton in 2014.  Briggs v. Blomkamp, 70 F. Supp. 3d 1155 (N.D. Cal. 2014) (the "Prior Blomkamp Action").  All avenues of appeal have been exhausted.  The Ninth Circuit affirmed the district court[1] and denied Plaintiff's Motion for Rehearing,[2] and the U.S. Supreme Court denied Plaintiff's Petition for Certiorari.[3]

Plaintiff, however, refuses to let go.  In 2017, he concocted a new lawsuit, which attempts to resurrect his copyright claim by wrapping it into incomprehensible theories about some kind of industry-wide "conspiracy."  Briggs v. Universal Pictures, N.D. Cal. No. 17-cv-6552 (filed November 13, 2017) (the "Prior Universal Action") (see RJN Ex. E (Complaint, filed Jan. 2, 2018)).  The instant Complaint is nearly identical to the allegations in the Prior Universal Action. Despite serial attempts, however, Plaintiff has not set out any facts that give rise to any cognizable claim against Defendant NBCUniversal Media, LLC ("NBCU"), or that even identify the conduct that Plaintiff purports to believe was wrongful.  Instead, the few direct references to NBCU assert only that it has been involved in entirely unrelated business deals with some of the other defendants, on projects that have nothing whatsoever to do with Plaintiff, his screenplay, or the film Elysium that he claims infringed his copyright.  Because Plaintiff has failed to set forth an intelligible statement of facts showing entitlement to any relief against NBCU, his claims against NBCU must be dismissed.  F.R.C.P.  8(a)(2).  Section III, infra.

---

[1] See Request for Judicial Notice ("RJN") Ex. B (Memorandum Opinion, Briggs v. Sony Pictures Ent., 9th Cir. No. 14-17175 (ECF No. 32-1) (filed March 1, 2018)).

[2] See RJN Ex. C (Order, Briggs v. Sony Pictures Ent., 9th Cir. No. 14-17175 (ECF No. 34) (filed April 6, 2018)).

[3] See RJN Ex. D (Clerk's Notice of Denial of Petition of Certiorari, Briggs v. Sony Pictures Ent., U.S. Supreme Ct. No. 18-63 (filed Oct 1, 2018)).

DAVIS WRIGHT TREMAINE LLP

Independently, Plaintiff's claims should be dismissed as an improper attempt to collaterally attack the result in the Prior Blomkamp Action, where his claims were rejected. Basic principles of federal procedure prevent Plaintiff from engaging in this kind of "horizontal appeal."  Plaintiff's only avenue for review of Judge Hamilton's order were his failed appeals to the Ninth Circuit and the U.S. Supreme Court; this lawsuit should be dismissed in its entirety. Section IV, infra.

Despite having had three opportunities to amend his pleadings (including the two pleadings filed in the Prior Universal Action), the allegations in the Complaint fail to meet the requirements of Federal Rule of Civil Procedure 12(b)(6), or the standard for plausibility of Ashcroft v. Iqbal, 556 U.S. 662 (2009).  There are no facts pleaded against NBCU that explain the basis for any claims against it; there is no tort claim or statutory violation that arises from a company doing business with someone against whom the Plaintiff has entirely unrelated claims. Section V.A, infra.  Additionally, even if the Complaint were deemed to intelligibly allege wrongful conduct, Plaintiff's claims against NBCU for negligence and an alleged conspiracy to spoliate evidence are barred by the applicable statutes of limitation.  Section V.B, infra.

Finally, each claim fails on the merits.  Plaintiff's First Claim For Relief against NBCU purports to assert a cause of action for "conspiracy" that does not exist under California law and – to the extent it alleges conspiracy to infringe copyrights – is preempted by the Copyright Act. Section V.C, infra.  Plaintiff's only attempts to allege claims against NBCU that may actually exist – his Sixth Claim for Relief for "negligence" and Seventh Claim for Relief for "gross negligence" – are not supported by any facts concerning NBCU that could support these claims. Section V.D, infra.  His remaining claim for an "accounting" is simply a roundabout way of requesting a damages remedy for the Complaint's absurd allegations of wrongdoing, but because he cannot plausibly allege any wrongful acts by NBCU that entitle him to damages, this purported cause of action also must be dismissed.  Section V.E.1, infra.  Indeed, to the extent Plaintiff seeks damages arising from an alleged conspiracy to spoil evidence in the Original Blompkamp Action, that relief is independently barred because California law does not provide a tort remedy for alleged spoliation.  Section V.E.2, infra.

DAVIS WRIGHT TREMAINE LLP

Because the Complaint fails again to state any claims against NBCU, demonstrating that further amendment would be futile – and Plaintiff already has failed in multiple attempts to assert a claim against NBCU – this Court should grant NBCU's motion in its entirety, with prejudice.

