KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
KATE MANGELS (SBN 301811)
  kmangels@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
MRC II DISTRIBUTION COMPANY LP;
MORDECAI WICZYK; ASIF SATCHU;
SONY PICTURES ENTERTAINMENT INC.;
and ARIEL EMANUEL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SPACEY; et al.,<br><br>Defendants. | Case No. 3:18-cv-04952-VC<br><br>[Hon. Vince Chhabria]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Request for Judicial Notice and Declaration of Gregory Korn Filed Contemporaneously Herewith]<br><br>Date: December 20, 2018<br>Time: 10:00 a.m.<br>Crtrm.: 4 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 20, 2018, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom No. 4 of the above entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Vincent Chhabria, Defendants MRC II Distribution Company LP (erroneously sued as "MRC"), Mordecai Wiczyk, Asif Satchu, Sony Pictures Entertainment Inc., and Ariel Emanuel ("Defendants") will appear and move to dismiss each and every cause of action against them in the Complaint—namely, the First, Third through Eighth, and Eleventh Causes of Action.

Defendants' motion is made pursuant to Rules 12(b)(1), 12(b)(6), and 8(a) of the Federal Rules of Civil Procedure and seeks dismissal on the bases: (1) that the Court lacks jurisdiction pursuant to the "collateral attack doctrine"; (2) that the claims against Defendants are barred by the doctrine of res judicata; and/or (3) that the Complaint fails to state a claim upon which relief can be granted in accordance with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and Declaration of Gregory Korn, all papers and pleadings on file in this action, and on such other and further evidence and argument as the Court may lawfully consider in the exercise of its discretion.

DATED: November 9, 2018          Respectfully submitted,

                                 KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP


                                 By:      */s/ Gregory Korn*
                                        Gregory Korn
                                        Attorneys for Defendants
                                        MRC II DISTRIBUTION COMPANY LP;
                                        MORDECAI WICZYK; ASIF SATCHU;
                                        SONY PICTURES ENTERTAINMENT INC.; and
                                        ARIEL EMANUEL

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL HISTORY | 2 |
| | A. Plaintiff Lost His Copyright Claims In The Infringement Action | 2 |
| | B. Plaintiff's Improper Collateral Attacks On The Prior Adverse Judgment | 2 |
| III. | ARGUMENT | 4 |
| | A. The Complaint Is Barred By The "Collateral Attack" Doctrine | 4 |
| | B. The Complaint Is Barred By The Doctrine Of Res Judicata | 7 |
| | C. The Complaint Should Further Be Dismissed On The Basis That It Fails To State A Claim For Relief Against Defendants | 8 |
| |    1. The First Cause Of Action For Civil Conspiracy | 9 |
| |       (a) The First Conspiracy | 9 |
| |       (b) The "Second Conspiracy" | 10 |
| |       (c) The "Third Conspiracy" | 10 |
| |       (d) The "Fourth Conspiracy" | 11 |
| |       (e) The "Fifth Conspiracy" | 11 |
| |    2. The Third Cause Of Action For Fraud | 11 |
| |    3. The Fourth Cause Of Action For Fraudulent Deceit | 12 |
| |    4. The Fifth Cause Of Action For Fraudulent Concealment | 12 |
| |    5. The Sixth Cause Of Action For Negligence | 12 |
| |    6. The Seventh Cause Of Action For Gross Negligence | 13 |
| |    7. The Eighth Cause Of Action For Willful Suppression Of Evidence/ Spoliation Of Evidence | 13 |
| |    8. The Eleventh Cause Of Action For An Accounting | 14 |
| IV. | CONCLUSION | 15 |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Advocare Intern., L.P. v. Scheckenbach*
    WL 2196449 (W.D. Wash. May 27, 2010) .............................................................. 5, 11, 14

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ......................................................................................................... passim

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ......................................................................................................... passim

*Briggs v. Blomkamp*
    70 F. Supp. 3d 1155 (N.D. Cal. 2014) ............................................................................. 1, 2

*Briggs v. Sony Pictures Entm't, Inc.*
    714 F. App'x 712 (9th Cir. 2018) .................................................................................... 1, 2

*Cedars-Sinai Med. Ctr. v. Superior Court*
    18 Cal. 4th 1 (1998) ............................................................................................................. 14

*Celotex Corp. v. Edwards*
    514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ........................................................ 4

*Chao v. A–One Med. Servs., Inc.*
    346 F.3d 908 (9th Cir.2003) .................................................................................................. 7

*Friedman v. Merck & Co.*
    107 Cal. App. 4th 454 (2003) ............................................................................................. 13

*Graham v. Bank of America, N.A.*
    226 Cal. App. 4th 594 (2014) ............................................................................................. 12

*Harris v. County of Orange*
    682 F.3d 1126 (9th Cir. 2012) .............................................................................................. 6

*Headwaters Inc. v. U.S. Forest Serv.*
    399 F.3d 1047 (9th Cir. 2005) .............................................................................................. 7

