KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
KATE MANGELS (SBN 301811)
  kmangels@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
MRC II DISTRIBUTION COMPANY LP;
MORDECAI WICZYK; ASIF SATCHU;
SONY PICTURES ENTERTAINMENT INC.;
and ARIEL EMANUEL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SPACEY; et al.,<br><br>Defendants. | Case No. 3:18-cv-04952-VC<br><br>[Hon. Vince Chhabria]<br><br>**DEFENDANT MRC II DISTRIBUTION COMPANY LP'S NOTICE OF MOTION AND MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR PRE-FILING SCREENING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Gregory Korn and Request for Judicial Notice filed contemporaneously herewith]<br><br>Date:   December 20, 2018<br>Time:   10:00 a.m.<br>Crtrm.:  4 |

10021.00024/605461.1                                                                                      3:18-cv-04952-VC

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 20, 2018, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom No. 4 of the above entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Vincent Chhabria, Defendant MRC II Distribution Company LP (erroneously sued as "MRC") will appear and move the Court for an order (1) declaring Plaintiff a vexatious litigant, and (2) imposing a pre-filing screening order pursuant to which Plaintiff must obtain leave of court before filing any further documents in this action and before filing subsequent actions in this Judicial District or elsewhere which relate in any way to the facts of the Complaint in this action, including without limitation actions relating to Plaintiff's past and present claims concerning the feature film *Elysium*.

Defendant's motion is made on the grounds that Plaintiff has filed and continues to file frivolous pleadings, including the complaint in the instant case. These pleadings are numerous, abusive, and harassing in violation of the holdings of *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) and *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and Declaration of Gregory Korn, all papers and pleadings on file in this action, and on such other and further evidence and argument as the Court may lawfully consider in the exercise of its wise discretion.

DATED: November 9, 2018                Respectfully submitted,

                                                         KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:     */s/ Gregory Korn*
        Gregory Korn
        Attorneys for Defendants
        MRC II DISTRIBUTION COMPANY LP;
        MORDECAI WICZYK; ASIF SATCHU;
        SONY PICTURES ENTERTAINMENT INC.; and
        ARIEL EMANUEL.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this case, Plaintiff Steve Wilson Briggs ("Plaintiff") has filed yet another frivolous action relating to a claim of copyright infringement that was resolved and dismissed by a District Court for the Northern District of California in a now conclusively final judgment. This is Plaintiff's *third* action seeking redress for the alleged infringement of his work which, as prior courts have found, simply did not occur. Enough is enough. In a simultaneously-filed motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant MRC II Distribution Company LP[1] ("Defendant") requests that this action be dismissed on the basis that it is barred by the "collateral attack" and res judicata doctrines; and pursuant to this motion, Defendant respectfully requests that Plaintiff be deemed a vexatious litigant, and that the Court impose appropriate restrictions on Plaintiff's ability to file future harassing lawsuits.

For the last five years, Plaintiff has pursued baseless claims that the motion picture *Elysium* (the "Film") infringed a screenplay he had written and posted on the Internet. Plaintiff first brought these claims in an October 2013 case filed *in pro per* in this Judicial District entitled *Steve Wilson Briggs v. Neill Blomkamp, et al.*, N.D. Cal. Case No. 13-cv-4679-PJH (the "Infringement Action"). In addition to Defendant, the Infringement Action was filed against the writer/director and distributor of the Film, both of whom are named again in this lawsuit. The Honorable Phyllis J. Hamilton granted summary judgment of the Infringement Action on the basis that there was no evidence of access or substantial similarity. *See Briggs v. Blomkamp*, 70 F. Supp. 3d 1155 (N.D. Cal. 2014). The Ninth Circuit affirmed the Court's grant of summary judgment on these same bases. *See Briggs v. Sony Pictures Entm't, Inc.*, 714 F. App'x 712, 713 (9th Cir. 2018). The Supreme Court then denied Plaintiff's petition for a Writ of Certiorari. *Briggs v. Sony Pictures Entm't, Inc.*, 2018 WL 3391694, at *1 (U.S. Oct. 1, 2018).