## II.
## SUMMARY OF FACTS

In 2013, Plaintiff Steven Briggs sued Neill Blomkamp, Sony Pictures, Media Rights Capital ("MRC"), and others, claiming that the film Elysium infringed Plaintiff's copyrighted screenplay, "Butterfly Driver."  Briggs v. Blomkamp, N.D. Cal. No 13-cv-04679.  The District Court for the Northern District of California, the Honorable Phyllis J. Hamilton presiding, granted summary judgment to defendants, rejecting Plaintiffs' copyright claim in a thorough and carefully reasoned opinion.  Briggs v. Blomkamp, 70 F. Supp. 3d 1155 (N.D. Cal. 2014). The Court dismissed Plaintiff's claims and entered judgment for Defendants.  See RJN Ex. A (Judgment, Briggs v. Blomkamp, N.D. Cal. No 13-cv-04679 (October 3, 2014) (ECF No. 87)). On appeal, the Ninth Circuit affirmed the district court (see RJN Ex. B; Memorandum Opinion, Briggs v. Sony Pictures Ent., 9th Cir. No. 14-17175 (ECF No. 32-1) (filed March 1, 2018)) and denied Plaintiff's Motion for Rehearing (see RJN Ex. C; Order, Briggs v. Sony Pictures Ent., 9th Cir. No. 14-17175 (ECF No. 34) (filed April 6, 2018)).  The U.S. Supreme Court denied Plaintiff's Petition for Certiorari, fully extinguishing the Prior Blomkamp Action.  See RJN Ex. D (Briggs v. Sony Pictures Ent., Supreme Ct. No. 18-63 (filed Oct 1, 2018)).

On November 13, 2017, Plaintiff filed the Prior Universal Action against some[4] of the same defendants sued in the Prior Blomkamp Action.  See RJN Ex. E (Complaint, Briggs v. Universal Pictures, N.D. Cal. No. 17-cv-6552)  He also added 10 new defendants, including Universal City Studios LLC and NBCUniversal Media, LLC.  Plaintiff's initial Complaint stated that it was "related" to the Prior Blomkamp Action and that "certain new events, related to [the Prior Blomkamp Action], inform[] this matter" – principally, Plaintiff's allegation that all of the

---

[4] Neill Blomkamp, Sony Pictures and MRC are named in this case, the Prior Blomkamp Action, and the Prior Universal Action.

MOTION TO DISMISS
Case No. 17-cv-4952-VC
4812-3202-2649v.12 0020040-000144

DAVIS WRIGHT TREMAINE LLP

defendants were engaged in some undefined "conspiracy" that Plaintiff believes was relevant to the Prior Blomkamp Action.  Id. at ¶ 19.

NBCU joined a Motion to Dismiss filed by the other defendants in this action, seeking dismissal of the Complaint for lack of subject matter jurisdiction, failure to provide a short and plain statement of the claim under Rule 8(a), and failure to state a claim under Rule 12(b)(6). N.D. Cal. No. 17-cv-6552, ECF Nos. 15, 17.  Five days later, Plaintiff filed the FAC (see RJN Ex. F; N.D. Cal. No. 17-cv-6552, ECF No. 21), adding copyright and infringing exportation claims that seem to be based on the same alleged facts that gave rise to the Prior Blomkamp Action – purported infringement of his screenplay "Butterfly Driver."  See id. at Counts 12 and 13; see also id. at ¶¶ 111, 117.  NBCU then filed a Motion to Dismiss the FAC for failure to provide a short and plain statement of the claim under Rule 8(a), for the FAC's improper collateral attack on the Prior Blomkamp Action, and failure to state a claim under Rule 12(b)(6). See RJN Ex. G ("Motion to Dismiss First Amended Complaint," N.D. Cal. No. 17-cv-6552, ECF No. 26) and later asked the Court to exercise supplemental jurisdiction over Plaintiff's state claims and dismiss those claims with prejudice to prevent future abuse of the judicial system (see RJN Ex. H ("Response to Order to Show Cause," N.D. Cal. No. 17-cv-6552, ECF No. 73)).  The Prior Universal Action ultimately was dismissed without prejudice because Plaintiff failed to show good cause for his failure to serve the parties against whom federal claims were asserted, and the Court declined to exercise supplemental jurisdiction over the remaining claims.  See RJN Ex. I ("Order Dismissing Case," N.D. Cal. No. 17-cv-6552, ECF No. 76).

Plaintiff filed this action on August 15, 2018, noting that the instant Complaint is "similar" to the Prior Universal Action and includes "many of the same parties, and many of the same causes of action", and that this lawsuit "refiles" those claims.  Complaint, ECF No. 1 at ¶ 1. The Complaint also concedes that "some aspects of this matter are connected to previously undisclosed events in prior action Briggs v. Blomkamp, 4:13-cf-04679 PJH".  Id. at ¶ 2.  NBCU was served with the Complaint on October 19, 2018.

The Complaint, like the pleadings in the Prior Universal Action, is indecipherable.  See generally Complaint.  Through a tangled web of allegations, relying heavily on innuendo and

MOTION TO DISMISS
Case No. 17-cv-4952-VC
4812-3202-2649v.12 0020040-000144

DAVIS WRIGHT TREMAINE LLP

rote speculation, the Complaint appears to claim a decades-long conspiracy running rampant throughout Hollywood's major studios.  See id.  As best can be discerned, Plaintiff appears to allege that NBCU conspired with competing film studios and other prominent professionals in the film industry to somehow facilitate copyright infringement, and frustrate the Prior Blomkamp Action and appeal therefrom.  See, e.g., Complaint at ¶¶ 3, 119, 126, 131, 138-141, 147-148, 184, 192, 201, 238, 243.  At bottom, NBCU's alleged wrong appears to be working with renowned talent agent Ari Emanuel, and producing motion pictures.  See id.