*In re Schimmels*
    127 F.3d 875 (9th Cir.1997) .................................................................................................. 7

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) ................................................................................................ 6

*Mangindin v. Washington Mut. Bank*
    637 F. Supp. 2d 700 (N.D. Cal. 2009) ................................................................................. 9

*Mpoyo v. Litton Electro-Optical Sys.*
    430 F.3d 985 (9th Cir. 2005) ............................................................................................ 7, 8

*Mullis v. U.S. Bankr. Ct., Dist. of Nev.*
    828 F.2d 1385 (9th Cir. 1987) .......................................................................................... 5

*Owens v. Kaiser Foundation Health Plan, Inc.*
    244 F.3d 708 (9th Cir. 2001) ............................................................................................ 7

*Penney v. Wells Fargo Bank*
    WL 2071705 (C.D. Cal. June 8, 2012) ........................................................................... 14

*Rein v. Providian Fin. Corp.*
    270 F.3d 895 (9th Cir. 2001) ............................................................................................ 4

*Rinegard-Guirma v. Ocwen Loan Servicing, LLC*
    WL 4257765 (D. Or. Aug. 19, 2016) ............................................................................... 5

*Shkolnikov v. JPMorgan Chase Bank*
    WL 6553988 (N.D. Cal. Dec. 14, 2012) ........................................................................ 15

*State Farm Mut. Auto Ins. Co. v. Industrial Pharmacy*
    WL 2448474 (D. Haw. Aug. 11, 2009) ........................................................................ 5, 6

*Syverson v. Int'l Bus. Machines Corp.*
    472 F.3d 1072 (9th Cir. 2007) .......................................................................................... 8

*United States v. Lowry*
    512 F.3d 1194 (9th Cir. 2008) .......................................................................................... 6

*Uptergrove v. U.S.*
    WL 1035231 (E.D. Cal. Apr. 17, 2009) ........................................................................... 4

*Warden v. Cross*
    94 F. App'x 474 (9th Cir. 2004) ..................................................................................... 14

*Zella v. E.W. Scripps Co.*
    529 F. Supp. 2d 1124 (C.D. Cal. 2007) ............................................................................ 6

**STATUTES**

17 U.S.C. § 505 ........................................................................................................................... 4

Federal Rules of Civil Procedure 9(b) ............................................................................... 11, 12

Federal Rules of Civil Procedure 12(b) .................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is now the *third* frivolous lawsuit of a *pro se* vexatious litigant, plaintiff Steve Wilson Briggs ("Plaintiff"), who simply refuses to accept that his baseless claim of copyright infringement has been finally adjudicated adversely to him by the Northern District of California and the Ninth Circuit Court of Appeals. The genesis of this action is an October 2013 case filed *in pro per* by Plaintiff entitled *Steve Wilson Briggs v. Neill Blomkamp, et al.*, N.D. Cal. Case No. 13-cv-4679-PJH (the "Infringement Action"). The Infringement Action, which alleged that the motion picture *Elysium* (the "Film") infringed a screenplay Plaintiff had written, was filed against several of the same parties named as defendants here. The Honorable Phyllis J. Hamilton granted summary judgment of the Infringement Action on the basis that there was no evidence of access or substantial similarity, *see Briggs v. Blomkamp*, 70 F. Supp. 3d 1155 (N.D. Cal. 2014); the Ninth Circuit affirmed, *Briggs v. Sony Pictures Entm't, Inc.*, 714 F. App'x 712, 713 (9th Cir. 2018); and the Supreme Court denied certiorari. *Briggs v. Sony Pictures Entm't, Inc.*, 2018 WL 3391694, at *1 (U.S. Oct. 1, 2018).

The Complaint here, again filed *in pro per*, alleges a conspiracy perpetrated by several film studios, actors, producers, and talent agents that have some alleged connection to *Elysium*. Dkt. No. 1 ("Complaint"). Although the Complaint is largely unintelligible, it is nevertheless clear that its purpose is (1) to challenge Judge Hamilton's supposedly erroneous rulings, including her decision granting summary judgment, and (2) to seek the *same remedy* that Plaintiff sought on his copyright claim—*i.e.*, the disgorgement of profits on *Elysium*. In fact, the one and only harm Plaintiff alleges in the Complaint is that the defendants "won a favorable judgment in *Briggs v Blomkamp* by deceiving the court and falsifying documents, thereby cheating the judicial system, and cheating the Plaintiff out of his right to due process and a fair hearing, and to … rightful profits and damages." Compl. ¶ 267; *see also id.* ¶¶ 185, 251.

Plaintiff's claims effectively seek a "horizontal appeal" of the Infringement Action to another district judge, and they are manifestly barred by the "collateral attack" and res judicata doctrines. Further, the allegations in the Complaint are woefully deficient under Fed. R. Civ. P.