Here, Plaintiff sues *the same defendants* he sued in the Infringement Action, as well as

---

[1] Defendant was erroneously sued as "MRC," which is a colloquially-used name for the company but not the official name of any entity.

several other defendants affiliated in some way with *Elysium* or with Plaintiff's allegations as to how his screenplay was purportedly accessed by the Film's creators. Plaintiff does not expressly re-plead his claim for infringement of his screenplay; instead, he asserts various claims of conspiracy, fraud, fraudulent concealment, and negligence (among others). But these causes of action are nothing more than a repackaging of his failed copyright claim. The underlying facts on these claims are the same as those alleged in the copyright action. The only harm Plaintiff alleges in this case is that he lost his copyright claim in the Infringement Action. And the primary remedy Plaintiff demands—the disgorgement of profits on the Film—is the same remedy he sought unsuccessfully in the Infringement Action, and one that could *only* be awarded (if at all) on his summarily adjudicated claim of copyright claim.

Plaintiff's continued pursuit of his failed copyright claim is wasting the time and resources of the parties and this Court. Without judicial intervention declaring Plaintiff a vexatious litigant, he will continue to "preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). For these and the additional reasons discussed herein, Defendant respectfully requests that the Court issue an order (1) declaring Plaintiff a vexatious litigant, and (2) imposing a pre-filing screening order pursuant to which Plaintiff must obtain leave of court before filing any further documents in this action and before filing subsequent actions in this Judicial District or elsewhere which relate in any way to the facts of the Complaint in this action, including without limitation actions relating to Plaintiff's past and present claims concerning the feature film *Elysium*.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plaintiff Lost His Copyright Claims In The Prior Action

In or about 2013, Plaintiff filed an action for copyright infringement in the United States District Court of the Northern District of California entitled *Steve Wilson Briggs v. Neill Blomkamp, et al.*, N.D. Cal. Case No. 13-CV-4679-PJH, which was assigned to the Honorable Phyllis J. Hamilton. *See* Request for Judicial Notice ("RJN") ¶ 1; Declaration of Gregory Korn ("Korn Decl."), Ex. 1. A copy of the Amended Complaint in that Infringement Action by Plaintiff is provided herewith. *See id.*

The alleged underlying events in the Infringement Action are the same as the events giving rise to the claims in this action. In the Infringement Action, Plaintiff alleged that the feature film *Elysium* infringed a screenplay he wrote entitled "Butterfly Driver." Korn Decl., Ex. 1 ¶ 1. Among the defendants named in the Prior Action were three who are also named in this matter: (1) Neill Blomkamp, the writer and director of *Elysium* (*id.* ¶ 10); (2) Sony Pictures, the distributor of *Elysium* (*id.* ¶ 11); and (3) "Media Rights Capital," the producer of *Elysium* (*id.* ¶ 13).

The Amended Complaint in the Infringement Action contended that these defendants must have accessed Plaintiff's screenplay online and used it in producing *Elysium*. It alleged that Plaintiff had posted his screenplay "on Kevin Spacey's and Dana Brunetti's filmmaker-screenwriter website, 'Trigger Street' (triggerstreet.com) … designed to link filmmakers and screenwriters with industry professionals." *Id.* ¶ 18. Plaintiff alleged that triggerstreet.com was the "ONLY place the Plaintiff ever posted a complete script of Butterfly Driver," and that this website was "where the Defendants had access to the Plaintiff's script." *Id.* ¶¶ 22-23. Plaintiff then alleged in exhaustive detail the similarities he contended were present between his work and that of defendants. *See generally id.*

The Court granted summary judgment of the case in its entirety. *See Briggs v. Blomkamp*, 70 F. Supp. 3d 1155. The Court found that Plaintiff presented no evidence that anyone associated with *Elysium* had accessed his screenplay on triggerstreet.com. *Id.* at 1165-1167. The Court further found that the parties' works were not substantially similar as a matter of law, even if there were access. *Id.* at 1167-1177.

The Ninth Circuit affirmed the Court's grant of summary judgment, holding that Plaintiff "failed to raise a genuine dispute of material fact as to whether defendants accessed his screenplay Butterfly Driver, or whether Briggs's screenplay and defendants' film Elysium are either strikingly or substantially similar." *See* RJN ¶ 2; *Briggs v. Sony Pictures Entm't, Inc.*, 714 F. App'x 712, 713 (9th Cir. 2018), cert. denied, 2018 WL 3391694 (U.S. Oct. 1, 2018).  Plaintiff then petitioned the United States Supreme Court for a Writ of Certiorari, which was denied. *See* RJN ¶ 3; *Briggs v. Sony Pictures Entm't, Inc.*, 2018 WL 3391694, at *1 (U.S. Oct. 1, 2018).