As to NBCU, although the Complaint asserts claims for conspiracy, negligence, gross negligence, and an accounting against NBCU, the Complaint does not include a single factual allegation tying his claims to alleged wrongs by NBCU.  Complaint at ¶¶ 192, 201, 238, 243.

### III.
### THE COMPLAINT FAILS TO PROVIDE NOTICE OF THE BASIS FOR PLAINTIFF'S CLAIMS AGAINST NBCU

To give a defendant fair notice of the nature of a lawsuit, Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A "complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)."  Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (dismissing with prejudice complaint that was "verbose, confusing and almost entirely conclusory").  Even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995); see also Mcdaniel v. United States, No. 2:18-CV-2306 JAM DB PS, 2018 WL 5316161, at *2 (E.D. Cal. Oct. 26, 2018) (dismissing pro se complaint under Rule 8, holding that "plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. Instead, the complaint is comprised of vague and conclusory allegations.").

Here, Plaintiff has now thrice failed to meet this threshold requirement.  The Complaint, like the two iterations in the Prior Universal Action, is a perplexing pastiche of innuendo, non sequitur, guesses, and unsupported assumptions and conclusions, all loosely spun together with bizarre conspiratorial themes.  See, e.g., Complaint at ¶¶ 3, 119, 126, 131, 138-141, 147-148,

DAVIS WRIGHT TREMAINE LLP

5

184, 192, 201, 238, 243.  It remains impossible to discern what conduct NBCU is alleged to have engaged in that was wrongful, or how NBCU's conduct purportedly caused harm to Plaintiff. Indeed, NBCU is not even included among the "primary defendant actors" who are alleged to have acted wrongfully.  See Complaint at ¶¶ 40-49. Even if the disjointed alleged "conspiracy" could be understood, the alleged ties between NBCU and the other defendants are premised on explicit conjecture that these ties were "likely."  See Complaint at ¶¶ 87-94, 184.  Stripped of Plaintiff's conjecture and arcane conspiracy theories, the Complaint simply recounts well-known business deals and film releases over the past two decades.  See, e.g., Complaint at ¶¶ 54, 58, 66-68, 98, 108, 148.  But there is no legal basis for Plaintiff to sue NBCU simply because it has done business with other companies or individuals with whom Plaintiff has a dispute.  Because the Complaint fails to meet the fundamental requirement of providing intelligible notice of the nature of and basis for Plaintiff's claims against NBCU, the Motion to Dismiss should be granted.

## IV.
## THE COMPLAINT IS AN IMPROPER COLLATERAL ATTACK ON THE DISMISSAL OF THE PRIOR BLOMKAMP ACTION

In this sequel litigation, Plaintiff seeks to revive his Prior Blomkamp Action by alleging that competing film studios and other film professionals all conspired to engage in a constellation of purportedly improper conduct for the alleged purpose of hindering the Prior Blomkamp Action and pending appeal.  See Complaint at ¶¶ 3, 24, 30, 34-38, 177-183, 263-264, 268. The Complaint also attempts to revive the copyright claims rejected in the Prior Blomkamp Action by recasting them as a wide-ranging conspiracy, even while admitting that these conspiracy allegations are "connected to previously undisclosed events in prior action Briggs v. Blomkamp."  Complaint at ¶ 2; see also id. at ¶¶ 3, 33, 265, 267.  In other words, this case is a collateral attack on Judge Hamilton's order dismissing the Prior Blomkamp Action.  Although Plaintiff was entitled to seek review of that order by appealing to the Ninth Circuit, and ultimately the U.S. Supreme Court – which he did, without prevailing – he cannot burden a district court with this sort of "horizontal appeal."