8(a) and the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For these and the additional reasons discussed herein, Defendants MRC II Distribution Company LP (erroneously sued as "MRC"), Mordecai Wiczyk. Asif Satchu, Sony Pictures Entertainment Inc., and Ariel Emanuel (collectively, the "Defendants") respectfully request that the claims against them—the First, Third through Eighth, and Eleventh Causes of Action of the Complaint—be dismissed with prejudice.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  Plaintiff Lost His Copyright Claims In The Infringement Action

In 2013, Plaintiff filed an action for copyright infringement in this District entitled *Steve Wilson Briggs v. Neill Blomkamp, et al.*, N.D. Cal. Case No. 13-CV-4679-PJH. *See* Request for Judicial Notice ("RJN") ¶ 1; Declaration of Gregory Korn ("Korn Decl."), Ex. 1. Plaintiff alleged that the feature film *Elysium* (starring Matt Damon) infringed a screenplay he wrote entitled "Butterfly Driver." Korn Decl., Ex. 1 ¶ 1. The suit named, among others, Neill Blomkamp, the writer and director of *Elysium* (*id.* ¶ 10); Sony Pictures, the distributor of *Elysium* (*id.* ¶ 11); and "Media Rights Capital," the producer of *Elysium* (*id.* ¶ 13), sued here as "MRC." Plaintiff claimed that these defendants must have accessed his screenplay "on Kevin Spacey's and Dana Brunetti's filmmaker-screenwriter website, 'Trigger Street' (triggerstreet.com) … designed to link filmmakers and screenwriters with industry professionals." *Id.* ¶ 18. The district court granted summary judgment of the case in its entirety, finding no genuine issues of access or substantial similarity. *See Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1165-1177. The Ninth Circuit affirmed, agreeing that Plaintiff "failed to raise a genuine dispute of material fact as to whether defendants accessed his screenplay Butterfly Driver, or whether Briggs's screenplay and defendants' film Elysium are either strikingly or substantially similar." *See* RJN ¶ 2; *Briggs v. Sony Pictures Entm't, Inc.*, 714 F. App'x 712, 713 (9th Cir. 2018), cert. denied, No. 18-63, 2018 WL 3391694 (U.S. Oct. 1, 2018). The Supreme Court recently denied certiorari. *See* RJN ¶ 3; *Briggs v. Sony Pictures Entm't, Inc.*, 2018 WL 3391694, at *1 (U.S. Oct. 1, 2018).

### B.  Plaintiff's Improper Collateral Attacks On The Prior Adverse Judgment

In 2017, Plaintiff filed a complaint that is essentially identical to the one filed herein, in the

matter entitled *Steve Wilson Briggs v. Universal Pictures*, *et al.*, N.D. Cal. Case No. 17-cv-06552-VC (the "Second Action"). The Court eventually dismissed the action *without* prejudice for lack of subject matter jurisdiction. Second Action, Dkt. No. 76. Plaintiff then commenced this action by re-filing the complaint from the Second Action with immaterial changes to some of the named defendants and causes of action. Dkt. No. 1.

While much of the Complaint is unintelligible in that it has nothing to do with Plaintiff or any harm he claims to have suffered, it can be seen that Plaintiff is asserting three basic claims:

First, Plaintiff claims that he was wronged in the Infringement Action by various purported misdeeds of the defendants. He contends that the defendants in that case "hired an 'expert,' who falsified his report." Complaint p. 39 (heading); *see also* Compl. ¶ 3 (alleging the defendants "hired Rovin to falsify (fix) his report, and cheat the judicial process" in the Infringement Action), ¶ 182 ("Rovin's fraud was so extensive that the Plaintiff moved the court to exclude Rovin's *expert* report"), ¶ 185 (alleging that defendants' "efforts to cheat the judicial process (hiring *fixer*, etc.) in *Briggs v Blomkamp*, resulted in the Plaintiff losing substantial, rightful damages"), ¶ 200 (referring to "falsified expert report"). He also contends that the defendants in the Infringement Action committed discovery abuses. *See*, *e.g.*, *id.* ¶ 25 (alleging that defendants provided "false statements and submitt[e]d falsified documents"), ¶ 37 (alleging that in the Infringement Action, defendants "failed to make a central party available for discovery, in willful effort to suppress evidence"), ¶ 157 (alleging a "Rule 37 violation" in the Infringement Action), ¶ 200 (alleging that defendants "made false statements in their interrogatory answers").

Second, Plaintiff claims that the Court in the Infringement Action made erroneous rulings in denying his motion to exclude defense expert Jeff Rovin and in granting summary judgment. *See*, *e.g.*, *id.* ¶ 3 ("Plaintiff moved to exclude Rovin's report due gross falsification. The Motion was inexplicably denied."), *Id.* (alleging the Infringement Action "was apt to be remanded back to the District Court because the District ruling relied on subordinate (reversed) law").