### B. Plaintiff's Collateral Attacks Against The Adverse Judgment In The Infringement Action

In 2017, Plaintiff filed a complaint that is essentially identical to the one filed herein, in the matter entitled *Steve Wilson Briggs v. Universal Pictures, et al.*, N.D. Cal. Case No. 17-cv-06552-VC (the "Second Action"). Several of the defendants in that case moved to dismiss the action on the basis that it was an improper collateral attack on the adverse judgment in the Infringement Action. See, e.g., Second Action, Dkt. No. 27. Eventually, this Court dismissed the action without prejudice for lack of subject matter jurisdiction, owing to the fact that Plaintiff had been unable to serve the defendants whom he had named in the federal causes of action that were the sole basis for jurisdiction. Second Action, Dkt. No. 76.

On August 15, 2018, Plaintiff commenced this action by re-filing the complaint from the Second Action with immaterial changes to some of the named defendants and causes of action. Dkt. No. 1. This action was related to the Second Action and transferred to this Court on or about August 28, 2018. Dkt. No. 7.

As discussed in more detail in Defendant's accompanying motion to dismiss, this action is a blatant collateral attack on the final judgment in the Infringement Action. Regardless of how Plaintiff styles his causes of action, the one and only "harm" he points to in his Complaint is that the defendants in this case "won a favorable judgment in *Briggs v Blomkamp* by deceiving the court and falsifying documents, thereby cheating the judicial system, and cheating the Plaintiff out of his right to due process and a fair hearing, and to … rightful profits and damages." Dkt. No. 1, Compl. ¶ 267; *see also id.* ¶ 251 (alleging that "the Defs' actions resulted [in] a wrongful judgment in the Defendants' favor—thereby costing the Plaintiff due legal damages and profits"); *id.* ¶ 185 (alleging that the "Defendants' efforts to cheat the judicial process . . . in *Briggs v. Blomkamp*, resulted in the Plaintiff losing substantial, rightful damages"). Further, the remedy Plaintiff seeks here is "the recovery from the Defendants, and for the Plaintiff, of all profits from the film Elysium (DVD, video games, etc.), per 17 U.S.C. § 505." Compl. p. 58. Yet, this is a statutory remedy under the Copyright Act (17 U.S.C. § 504(a)) that would be available only on a claim for copyright infringement, and that was, in fact, the remedy Plaintiff sought in the

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Infringement Action. *See* Korn Decl., Ex. 1, ¶ 255 (alleging in the Infringement Action that "Defendants have realized and continue to realize profits, rightfully belonging to the Plaintiff").

In short, the alleged harm here and in the Infringement Action is the same. The remedy sought is the same. Labels aside, Plaintiff's claims here endeavor to resurrect his summarily adjudicated copyright claims.

## III. ARGUMENT

### A. Legal Standard Regarding Vexatious Litigants

The Ninth Circuit has long recognized the "strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long*, 912 F.2d at 1147. One of these restrictions is the court's "inherent power to enter pre-filing orders against vexatious litigants" under the All Writs Act, 28 U.S.C. § 1651(a). *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing to *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999)).

In *De Long*, the Ninth Circuit outlined four factors to be considered in entering a pre-filing order. 912 F.2d at 1147. A district court must: (1) give the litigant "notice and an opportunity to be heard;" (2) "create an adequate record for review;" (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions;" and (4) narrowly tailor the order "to closely fit the specific vice encountered." *Id*. at 1147-48.

Here, the procedural requirement under *De Long* that Plaintiff have "notice and an opportunity to be heard" is met when a motion is "filed by the defendants … and [plaintiff] ha[s] the opportunity to oppose the motion, both in writing and at a hearing." *Molski*, 500 F.3d at 1058. And for the reasons discussed below, Plaintiff's filing of this and his other two actions, and his conduct in these actions, warrants the entry of a pre-filing order.

### B. Plaintiff Should Be Declared A Vexatious Litigant

To determine whether a litigant's actions are of a "frivolous or harassing nature" so as to warrant a finding that he is vexatious litigant, the Ninth Circuit has identified the five-factor analysis in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d. Cir. 1986) as a "helpful

1  framework." *Molski*, 500 F.3d at 1058 (finding the Second Circuit's standard "a helpful

2  framework for applying the two substantive (factors three and four) of our own four-factor

3  standard"). This analysis considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* As discussed below, *each* factor weighs in favor of the relief requested herein.