MOTION TO DISMISS
Case No. 17-cv-4952-VC
4812-3202-2649v.12 0020040-000144

DAVIS WRIGHT TREMAINE LLP

"The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." <u>Uptergrove v. U.S.</u>, No. 1:08-CV-01800-OWW SMS, 2009 WL 1035231, at *3 (E.D. Cal. Apr. 17, 2009) (quoting <u>Rein v. Providian Fin. Corp.</u>, 270 F.3d 895, 902 (9th Cir. 2001)).  The principle is fundamental:  a losing party may not seek to nullify a district court's decision by seeking relief from another district court.  <u>See</u>, <u>e.g.</u>, <u>Mullis v. U.S. Bankr. Court</u>, 828 F.2d 1385, 1392-93 (9th Cir. 1987) (even where judicial immunity did not apply, injunctive relief could not be ordered against bankruptcy judges and clerks because "collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper"); <u>Stafne v. Zilly</u>, No. 2:17-CV-01692-MHS, 2018 WL 4871141, at *6 (W.D. Wash. Oct. 9, 2018) (quoting <u>Mullis</u>); <u>In re Braughton</u>, 520 F.2d 765, 766 (9th Cir. 1975) ("the second judge correctly refused to entertain a 'horizontal' appeal from the warrant issued by the first judge"); <u>Dydzak v. United States</u>, No. 17-cv-04360-EMC, 2017 WL 4922450, at *7 (N.D. Cal. Oct. 31, 2017) (a litigant may raise alleged judicial error and litigation misconduct only through "the normal appellate process," not a forbidden "horizontal appeal"), <u>appeal</u> <u>dismissed</u> No. 17-17401, 2018 WL 2539464 (9th Cir. Apr. 24, 2018); <u>Rinegard-Guirma v. Ocwen Loan Servicing, LLC</u>, No. 3:16-cv-01036-HZ, 2016 WL 4257765 at *3 (D. Or. Aug. 10, 2016) ("[T]his Court is without authority to revisit issues that were previously decided in another district court case."); <u>Cox v. United States</u>, No. 2:17-CV-00121-SU, 2017 WL 3167417, at *5 (D. Or. June 13, 2017), <u>report and</u> <u>recommendation</u> <u>adopted</u>, No. 2:17-CV-00121-SU, 2017 WL 3166728 (D. Or. July 24, 2017) ("Plaintiff may not use this action to collaterally attack an issue that was already decided before another court in an earlier proceeding").

The bar on horizontal appeals is supported by the same policy underlying the doctrine of <u>res judicata</u>:  "the interest of the State that there should be an end to the litigation." <u>Liddell v. Smith</u>, 345 F.2d 491, 493 (7th Cir. 1965).  Clever plaintiffs have attempted this tactic before, and courts readily reject creating such an obvious loophole to finality in judgment.  In <u>Uptergrove</u>, for instance, the court dismissed a complaint as an impermissible collateral attack because it sought relief from an adverse judgment issued against the plaintiff in a prior case.  2009 WL 1035231 at *3-4.  Indeed, the Supreme Court of California has declined to recognize a tort

remedy for spoliation of evidence, recognizing that permitting such a claim would produce an "endless spiral of lawsuits over litigation-related misconduct."  Temple Cmty. Hosp. v. Superior Court, 20 Cal. 4th 464, 473 (1999); see also Liddell, 345 F.2d at 494 (affirming dismissal of previously-dismissed claims on grounds of res judicata, and dismissing perjury claim arising from prior litigation on grounds that perjury does not give rise to a private cause of action).  Moreover, a claim that "false testimony led to a fraudulent verdict is an attack on the merits of the prior proceeding" and violates the collateral attack doctrine.  Advocare Intern., L.P. v. Scheckenbach, No. C08-5332 RBL, 2010 WL 2196449 at *2 (W.D. Wash. May 27, 2010); see also Rinegard-Guirma, 2016 WL 4257765 at *2 (a "challenge to the admissibility of certain evidence in either the state or federal case cannot be raised" in a separate federal action).

Given its relationship to res judicata, it also is clear that a party that was not involved in a prior lawsuit also may seek dismissal of a horizontal appeal of that suit, just as "res judicata may be asserted against a party that was a party in the prior proceeding even if there are new different parties in the later proceeding."  Wawrzynski v. Byron Hibshman, No. 10-CV-2347-H (WMC), 2011 WL 1004822, at *3 (S.D. Cal. Mar. 18, 2011) (res judicata barred plaintiff's second lawsuit, notwithstanding the addition of a new defendant), aff'd sub nom Wawrzynski v. Hibsham, 490 F. App'x 70 (9th Cir. 2013).  As one court explained, "[u]nder California claim preclusion rules, the only identity of parties required is the identity of the party against whom preclusion is sought."  Harper v. City of Monterey, No. 11-cv-02903-LHK, 2012 WL 195040, at *4 (N.D. Cal. Jan. 23, 2012) (emphasis added), aff'd, 519 F. App'x 503 (9th Cir. 2013), citing San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009).

Courts do not hesitate to dismiss "horizontal appeals" when this improper tactic is challenged by a defendant who was not a party in the prior action.  See, e.g., Mullis, 828 F.2d at 1386, 1392-93 (dismissing plaintiff's "horizontal appeal" of treatment of his bankruptcy petition; defendants were not parties to bankruptcy petition).  For the same reasons, NBCU may seek dismissal of this horizontal appeal, to avoid being drawn into an endless spiral of litigation arising from Plaintiff's attempt to re-litigate his failed claims against others.  All of Plaintiff's

DAVIS WRIGHT TREMAINE LLP

claims against NBCU depend on his claims against the other defendants – the purported

conspiracy is the thread that Plaintiff invokes to sue NBCU along with the other defendants –

and so all of his claims against NBCU must fall with his claims against those defendants.