Third, Plaintiff claims that all defendants conspired to shut down the triggerstreet.com in order to destroy evidence that his screenplay had been accessed there by Defendants. *See*, *e.g.*, *id.* ¶ 38 (alleging that "six days after Plaintiff filed his Notice of Appeal (*Briggs v. Blomkamp*), … the

Defs closed TS, after 12 years, to destroy incriminating evidence"), ¶ 200 ("Defendant conspired to shut-down and destroy the TS social network -to destroy the place of access").

The harm to Plaintiff, according to the Complaint, is that Defendants "won a favorable judgment in *Briggs v Blomkamp* by deceiving the court and falsifying documents, thereby cheating the judicial system, and cheating the Plaintiff out of his right to due process and a fair hearing, and to … rightful profits and damages." *Id.* ¶ 267; *see also id.* ¶ 185 ("Defendants' efforts to cheat the judicial process in *Briggs v. Blomkamp*, resulted in the Plaintiff losing substantial, rightful damages."); *id.* ¶ 251 ("wrongful judgment in the Defendants' favor"). The Complaint seeks "the recovery from the Defendants, and for the Plaintiff, of all profits from the film Elysium (DVD, video games, etc.), per 17 U.S.C. § 505." Compl. p. 58. These are the *same* damages for copyright infringement that Plaintiff sought in the Infringement Action. *See* Korn Decl., Ex. 1, ¶ 255 (alleging that Film earned profits "rightfully belonging to the Plaintiff").

### III.   ARGUMENT

Defendants are named in each of the First Claim for Civil Conspiracy, the Third Claim for Fraud, the Fourth Claim for Fraudulent Deceit, the Fifth Claim for Fraudulent Concealment, the Sixth and Seventh Claims for Negligence and Gross Negligence, the Eight Claim for Willful Suppression (Spoliation) of Evidence, and the Eleventh Claim for an Accounting. All of the claims fail as a matter of law under the collateral attack and res judicata doctrines.

#### A.   The Complaint Is Barred By The "Collateral Attack" Doctrine

"The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001), citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995)  ("We have made clear that it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected.") (internal quotation marks omitted); *see also Uptergrove v. U.S.*, 2009 WL 1035231 at *3-4 (E.D. Cal. Apr. 17, 2009) ("Plaintiffs cannot use this lawsuit to collaterally attack the judgment in *Uptergrove I*. While an appeal is pending, the district court's judgment is the law of the case unless and until reversal by the Court of Appeals.");

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800  •  FAX 310.566.9850

1  *State Farm Mut. Auto Ins. Co. v. Industrial Pharmacy*, 2009 WL 2448474 at *4-5 (D. Haw. Aug.
2  11, 2009). Under the collateral attack doctrine, not only are challenges to the judgment in a prior
3  case prohibited, but so too is "[a]ny challenge to the admissibility of certain evidence" in that prior
4  proceeding. *Rinegard-Guirma v. Ocwen Loan Servicing, LLC*, 2016 WL 4257765 at *2 (D. Or.
5  Aug. 19, 2016). Similarly, a claim that "false testimony led to a fraudulent verdict is an attack on
6  the merits of the prior proceeding" and violates the collateral attack doctrine. *Advocare Intern.,*
7  *L.P. v. Scheckenbach*, 2010 WL 2196449 at *2 (W.D. Wash. May 27, 2010).

8   In dismissing a complaint as an improper collateral attack, the district court in *Rinegard-*
9  *Guirma* aptly summarized the doctrine, stating:

> [T]his Court is without authority to revisit issues that were previously decided in another district court case. To question rulings made in Plaintiff's prior case "would be to permit, in effect, a 'horizontal appeal' from one district court to another."

13  2016 WL 4257765 at *3, quoting *Mullis v. U.S. Bankr. Ct., Dist. of Nev.*, 828 F.2d 1385, 1392-
14  1393 (9th Cir. 1987).

15   Plaintiff's Complaint here clearly violates the collateral attack doctrine. The body of the
16  Complaint is replete with attacks directed at Defendant's discovery conduct in the Infringement
17  Action and at the decisions of Judge Hamilton in the Infringement Action, including her
18  supposedly erroneous grant of summary judgment. *See supra* at 3-4. Likewise, the causes of action
19  themselves make clear that Plaintiff's "new" claims arise out of the Infringement Action and
20  Judge Hamilton's rulings there. *See*, *e.g.*, Compl. ¶ 200 (alleging in First Claim for conspiracy that
21  "Defendants devised a fourth conspiracy to prevent the Plaintiff from prevailing in his copyright
22  lawsuit"); *id.* ¶ 234 (alleging in Fifth Claim for fraudulent concealment that "in *Briggs v.*
23  *Blomkamp*, the Defendants would not permit their employee/agent, Lee Smith, to answer a central
24  discovery interrogatory");  *id.* ¶ 238 (alleging in Sixth Claim for negligence that Defendants "hired
25  'fixer,' Jeff Rovin, to falsify an expert report"); *id.* ¶ 267 (alleging in Eleventh Claim for an
26  accounting that "Defendants won a favorable judgment in *Briggs v Blomkamp* by deceiving the
27  court and falsifying documents, thereby cheating the judicial system, and cheating the Plaintiff out
28  of his right to due process and a fair hearing, and to … rightful profits and damages").