### 1. Plaintiff's History of Vexatious, Harassing, and Duplicative Suits and Motions

Plaintiff has demonstrated a clear pattern of filing "vexatious, harassing or duplicative lawsuits" within the meaning of *Molski*. The Infringement Action itself was entirely baseless, as documented in the rulings of the Northern District of California and the Ninth Circuit. Worse, Plaintiff was unfazed by the rulings of those courts, which make clear that his claim was baseless, and he has persisted in trying to relitigate his copyright claim under the guise of other tort causes of action. He filed the Second Action to do so, and in the course of that action filed patently frivolous motions and other inappropriate documents with the Court. *See*, *e.g.*, Second Action, Dkt. Nos. 24-25 and 43 (frivolous motion for sanctions), 81-82 (improperly-filed motion for default judgment). Now he has filed this action, which is his third action that seeks redress for the alleged infringement of his screenplay. And again in this case, Plaintiff has wasted the Court's time, *inter alia*, with unwarranted requests for entry of default against defendants *who were never properly served*. *See* Dkt. Nos. 18, 25, 33, 41 (baseless requests for entry of default and clerk's rejections of same).

To make a substantive finding as to the frivolousness nature of Plaintiff's activities, the court must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Here, Plaintiff's lawsuits are patently duplicative. *See Loumena v. Kennedy*, 2015 WL 5963988, at *1, 15-16 (N.D. Cal. Oct. 13, 2015), aff'd, 671 F. App'x 446 (9th Cir. 2016) (finding

plaintiff a vexatious litigant after filing four lawsuits when "[t]he instant complaint alleges facts and a cause of action nearly identical to a previous case"). The present complaint is a simple regurgitating of the very same accusations set forth in Plaintiff's previous two actions, alleging the same conspiracy to infringe his work. The fact that Plaintiff pleads different causes of action than in the initial Infringement Action is meaningless. "The different lawsuits filed . . . may have different legal theories but the legal theories are all based on the same set of facts." *Hambolu v. Fortress Inv. Grp.*, 2017 WL 1833265, at *3 (N.D. Cal. May 8, 2017), appeal dismissed, 2017 WL 5952278 (9th Cir. Sept. 13, 2017) (finding Plaintiff a vexatious litigant due to the "duplicative and harassing nature" of his seven filings).

This action is particularly abusive because the claims that Plaintiff pursues and the remedies he seeks were all *rejected* conclusively in the Infringement Action. Thus, even though the number of Plaintiff's actions may be lower than those of other plaintiffs deemed vexatious litigants, Plaintiff's filings, "while fewer in number, are sufficiently egregious" in part because they "attempt to take the same improper action, and raise the same arguments that have already been rejected." *Bank of New York Mellon v. Brewer*, 2012 WL 3904342, at *4 (N.D. Cal. Sept. 7, 2012). By bringing the same factual case again, notwithstanding the dismissal of his Infringement Claim, Plaintiff is "filing not only duplicative lawsuits but also, necessarily, frivolous and harassing ones." *Hambolu*, 2017 WL 1833265, at *4.

### 2. Plaintiff's Bad Faith in Pursuing this Litigation

The second *Safir* factor adopted by the Ninth Circuit is "the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?" *Molski*, 500 F.3d at 1058. Plaintiff's repeated filing of meritless claims against Defendant indicate no possible motive other than harassment. Moreover, Plaintiff's Complaint is rife with disparaging remarks against the various defendants that have no nexus to Plaintiff or his claims whatsoever. For example, in the nearly one hundred paragraphs of the Complaint addressing defendants' histories in the entertainment industry, Plaintiff inexplicably describes representations of certain defendants in media (Emanuel's "aggressive, unethical business practices inspired the *Entourage* (HBO) character *Ari Gold*." Compl. ¶ 40), analyzes an unrelated article published in 2007 about

one of the defendants ("Wiczyk's psychopathy is on full display in those final lines of the article." Compl. ¶ 60), and comments on a defendant's acting career ("Spacey's career sputters." Compl. p. 18 (heading)). These statements have nothing to do with Plaintiff's claims, and their inclusion in the Complaint are further indication of his intent to harass.

Further, Plaintiff cannot have an objective good faith expectation of prevailing. "Bringing the same suit over and over again and expecting different results in a legal system in which prior outcomes are binding is objectively unreasonable." *Petteruti v. David Grant Med. Ctr.*, 2005 WL 1412452, at *3 (N.D. Cal. June 14, 2005), aff'd sub nom. *Petteruti v. Davis Grant Med. Ctr.*, 174 F. App'x 381 (9th Cir. 2006).