Here, the essence of the Complaint is Plaintiff's grievance about the conduct of litigation

in the Prior Blomkamp Action and alleged impairment of his appeal from dismissal of that

lawsuit, along with Plaintiff's rehashed claims of copyright infringement arising from the same

film at issue in the Prior Blomkamp Action.  See Complaint at ¶¶ 3, 24, 30, 33-38, 177-183, 185,

263-265, 267-268.  After failing to recover damages for alleged copyright infringement in the

Prior Blomkamp Action, Plaintiffs' allegations of spoliation and conspiracy seek essentially the

same remedy as in the Prior Blomkamp Action:

- damages for "spoliation of evidence" that allegedly "[]impedes Plaintiff's ability to defend his copyright protected property", efforts to "cheat the judicial process … in Briggs v. Blomkamp [which] resulted in the Plaintiff losing substantial, rightful damages," and damages for "infringing exportation" arising from the "misappropriat[ion]" of "Plaintiff's work" (Complaint at ¶ 185);

- an accounting of revenue from the defendants' alleged sale of "derivatives of [the Plaintiff's] work" (Complaint at ¶ 265); and

- "all profits from the film Elysium" under the Copyright Act, 17 USC § 505 (Complaint, Prayer for Relief at ¶ 4).

This, however, is an impermissible collateral attack on the conduct of the Prior

Blomkamp Action.  Plaintiff is not entitled to a second bite at this apple in a different district

court; review is limited to the proper appellate channels, which have been exhausted.  This

lawsuit should therefore be dismissed.

# V.
# THE COMPLAINT FAILS TO STATE A CLAIM

**A.      The Complaint Fails To State A Plausible Claim Against NBCU.**

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678

DAVIS WRIGHT TREMAINE LLP

9

(2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  The plausibility standard requires "more than 'a sheer possibility that a defendant has acted unlawfully'"; and is met only when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id</u>.

Here, the FAC's allegations – concerted action by a host of competing film studios and professionals to somehow facilitate wide-ranging copyright infringement and spoliation of evidence through routine, widely-reported transactions and film deals – is inherently implausible. Even putting that inherent implausibility aside, Plaintiff's allegations against NBCU are replete with – and depend upon – <u>possibilities</u>, not allegations.  <u>See</u>, <u>e.g.</u>, Complaint at ¶ 66 ("Emanuel likely received a percentage of the films … and an agreement that Universal Pictures would distribute or provide production money for any reasonably viable film Def Emanuel brought to Universal"); ¶ 108 ("likely, Universal Pictures wouldn't distribute the film"); ¶ 185 ("it is possible that Plaintiff's work may have been misappropriated in countless foreign markets"). The Complaint cannot meet the bare minimum pleading standard and must be dismissed.

### B.    The Complaint is Time-Barred.

While Plaintiff's Complaint is difficult to understand, the only cognizable claims against NBCU appear to sound in negligence and gross negligence resulting in purported financial injury (Causes of Action 6 and 7, Complaint at ¶¶ 236-244).  These claims are governed by the two-year statute of limitations set forth in California Code of Civil Procedure § 335.1, which applies to "[a]n action for … injury to … an individual caused by the wrongful act or neglect of another."  <u>See</u> <u>Rosales v. Wells Fargo Bank, N.A.</u>, No. 13-CV-01316-BLF, 2014 WL 4770572, at *5-6 (N.D. Cal. Sept. 24, 2014) (dismissing claim for financial negligence as outside of Section 335.1 limitations period).  To the extent NBCU is even implicated by Plaintiff's negligence and gross negligence claims, the claim against NBCU appears to be premised on NBCU's hiring of Mordecai Wiczyk almost twenty years ago in <u>1999</u> (Complaint ¶¶ 238.A, 243.B), which is plainly beyond the limitations period.[5]

---

[5] The cause of action for negligence also refers to other time-barred events that do not involve NBCU, including abstruse allegations concerning the business dealings of Screenbid in 2014 (<u>id.</u> at ¶¶ 149-156, 238.B, 243.A); litigation conduct in the Prior Blomkamp Action, which was

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

1    Plaintiff's cause of action for conspiracy against NBCU appears to sound in claims of

2    litigation misconduct by the other defendants who were parties to the Prior Blomkamp Action, as

3    well as the copyright infringement claims that Plaintiff brings against other defendants. Any

4    such claims would be barred by the two-year statute of limitations set forth in California Code of

5    Civil Procedure § 339 (action upon a contract, obligation, or liability not founded in writing) or

6    the Copyright Act's three-year statute of limitations, 17 U.S.C. §507(b).[6]

7    Like the negligence claim, the conspiracy claim is premised on events that took place

8    outside of the limitations period. These events include, in addition to the time-barred events

9    raised in the negligence claim:

10    • Universal Pictures' casting of Kevin Spacey in K-PAX in 2001 (Complaint at ¶ 192.3);

---

11    dismissed in 2014 (id. at ¶¶ 238.D, 243.C, H); the purchase of film rights to Elysium prior to its
12    release in 2013 (id. at ¶¶ 121, 238.D, 243.D); and the operation of TriggerStreet before it was
      closed in November, 2014 (id. at ¶¶ 122, 238.E-H; 243.E-G).