The only *harm* Plaintiff alleges in the Complaint is harm stemming from his loss of the Infringement Action. In that regard, the Complaint contains a section entitled "Concerning Injury & Damages" in which Plaintiff contends that he has suffered injury because (1) the defendants' supposed wrongs "[]impede[] Plaintiff's ability to defend his copyright protected property, if the U.S. Supreme Court remands *Briggs v. Blomkamp* for trial," and because (2) the "Defendants' efforts to cheat the judicial process (hiring *fixer*, etc.) in *Briggs v. Blomkamp*, resulted in the Plaintiff losing substantial, rightful damages." Compl. ¶ 185.

Finally, the requested relief is the disgorgement of the Film's profits pursuant to the Copyright Act—a remedy that would *only* be available, if at all, on the copyright claim that Plaintiff litigated and lost in the Infringement Action.

In short, irrespective of how he styles his causes of action, Plaintiff is attacking Defendants' conduct in the underlying Infringement Action, he is attacking the rulings of Judge Hamilton in that case, and he is seeking a form of damages he could recover only by prevailing on his failed copyright claim. To find for Plaintiff on these claims would effectively reverse the final judgment in the Infringement Action.

This Court may consider matters that are properly the subject of judicial notice on a Rule 12 motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (holding that on a Rule 12(b)(6) motion the "court may take judicial notice of 'matters of public record'"); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007). This includes pleadings and opinions in prior litigation. *See Lee*, 250 F.3d at 690 (holding that court make "take[ ] judicial notice of another court's opinion … for the existence of the opinion"); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Accordingly, Defendants respectfully request that the Court take judicial notice of Plaintiff's complaint in the Infringement Action and the district court and Ninth Circuit opinions there, and that it find that Plaintiff's claims are an impermissible collateral attack, such that the Court lacks jurisdiction and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1). *See State Farm*, 2009 WL 2448474 at *4 ("Collateral attack is a jurisdictional issue that is properly addressed under a Rule 12(b)(1) motion.") (citing *United States v. Lowry*, 512 F.3d 1194, 1203 (9th Cir. 2008)).

### B. The Complaint Is Barred By The Doctrine Of Res Judicata

Plaintiff's claims are likewise barred by the doctrine of res judicata. "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005), quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997) (internal quotation marks omitted). The elements of res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.*

There is no dispute that the Infringement Action resulted in a final judgment for res judicata purposes: the requirement of a final judgment "is satisfied by a summary judgment dismissal which is considered a decision on the merits for res judicata purposes." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005). There is also no dispute that there is an identity of parties, as Plaintiff is once again suing MRC, Sony, and Blomkamp.

The requirement of identity of claims is also met. Though Plaintiff does not style any of his causes of action as a claim for infringement of his screenplay by *Elysium*, the "identity of claims" requirement for res judicata does not necessitate that the plaintiff has pled identically-styled causes of action. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713-714 (9th Cir. 2001) (finding identity of claims despite that second action pled different causes of action than the first, where both cases were "predicated on racial discrimination and allege the same circumstances regarding Appellents' termination"); *see also Mpoyo*, 430 F.3d at 987. "Whether the two suits involve the same claim or cause of action requires [courts] to look at four criteria … (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Id.* (quoting *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir.2003)).

Each of these factors demonstrates an identity of claims here. The two cases arise out of the "same transactional nucleus of facts"; they both involve Plaintiff's claims that his screenplay

was accessed and copied. The two cases "involve infringement of the same right"; indeed, Plaintiff's claimed injury in Paragraph 185 of the Complaint is his loss in the Infringement Action. *Accord Mpoyo*, 430 F.3d at 987 (stressing that the two cases "involve the same overall harms" in finding identity of claims). The two cases would involve substantially the same evidence relating to this alleged infringement, because Plaintiff cannot prevail on his claims and recover the Film's profits without proving copyright infringement. Finally, the "rights or interests established" in the Infringement Action would be "destroyed or impaired by prosecution of the second action." To find for Plaintiff and award him the Film's profits would effectively nullify the judgment in the Infringement Action finding no copyright infringement as a matter of law.

Simply put, the Complaint sets forth no set of facts under which Plaintiff could prevail against Defendants and recover damages *without* proving copyright infringement. Plaintiff's "new" causes of action are merely disguises for a rehashing of his failed copyright claim, and the Complaint is therefore barred by res judicata.[1]

### C. The Complaint Should Further Be Dismissed On The Basis That It Fails To State A Claim For Relief Against Defendants

Plaintiff's Complaint should likewise be dismissed on the basis that it fails to state a claim upon which relief may be granted. Although Rule 8(a) requires only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.*, quoting *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] If the Court were to find that res judicata is not applicable to Defendants Wiczyk and Satchu, who were not parties to the Infringement Action, the doctrine of "nonmutual collateral estoppel" would nevertheless apply to preclude Plaintiff from relitigating his failed copyright claim. *See Syverson v. Int'l Bus. Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007).