### 3. Plaintiff's *Pro Se* Status Weighs In Favor of a Pre-filing Order

The third *Safir* factor adopted by the Ninth Circuit, whether the litigant is represented by counsel, also supports a pre-filing order. *Molski*, 500 F.3d at 1058. "*Pro se* litigants are not immune from a vexatious litigation finding." *Loumena*, 2015 WL 5963988, at *17 (internal quotation marks omitted). Rather, "there are also sound policy reasons supporting the use of filing limitations against unrepresented parties when proper, as they allow the courts to maintain their docket when other controls are often unavailable." *Bank of New York Mellon*, 2012 WL 3904342, at *2.

In this instance, Plaintiff's representation of himself has resulted not only in the filing of improper lawsuits, but also in the filing of frivolous motions for sanctions against opposing counsel (*supra* at 6) and unwarranted requests for entry of default against defendants who were never served. *See supra* at 6. Plaintiff's *pro se* status thus further supports the imposition of a pre-filing order.

### 4. Plaintiff's Waste of the Court's and Parties' Resources

A pre-filing order is also supported by the burden placed on the Court and defendants in these actions. The moving Defendant (as well as all other defendants) has been forced to "respond to vague claims in [a] lawsuit[] which ha[d] ultimately been dismissed," and "incur[e]d the costs of securing counsel and … filing a response." *Heredia v. TTM Techs. Inc.*, 2018 WL 3566869, at *7 (N.D. Cal. July 25, 2018). Plaintiff's conduct has not only burdened Defendant, but has also

caused an undue waste of judicial time and resources. Particularly here, where Plaintiff's nearly identical claims were dismissed, he has wasted the Defendant's and the Court's time and resources "attempting to relitigate claims that the district court has already found cannot be supported by the facts or the law." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990); *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983) (finding that the "advantage of dispensing injunctive relief against relitigation is that it is an easy way to articulate forcefully the principles of collateral estoppel and res judicata," and that "[f]or the judicial system, this means a preservation of judicial resources.").

### 5. No Other Sanctions Would Adequately Protect The Court or Parties

The final factor in the *De Long* analysis is that the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. *De Long*, 912 F.2d at 48. This is also articulated as "whether other sanctions would be adequate to protect the court and other parties." *Molski*, 500 F.3d at 1058. Defendant's request for a pre-filing screening order on any further actions brought by Plaintiff in this Judicial District or elsewhere which relate in any way to the facts of the Complaint is appropriate under the circumstances. *See Moy*, 906 F.2d at 471 (ordering a pre-filing review of further complaints from a pro se plaintiff when all complaints arose out of the same set of operative facts). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved." *Petteruti*, 2005 WL 1412452, at *2. The requested order is tailored to Plaintiff's abusive behavior of filing multiple complaints alleging the same elaborate conspiracy.

Particularly due to Plaintiff's status as a *pro se* litigant, any lesser sanction would be insufficient to deter his abuse of the judicial system. Pre-filing orders "can be especially pertinent to individuals proceeding without counsel because fewer sanctions are available against a pro per litigant." *Heredia*, 2018 WL 3566869, at *2 (internal quotation marks omitted). For example, monetary sanctions are unlikely to be successful against Plaintiff and "any attempt to obtain and collect monetary sanctions from the unrepresented pro se … would likely increase court proceedings and the financial burden on Defendants." *Hambolu*, 2017 WL 1833265, at *4. For this reason, a less restrictive order would never deter Plaintiff.

## IV. CONCLUSION

For all the reasons set forth above, Defendant respectfully requests an order (1) declaring Plaintiff a vexatious litigant, and (2) imposing a pre-filing screening order pursuant to which Plaintiff must obtain leave of court before filing any further documents in this action and before filing subsequent actions in this Judicial District or elsewhere which relate in any way to the facts of the Complaint in this action, including without limitation actions relating to Plaintiff's past and present claims concerning the feature film *Elysium*.

DATED: November 9, 2018

Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:     */s/ Gregory Korn*
      Gregory Korn
      Attorneys for Defendants
      MRC II DISTRIBUTION COMPANY LP;
      MORDECAI WICZYK; ASIF SATCHU;
      SONY PICTURES ENTERTAINMENT INC.; and
      ARIEL EMANUEL