13    [6] Although NBCU had no involvement in producing or distributing Elysium, even if NBCU had
14    played a role in the alleged conspiracy, its alleged acts ended many years ago, barring any
      copyright claim against it. "Under the Act's three-year provision, an infringement is actionable
15    within three years, and only three years, of its occurrence." Petrella v. Metro-Goldwyn-Mayer,
      Inc., 572 U.S. 663, 671 (2014); see also Roley v. New World Pictures, Ltd., 19 F.3d 479, 482
16    (9th Cir. 1994) (granting summary judgment, holding copyright claim was barred where
      plaintiff's "assertions rely on naked allegations and speculation" and thus "fail[ ] to produce any
17    evidence that appellees engaged in actionable conduct" within the limitations period). Even if
      NBCU's participation in the alleged conspiracy that Plaintiff theorizes could be deemed direct
18    infringement, these alleged acts occurred no later than 2013. Complaint at ¶ 192.12. A direct
      infringement action is barred if the alleged infringer's actions occurred outside of the limitations
19    period, even if continuing infringement allegedly is occurring through the actions of others.
20    Goldberg v. Cameron, No. C-05-03534 RMW, 2009 WL 2051370, at *4 (N.D. Cal. July 10,
      2009) (holding that direct infringement claim was barred where plaintiff did not claim
21    defendants "themselves committed any acts of direct infringement" during the limitations
      period). To the extent Plaintiff's conspiracy theory casts NBCU as a vicarious or contributory
22    infringer, a timely copyright claim against NBCU cannot accrue from ongoing distribution or
      performance of Elysium because "additional direct infringements do not result in additional
23    contributory infringements arising from an earlier contributory act and the start of additional
      limitations periods in which to file suit. The contributory infringement occurs, and the statute of
24    limitations period begins to run, when there has been: (1) an act inducing or materially
      contributing to (2) an act of direct infringement. Later direct infringements do not restart the
25    statute of limitations for an action based upon contributory infringement." Goldberg, 2009 WL
26    2051370 at *8. See also Arc Music, Inc. v. Henderson, No. CV 09-7967 DSF (CWX), 2010 WL
      11597304, at *3 (C.D. Cal. Mar. 22, 2010) (citing Goldberg, holding copyright claims barred
27    under statute of limitations where defendant's alleged acts of direct, contributory, and vicarious
28    infringement occurred more than three years prior to filing suit).

---

- Universal Pictures' purchase of film rights to 50 Shades of Grey and hiring of Dana Brunetti in 2013 (id. at ¶ 192.12).

Because all of the underlying events occurred well outside the applicable limitations periods, Plaintiff cannot state a claim against NBCU and his claims should be dismissed.

### C.      California Law Does Not Recognize A Claim For Conspiracy, Which Would Be Preempted By The Copyright Act In Any Event.

California does not recognize conspiracy as a freestanding cause of action.  Kenne v. Stennis, 230 Cal. App. 4th 953, 968-69 (2014) (citing Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510–11 (1994)); see also Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 708 (N.D. Cal. 2009) ("A conspiracy is not an independent cause of action ….").  Rather, conspiracy is a "theory of liability" that depends on the commission of an underlying tort.  Kenne, 230 Cal. App. 4th at 968-69.  As discussed below, Plaintiff's asserted bases for liability against NBCU fail.  Section D, infra.  Because none of the allegations come close to supporting a negligence claim against NBCU, the conspiracy claim must be dismissed.

In addition, to the extent that Plaintiff's disjointed conspiracy claim seeks to impose vicarious liability on NBCU for alleged copyright infringement by other defendants, it is preempted by the federal Copyright Act and must be dismissed with prejudice.  The Copyright Act of 1976 expressly preempts all state law claims that are "equivalent to" rights under copyright law.  17 U.S.C. § 301(a).  By enacting Section 301, Congress sought "to avoid the development of any vague borderline areas between State and Federal protection" in the area of copyrights.  H.R. Rep. No. 94-1476 at 130 (available at https://www.copyright.gov/history/law/clrev_94-1476.pdf).  This "broad statutory preemption scheme" promotes uniformity and ensures that state-law claims are not used as an end-run around the strictures of the federal Copyright Act.  See, e.g., Peckarsky v. ABC, 603 F. Supp. 688, 695 (D.D.C. 1984) (holding state-law unfair-competition and unfair-trade-practices claims preempted by Copyright Act).

A claim is preempted if it (i) falls within the general subject matter of copyright; and (ii) involves state law rights that are "equivalent" to any of the exclusive rights within the scope

DAVIS WRIGHT TREMAINE LLP

of federal copyright protection.  Maloney v. T3Media, Inc., 853 F.3d 1004, 1010 (9th Cir. 2017).

A claim falls within the general subject matter of copyright if it arises from or relates to a work

subject to copyright protection, i.e., "original works of authorship fixed in any tangible medium

of expression."  Id. at 1011(citing 17 U.S.C. § 102(a).  As to the second part, "[t]o survive

preemption, the state cause of action must protect rights which are qualitatively different from

the copyright rights."  Id. at 1019 (emphasis added; citation omitted).  In Maloney, for example,

the Ninth Circuit held that the Copyright Act preempted athletes' right-of-publicity and unfair-

competition claims concerning unauthorized use of their likenesses, despite the fact that both

claims involve different elements than a copyright claim.  Id. at 1019.  The court reasoned that

these state-law claims were "equivalent" to copyright claims because "Plaintiffs … do not

identify any use of their likenesses independent of the display, reproduction, and distribution of

the copyrighted material in which they are depicted … under those circumstances, none of

plaintiffs' claims is qualitatively different from a copyright claim."  Id. (original emphasis).