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The determination of whether a complaint asserts a "plausible" claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

The requirements of *Twombly* and *Iqbal* apply with particular force to allegations of conspiracy. "[B]are assertion[s] of conspiracy will not suffice," *Twombly*, 550 U.S. at 556, nor will a "conclusory allegation of agreement at some unidentified point." *Id.* at 557.

Here, the allegations of the Complaint are anything but "plausible," and they do not permit the reasonable inference that Defendants are liable for anything.

### 1. The First Cause Of Action For Civil Conspiracy

Plaintiff pleads a First Claim for Civil Conspiracy. "A conspiracy is not an independent cause of action …." *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 708 (N.D. Cal. 2009). On this basis alone, the claim should be dismissed. Additionally, Plaintiff's pleading of this "conspiracy" claims, which he divides into five separate conspiracies, is patently deficient under Rule 8(a) and the *Twombly* and *Iqbal* opinions:

#### (a) The First Conspiracy

Plaintiff alleges as his "First Conspiracy" that *all* Defendants conspired to create the triggerstreet.com website, to mislead members about its security features, and to "erase evidence of their access of the Plaintiff's script" on that site, Compl. ¶ 192. Yet, no facts are pled or could be pled to support that Defendants had any involvement at all in the triggerstreet.com website (which they did not) or were part of a conspiracy involving this website (which they were not). Indeed, Plaintiff has admitted elsewhere in the Infringement Action and his Complaint here that triggerstreet.com was operated by defendants Spacey and Brunetti alone. Plaintiff knows full well that triggerstreet.com was a website owned and operated by actor Kevin Spacey and his producing

9

partner, Dana Brunetti—not the other defendants in this case—and his allegations elsewhere show as much. *See* Korn Decl., Ex. 1 ¶ 18 (referring to triggerstreet.com as "Kevin Spacey's and Dana Brunetti's … website"); Compl. ¶ 128 (referring to Spacey and Brunetti as "TS's and TSP's founder and CEO").

Despite admitting that triggerstreet.com was a Spacey/Brunetti website, Plaintiff alleges that he "suspects Def Asif Satchu . . . is likely TS's designer and coordinator" and that he "believes TS was formed in a conspiracy most likely conceived by Defendant Ari Emanuel." Complaint ¶¶ 45, 82. These "'naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Twombly*, 550 U.S. at 556 ("bare assertion of conspiracy [that] will not suffice").

Not only are there no facts pled supporting that the moving Defendants had any involvement in triggerstreet.com, but this "First Conspiracy" claim is utterly devoid of any specific allegations concerning what the moving Defendants are accused of doing *and how it injured Plaintiff*. In fact, looking at the allegations under the heading "First Conspiracy," it is impossible to discern how Plaintiff contends he was damaged. Thus, the moving Defendants are at a loss as to what the claim against them is. For each of the reasons stated above, this "First Conspiracy" claim fails as a matter of law.

### (b) The "Second Conspiracy"

Plaintiff alleges a "Second Conspiracy" in which Defendants "conspired to prevent the Plaintiff from discovering the film *Elysium* was in production." Compl. ¶ 193. Here too, there is no factual support of what Defendants are accused of doing and no allegations of how anything alleged caused harm to Plaintiff. This "bare assertion of conspiracy will not suffice." *Twombly*, 550 U.S. at 556.

### (c) The "Third Conspiracy"

The "Third Conspiracy" alleges that Defendants conspired to conceal their infringement of Plaintiff's screenplay by editing the film *Elysium* to remove features that were similar to Plaintiff's work. Compl. ¶ 194-198. The Complaint pleads no facts to support this facially absurd claim that Defendants edited the Film to thwart a copyright claim by Plaintiff, nor would this

constitute a violation of Plaintiff's rights even if it occurred. For these reasons, and because this is an obvious collateral attack on the Infringement Action, the "Third Conspiracy" claim fails.

### (d) The "Fourth Conspiracy"

The "Fourth Conspiracy" subsumed within the First Claim alleges a supposed "conspiracy to prevent the Plaintiff from prevailing in his copyright lawsuit." Complaint ¶¶ 199-200. Not only does this claim clearly fail under the collateral attack and res judicata doctrines discussed above, but it pleads *no facts* supporting with "facial plausibility" that Defendants are guilty of the conduct alleged. *Iqbal*, 556 U.S. at 678.