Here, Plaintiff imagines a conspiracy aimed at "access[ing] and acquir[ing] original film

ideas" in order to "misappropriat[e] them."  Complaint at ¶ 22.  Thus, while the factual basis for

Plaintiff's conspiracy claim is muddled, it is clear that he seeks to hold NBCU vicariously liable

for "misappropriat[ing]" his screenplay (id. at ¶ 192) and hopes thereby to recover the "lost

profits" he believes would have flowed from his screenplay (id. at ¶ 205).  This attempt to use

state law to impose vicarious liability for alleged misappropriation" of his copyrighted work

indisputably falls within the subject matter of copyright and is equivalent to a copyright claim.

Indeed, courts repeatedly have held that a claim of "conspiracy to infringe a copyright

claim is preempted by the Copyright Act."  Benke v. Departure Agency, Inc., No. CV 11-397-

VBF(VBKX), 2011 WL 13129964, at *2 (C.D. Cal. Aug. 11, 2011) (dismissing "conspiracy to

infringe claim" with prejudice, holding amendment would be futile; collecting cases); Nat.

Alternatives Int'l, Inc. v. Allmax Nutrition, Inc., 258 F. Supp. 3d 1170, 1187 (S.D. Cal. 2017) ("a

copyright-based civil conspiracy claim … fail[s] as a matter of law because [it is] preempted by

federal law"); Millennium TGA, Inc. v. Doe, No. 11-2258 SC, 2011 WL 1812786, at *2 (N.D.

Cal. May 12, 2011) (holding that common law civil conspiracy claim for copyright infringement

1    could not survive a motion to dismiss).[7]

2          Thus, even if California recognized a conspiracy claim, it would be preempted as a matter

3    of law to the extent it seeks to recover for alleged infringement or "misappropriation" by

4    defendants.  Plaintiff's baseless conspiracy claim must be dismissed with prejudice.

5          **D.      The Complaint Fails To Allege Any Negligent Conduct By NBCU.**

6          The claims for negligence and gross negligence contain only cursory references to

7    NBCU, none of which even purport to show conduct by NBCU that was negligent, or that caused

8    any harm to Plaintiff.  <u>See</u> Complaint at ¶¶ 238, 243.  Indeed, the <u>only</u> purportedly negligent

9    conduct alleged against NBCU is hiring Mordecai Wiczyk.  Complaint at ¶¶ 238.A, 243.B.

10   Plaintiff does not allege that NBCU had a duty to Plaintiff, nor that it was breached, nor explain

11   how NBCU's hiring of Mr. Wiczyk caused harm to Plaintiff.  Judicial Council of California,

12   Negligence – Essential Factual Elements, Civil Jury Instructions (CACI) § 400 (2013).  In

13   particular, "the existence of a legal duty in a given factual situation is a question of law for the

14   courts to determine."  <u>Jackson v. AEG Live, Inc.</u>, 233 Cal.App.4th 1156, 1173, (2015).  As a

15   matter of law, NBCU had no duty to prevent alleged spoliation by parties to the Prior Blomkamp

16   Action – in which NBCU was not involved – nor to prevent alleged copyright infringement in

17   connection with the film <u>Elysium</u> – which NBCU did not distribute.

18         Plaintiff's unintelligible Complaint does not provide any facts that could give rise to a

19   duty on NBCU's part.  Because Plaintiff's negligence and gross negligence claims against

20   NBCU consist of "'naked assertion[s]' devoid of 'further factual enhancement,'" <u>Iqbal</u>, 556 U.S.

21   at 678 (quoting <u>Twombly</u>, 550 U.S. at 557 (alteration in original)) they also must be dismissed as

22   to NBCU.

23

24   [7] The fact that a state-law conspiracy claim requires a showing of concerted action does not

25   forestall preemption because "the core of the claim for conspiracy to infringe copyrights is
     identical to that under the Copyright Act, and the extra element of agreement or combination

26   does not make it otherwise."  <u>Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber
     Co.</u>, 682 F.3d 292, 312 (4th Cir. 2012); <u>see also</u> <u>Millennium TGA, Inc.</u>, 2011 WL 1812786, at *2

27   (reasoning that "[i]n California, a civil conspiracy cause of action 'is merely a mechanism for
     imposing vicarious liability; is not itself a substantive basis for liability'" and "Federal copyright

28   law has its own doctrine of vicarious liability" (internal citations omitted)).