### (e) The "Fifth Conspiracy"

The "Fifth Conspiracy" alleges a vague conspiracy "to break California business, labor and ethics codes" in the production of *Elysium* and other business arrangements not involving Plaintiff. Compl. ¶¶ 201-205. There is no indication of what Defendants supposedly did that was wrongful and no indication of how Plaintiff was harmed as a result. This is an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### 2. The Third Cause Of Action For Fraud

Plaintiff's Third Claim for fraud offers little more than a "formulaic recitation of the elements" of a fraud claim. *Iqbal*, 556 U.S. at 678. The Complaint alleges that "Defendants made numerous false representations, as true." Compl. ¶ 219. Four of the five alleged false misrepresentations concern triggerstreet.com. *Id.* ¶ 219(a)-(b). No facts are pled to support that Defendants are responsible for these supposed misrepresentations, much less facts which meet the pleading standard of Rule 9(b).

The only other alleged false misrepresentation in the Third Claim is that Defendants "knowingly submitted [Rovin's] falsified expert report to the District Court" in the Infringement Action. Compl. ¶ 219(e). Plaintiff claims he was harmed because the "District Court relied on the false claims of the Defendants' expert." *Id.* ¶ 223. This claim is not pled with particularity as required by Rule 9(b), and it clearly fails under the collateral attack and res judicata doctrines discussed above. *See*, *e.g.*, *Advocare*, 2010 WL 2196449, at *2 (holding that a claim that "false testimony led to a fraudulent verdict is an attack on the merits of the prior proceeding" and

11
MOTION TO DISMISS

violates the collateral attack doctrine).

### 3. The Fourth Cause Of Action For Fraudulent Deceit

Plaintiff's Fourth Claim for Fraudulent Deceit fails for the same reasons as his Third Claim for Fraud. Just as with his claim for fraud, this claim contains nothing more than vague, conclusory allegations of misrepresentations involving triggerstreet.com and Defendant's actions in the Infringement Action. Compl. ¶ 226. Plaintiff fails to plead with particularity facts supporting that Defendants made knowingly false statements *to him*, that Plaintiff relied on those statements, and that Plaintiff suffered cognizable harm as a result.

### 4. The Fifth Cause Of Action For Fraudulent Concealment

The Fifth Claim alleges that Defendants engaged in fraudulent concealment of various facts concerning triggerstreet.com and concerning the production of *Elysium*. *See* Compl. ¶ 234. Besides violating the preclusive doctrines discussed above, the Fifth Claim fails to plead a cognizable claim of fraudulent concealment. The elements of a claim of fraudulent concealment are: (1) "concealment or suppression of a material fact"; (2) "by a defendant with a duty to disclose the fact to the plaintiff"; (3) an intent to defraud the plaintiff; (4) the plaintiff's reliance on the concealment; and (5) "plaintiff sustained damage as a result of the concealment or suppression of the fact." *Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 606 (2014).

Here, Plaintiff fails to allege facts supporting that Defendants owed a *duty* to disclose anything to him. Plaintiff fails to allege facts supporting that Defendants knowingly concealed anything in order to induce his reliance, including that they concealed facts concerning a website (triggerstreet.com) which they do not operate. Plaintiff further fails to allege facts supporting that he relied on the supposedly concealed facts and was harmed as a result. Certainly, Plaintiff does not come close to pleading any of these elements with particularity as required by Rule 9(b).

### 5. The Sixth Cause Of Action For Negligence

Plaintiff pleads a Sixth Claim for negligence which is unintelligible. The Complaint states that Defendants "engaged in a variety of negligent actions and practices" pertaining to their businesses. For example, Plaintiff alleges:

The Defendants engaged in a brazenly negligent culture. (In 1999, Defs Universal

and MRC hired Def Wiczyk to implement the unethical business structure contemplated in Wiczyk's "memo"—although Wiczyk's memo actually predicted that only a studio that was *suffering*, like Universal, would implement his scheme.)

Compl. ¶ 238(A). In similarly strange fashion, Plaintiff alleges some "secret and unethical relationships" between certain of Defendants and Sony in "forming the business (Screenbid)." *Id.* ¶ 238(B). Relating specifically to *Elysium* and the Infringement Action, Plaintiff pleads that Defendants were negligent because "Sony Pictures bought the rights to Elysium, without reading a script." *Id.* ¶ 238(D).

The negligence claim fails as a matter of law on each of its elements. To prove negligence, Plaintiff must plead and prove the existence of a duty, the breach of duty, legal cause, and damages suffered from the breach. *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003). Here, Plaintiff fails to plead facts supporting that Defendants owed him any duty in how they operated their business or in how they developed the Film. Manifestly, Defendants owed no duty *to Plaintiff* to read a script for *Elysium* before they acquired the project. Further, the Complaint pleads no facts supporting that Defendants breached whatever duty might be owed to him, or that he was damaged as a result of Defendants' alleged conduct. The claim of negligence consists of "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### 6. The Seventh Cause Of Action For Gross Negligence

The Seventh Claim for gross negligence fails for the same reasons as the Seventh Claim. Plaintiff merely incorporates the previous paragraph and defines gross negligence, adding no factual support for the claim. *See* Complaint ¶ ¶ 240-241.