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

**E.    The Complaint Fails To State A Cause of Action For Accounting.**

    **1.    The Purported Claim For Accounting Requests A Remedy Unsupported By Any Underlying Claims.**

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009).  In other words, the party seeking an accounting generally must have had some business or financial dealings with the party from whom he seeks an accounting.  See id.  Here, the Complaint contains no allegation – nor could it – that NBCU has ever had any relationship to Plaintiff, let alone one of fiduciary or business relationship.  See, generally, Complaint.  Indeed, Plaintiffs' accounting claim is premised on his desire to account and recover funds related to alleged "spoliation", "cheat[ing] the judicial process" (Complaint at ¶ 185.a-b), and "destr[uction] and suppress[ion of] evidence" (id. at ¶ 264) in the Prior Blomkamp Action in which NBCU was not a party; as well as from purported misappropriation (id. at ¶ 185.c) and sale of "derivatives of his work" (id. at ¶ 265) in connection with the film Elysium, which NBCU had no role in producing or distributing (id. at ¶ 184).

Even if an accounting could be demanded in the absence of a relationship among the parties, there is no balance due from NBCU to Plaintiff, so there is nothing to be ascertained by an accounting.  An accounting is "more aptly described as a remedy rather than a stand-alone cause of action."  Gabris v. Aurora Loan Servs. LLC, No. 2:14-CV-01759-JAM-KJN, 2015 WL 1021305, at *5 (E.D. Cal. Mar. 9, 2015); see also Fleet v. Bank of Am. N.A., 229 Cal. App. 4th 1403, 1414 (2014) (dismissing claim for accounting where subject of accounting "will constitute an element of their damage" and so "can be folded into" the underlying causes of action).  As discussed above, Plaintiff's only claims against NBCU that are even arguably cognizable are negligence claims, and they are bereft of any factual support or even a plausible theory.  And Plaintiffs' conspiracy claim – putting aside the fact that it is not legally cognizable – is inherently implausible, supported only by conjecture, and preempted.  When Plaintiff's absurd allegations of conspiracy are disregarded, it is clear that no accounting could be conducted as to NBCU

15

concerning the profits from <u>Elysium</u> because – as the Complaint acknowledges – NBCU did not produce or distribute that film.  <u>See</u> Complaint ¶ 184.

### 2.   No Damages Are Cognizable Concerning The Prior Blomkamp Lawsuit.

To the extent Plaintiff's request for accounting is premised on ascertaining the damages flowing from alleged spoliation in the Prior Blomkamp Action, it is independently barred because "a tort cause of action does not lie against a person who has intentionally destroyed or suppressed evidence relevant to a lawsuit."  <u>Warden v. Cross</u>, 94 Fed. Appx. 474, 475 (9th Cir. 2004) (applying California law).  In <u>Temple Cmty. Hosp.</u>, the California Supreme Court rejected a claim for alleged spoliation by a third party.  20 Cal. 4th at 473.  As the Court explained, its concerns about endless litigation fully apply to lawsuits against third parties:  "We are reluctant to provide disappointed litigants a second opportunity to seek the compensation they sought in the original lawsuit, even if they seek it against a party not involved in the original lawsuit." <u>Id.</u> at 472.  Thus, even if spoliation claims were allowed under California law, Plaintiff's claim against NBCU still would fail because he has not alleged any facts to support such a claim.  Because California refuses to recognize a cause of action for spoliation — and, as discussed above, the negligence and conspiracy allegations against NBCU fail — no underlying claim justifies the remedy of an accounting.

Finally, the accounting of spoliation damages that Plaintiff seeks also would be too uncertain.  In refusing to recognize a spoliation cause of action, the California Supreme Court reasoned that:

> Another consideration weighing against recognition of a tort remedy for intentional first party spoliation is the **uncertainty of the fact of harm in spoliation cases**.  It seems likely that in a substantial proportion of spoliation cases the fact of harm will be irreducibly uncertain.  In such cases, even if the jury infers from the act of spoliation that the spoliated evidence was somehow unfavorable to the spoliator, **there will typically be no way of telling what precisely the evidence would have shown and how much it would have weighed in the spoliation victim's favor**.  Without knowing the content and weight of the spoliated evidence, it would be impossible for the jury to meaningfully assess what role the missing evidence would have played in the determination of the underlying action.  The jury could only speculate as to what the nature of the spoliated evidence was and what effect it might have had on the outcome of the underlying litigation.

DAVIS WRIGHT TREMAINE LLP

Cedars-Sinai Med. Ctr. v. Superior Court, 18 Cal. 4th 1, 13-14 (1998) (emphasis added).
Therefore, not only is Plaintiff's request for an accounting unjustified by any underlying claims, it would be incurably futile and uncertain.  The accounting claim should be dismissed along with the rest of the Complaint.

## VI.
## CONCLUSION

The Complaint, like Plaintiff's two pleadings in the Prior Universal Action, does not come close to stating a viable claim against NBCU.  Plaintiff asserts claims that do not exist, or that are bereft of supporting factual allegations.  The only thing that is clear is that Plaintiff is seeking to re-litigate a lawsuit that has been dismissed, and for which all appeals have been exhausted.  Dismissal with prejudice is therefore warranted.

DATED: November 9, 2018

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ROCHELLE L. WILCOX
BRENDAN N. CHARNEY

By: */s/ Rochelle L. Wilcox*
    Rochelle L. Wilcox
Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS
Case No. 17-cv-4952-VC
4812-3202-2649v.12 0020040-000144