### 7. The Eighth Cause Of Action For Willful Suppression Of Evidence/ Spoliation Of Evidence

Plaintiff asserts an Eighth Cause of Action for willful suppression and spoliation of evidence pursuant to CACI 204. *See* Compl. p. 54. The CACI jury instructions do not provide a basis for a cause of action, and the California Supreme Court has declined to recognize intentional spoliation as a tort remedy to protect against the exact abuse that Plaintiff is attempting here.

*Cedars-Sinai Med. Ctr. v. Superior Court*, 18 Cal. 4th 1, 8-11 (1998). Allowing for such a remedy would "encourage a spiral of lawsuits," "would impermissibly burden, if not inundate, our justice system," and could lead to "endless litigation, in which nothing was ever finally determined." *Id.* at 9,10 (internal quotation marks omitted); *see also Warden v. Cross*, 94 F. App'x 474, 475–76 (9th Cir. 2004)("The California Supreme Court has recognized … that a tort remedy for spoilation [sic] of evidence would produce an endless string of derivative actions."). On this basis alone, the claim fails.

Even if a cause of action for suppression or spoliation of evidence was cognizable, no facts are pled to support such a claim here. Plaintiff alleges the spoliation of evidence on triggerstreet.com, but as with the First Claim, no facts are alleged to support that Defendants had any involvement in triggerstreet.com or in the purported destruction of evidence on that site.

Plaintiff further alleges that Defendants suppressed evidence during the Infringement Action by failing to answer interrogatories and by allegedly proffering a false statement from one of the producers of *Elysium*. *See* Compl. ¶¶ 247(3)-(4). No facts are alleged to support the existence of a "plausible" claim in this regard, *Iqbal*, 556 U.S. at 678, and moreover, these attacks on the Infringement Action are clearly barred by the collateral attack doctrine. *See Advocare*, 2010 WL 2196449 at *2.

Additionally, as a matter of law, any suppression or spoliation of evidence—obviously, there was none—is immaterial and not a cause of Plaintiff's alleged harm. Both Judge Hamilton and the Ninth Circuit found that Plaintiff's screenplay and *Elysium* were not substantially similar as a matter of law. *No evidence* that Plaintiff might have discovered could or would have changed this result, since substantial similarity is assessed based on the works alone.

For each of these reasons, the Eighth Claim fails as a matter of law.

### 8.   The Eleventh Cause Of Action For An Accounting

The Eleventh Claim for an accounting also must fail. A claim for accounting can be alleged as a legal remedy or an equitable claim. *Penney v. Wells Fargo Bank*, NA, No. 2:11-CV-05567-ODW, 2012 WL 2071705, at *13 (C.D. Cal. June 8, 2012). While Plaintiff sets forth his accounting claim as a separate claim of relief, it is not clear whether he intends to assert a separate

1 claim or whether he is seeking accounting as a remedy. To the extent that Plaintiff is alleging
2 accounting as a legal remedy, it must fail because it is not "tethered to relevant actionable claims."
3 *Id*. Plaintiff has failed to sufficiently state any actionable claim against Defendants, and therefore,
4 he is not entitled to accounting as a legal remedy. *Id*.

Plaintiff's equitable claim for accounting also fails. A cause of action for accounting may only be maintained when "(1) a relationship exists between a plaintiff and defendant that requires an accounting, and (2) some balance is due to the plaintiff that can only be ascertained by an accounting." *Shkolnikov v. JPMorgan Chase Bank*, 2012 WL 6553988, at *23 (N.D. Cal. Dec. 14, 2012). Plaintiff has failed to allege any relationship between himself and Defendants that would require an accounting. Further, even assuming that there is some balance due to Plaintiff, which there is not, Plaintiff has not presented any evidence that the amount can only be ascertained by an accounting. Compl. ¶¶ 263-266.

Moreover, Plaintiff yet again attempts to use this action to attack the District Court's decision in the Infringement Action. The accounting claim alleges that "[t]he Defendants won a favorable judgment in *Briggs v Blomkamp* by deceiving the court and falsifying documents, thereby cheating the judicial system, and cheating the Plaintiff out of his right to due process and a fair hearing, and to … rightful profits and damages." *Id.* ¶ 267. Clearly, then, this claim is an attempt to re-litigate the prior adverse ruling and is impermissible.

## IV.  CONCLUSION

For all the reasons set forth above, Defendants respectfully request that the Court grant their Motion and dismiss the Complaint in its entirety.

DATED: November 9, 2018        KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:     */s/ Gregory Korn*
Gregory Korn
Attorneys for Defendants MRC II DISTRIBUTION COMPANY LP; MORDECAI WICZYK; ASIF SATCHU; SONY PICTURES ENTERTAINMENT INC.; and ARIEL EMANUEL