1  Stephen G. Larson (SBN 145225)
   *slarson@larsonobrienlaw.com*
2  Jonathan E. Phillips (SBN 233965)
   *jphillips@larsonobrienlaw.com*
3  A. Alexander Lowder (SBN 269362)
   *alowder@larsonobrienlaw.com*
4  **LARSON O'BRIEN LLP**
   555 South Flower Street, Suite 4400
5  Los Angeles, CA  90071
   Telephone:  213.436.4888
6  Facsimile:   213.623.2000

7  Attorneys for TRIGGER STREET
   PRODUCTIONS, INC.

8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

|  |  |
|---|---|
| 12 STEVE WILSON BRIGGS, | Case No: 3:18-cv-04952-VC |
|  | Related Case No. 3:17-CV-6552-VC |
| 13       Plaintiffs, |  |
| 14    v. | [Hon. Vince Chhabria] |
| 15 KEVIN SPACEY; ARI (ARIEL); | **DEFENDANT TRIGGER STREET** |
| EMANUEL; MATT DAMON; BEN | **PRODUCTIONS, INC.'S REPLY** |
| 16 AFFLECK; NBC UNIVERSAL | **IN SUPPORT OF MOTION TO** |
| MEDIA, LLC; SONY PICTURES ENT | **DISMISS COMPLAINT** |
| 17 INC.; TRIGGER STREET | **PURSUANT TO FED. R. CIV. P.** |
| PRODUCTIONS; NEILL | **12(B)(6) AND/OR 9(B)** |
| 18 BLOMKAMP; ASIF SATCHU; |  |
| MORDECAI (MODI) WICZYK; | Date: December 6, 2018 |
| 19 WILLIAM (BILL) BLOCK; DANA | Time: 10:00 a.m. |
| BURNETTI; SOUND POINT CAPITAL | Crtrm.: 4 |
| 20 MANAGEMENT, LC; MRC (and all |  |
| MRC entities and subs.), |  |
| 21       Defendants. |  |

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................... 1

II.     LEGAL ARGUMENT ................................................................................... 1

     A.      Briggs's Claims are Stale ................................................................... 1

     B.      The Doctrine of Collateral Estoppel Applies ................................... 5

     C.      Briggs Fails to Properly Plead His Fraud Claims ............................ 6

     D.      The Negligence Claims Fail to Allege a Valid Duty ........................ 6

     E.      Briggs Infringement Claims Fail ....................................................... 7

     F.      Briggs Concedes Spoliation Is Not an Independent Tort ................. 7

     G.      Briggs's Conspiracy Arguments Fail ................................................ 8

     H.      Briggs Cannot Cure His Complaint's Defects .................................. 8

III.    CONCLUSION .............................................................................................. 9

I.      **INTRODUCTION**

Plaintiff Steve Wilson Briggs's ("Briggs") Complaint is incurably flawed and should be dismissed without leave to amend.  It is no surprise, then, that Briggs's untimely Opposition brief fails to refute the challenges raised in Defendant Trigger Street Productions, Inc.'s ("Trigger Street") motion to dismiss, and also fails to justify his request for leave to amend his pleading.

With regards to Trigger Street's statute of limitations defense, Briggs cannot cure this fatal defect in his pleading.  Briggs avers that tolling revives his stale claims, arguing that he did not discover his claims until 2016.  In fact, his complaint in *Briggs I* proves Briggs discovered the instant claims at least as of the date of that complaint, October 2013.  That date is almost five years before Briggs filed the instant lawsuit, and well outside the applicable statutes of limitations. Briggs's remaining arguments also fail and should be disregarded.  Briggs argues that the doctrine of collateral estopped does not apply.  However, he does not, and cannot, dispute that the issue of infringement was decided against him.  Thus, Briggs cannot prove any of the damages alleged in his Complaint.  As for the remaining defenses, Briggs's Opposition fails to identify factual allegations from the Complaint, or marshal any case law, to defeat Trigger Street's Motion.  In several instances, Briggs fails to even address the crux of the issue.

Accordingly, because each and every claim for relief in the Complaint fails to state a claim, and Briggs fails to show that amendment would cure any of these defects, Trigger Street respectfully requests that the Complaint be dismissed without leave to amend.

II.     **LEGAL ARGUMENT**

A.      **Briggs's Claims are Stale**

Briggs filed the instant Complaint well after the statute of limitations ran on each and every claim for relief.  Briggs's claims are all based on conduct that was four years old at the earliest when Briggs filed the Complaint.  In an attempt to

1   avoid dismissal, Briggs argues that his claims are timely under either the discovery

2   rule or the doctrine of fraudulent concealment.  (Opp. at 4-8.)  Both arguments are

3   unpersuasive.  Briggs's prior pleadings prove that he was aware of his claims by

4   October 2013 at the latest.

5          As a threshold matter, Briggs's arguments in his Opposition cannot do the

6   duty of well pled facts in the Complaint.  To toll the statute of limitations, both

7   California and federal law require Briggs to plead the relevant facts in his

8   Complaint.  Indeed, "federal courts have repeatedly held that plaintiffs seeking to

9   toll the statute of limitations on various grounds must have included the allegation

10  in their pleadings."  *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435

11  F.3d 989, 991 (9th Cir. 2006).  Under California law, "[i]n order to rely on the

12  discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint

13  shows on its face that his claim would be barred without the benefit of the

14  discovery rule must specifically plead facts to show (1) the time and manner of

15  discovery and (2) the inability to have made earlier discovery despite reasonable

16  diligence."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005).  With

17  regards to the doctrine of fraudulent concealment, "[u]nder either California or

18  federal authority, the plaintiff must plead with particularity the facts which give

19  rise to the claim of fraudulent concealment."  *Conerly v. Westinghouse Elec. Corp.*,

20  623 F.2d 117, 120 (9th Cir. 1980).  Here, the Complaint fails to make the required

21  factual showing.

22         To the contrary, it is clear from the face of the Complaint that all of Briggs's

23  claims are stale.  (See Mot. at 5-10.)  While Briggs argues that tolling saved his

24  claims, he fails to cite to any allegations in the Complaint to support his arguments.

25  Thus, because the Complaint fails to plead facts to show that the statute of

26  limitations should be tolled for any of Briggs's claims, each and every claim

27  should be dismissed as time-barred.

28         Moreover, the dismissal should be with prejudice because, based on the

1    arguments and facts asserted in Briggs's Opposition, amendment would be futile.
2    Briggs's attempt to toll the statute of limitations fails for two primary reasons.
3    First, Briggs cannot invoke the discovery rule.  Briggs was aware of the factual
4    basis for his claims by October 2013 at the latest—when he filed his complaint in
5    *Briggs I*—and his claims are based on information in the public record.  Second,
6    the doctrine of fraudulent concealment does not apply because Briggs cannot
7    identify any conduct by Trigger Street that caused his claims to grow stale.

8         While Briggs argues in his Opposition that he did not discover his claims
9    against Trigger Street until February 2016, his complaint in *Briggs I* rebuts any
10   such argument.  Under the discovery rule, "[a] plaintiff is held to her actual
11   knowledge as well as knowledge that could reasonably be discovered through
12   investigation of sources open to her." *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103,
13   1109 (1988).  Thus, "[s]o long as a suspicion exists, it is clear that the plaintiff
14   must go find the facts; she cannot wait for the facts to find her." *Id.* at 1111.
15   Moreover, it is "the general rule that ignorance of the identity of the defendant
16   does not affect the statute of limitations." *Id.* at 1114.

17        Each and every claim for relief asserted in the Complaint arises from the
18   same meritless allegation—that the film *Elysium* infringed on Briggs's screenplay
19   *Butterfly Driver*.  In October 2013, Briggs filed a lawsuit for copyright
20   infringement based on precisely this allegation.  (Lowder Decl. Ex. 2.)  Notably, in
21   that lawsuit, Briggs alleged that he "posted the entire 'Butterfly Driver' script on . .
22   . 'Trigger Street'".  (*Id.* at ¶ 14.)  In that complaint, Briggs further alleged that
23   TriggerStreet.com "was the only website the Plaintiff ever posted his screenplay"
24   and that "**TriggerStreet is where the Defendants had access to the Plaintiff's**
25   **script.**"  (*Id.*) (emphasis in original).  Thus, five years before filing the instant
26   lawsuit, Briggs alleged the factual basis for each of the claims asserted in his
27   Complaint.  It is of no moment that Briggs chose not to name Trigger Street in
28   *Briggs I*, or that he may not have suspected Trigger Street of wrongdoing at that

1   time.  The law is clear that, once Briggs knew of his injury—the alleged

2   infringement of his screenplay—he had a duty to investigate.  Thus, Briggs cannot

3   claim that he "discovered" his claims in 2016.

4         Furthermore, Briggs cannot invoke the discovery rule in this matter.

5   "[W]here the factual basis for the claim is a matter of public record [the case] does

6   not invoke the rationale applying the discovery rule."  *See Shively v. Bozanich,* 31

7   Cal.4th 1230, 1253 (2003).  Here, the information Briggs cites in support of his

8   claims is information that was publicly available—Spacey's 2009 comments and

9   the *Terms of Use*.  Moreover, the Opposition perfectly captures why the discovery

10  rule does not apply to claims based on public information.  Briggs sued several

11  defendants in 2013, but argues that he did not discovery Trigger Street's

12  wrongdoing until 2016—after conducting discovery in *Briggs I*, after losing on

13  summary judgment, and while that case was pending on appeal to the Ninth

14  Circuit.  (Opp. at 2.)  According to Briggs, 15 months after *Briggs I* went up on

15  appeal, he discovered a public statement made by Spacy and published by the BBC

16  in 2009.  (*Id.*)  Briggs's discovery of Spacey's 2009 public statement supposedly

17  caused Briggs to review the Terms of Use, and this led him to file *Briggs II*.  (*Id.*)

18        The truth is, nothing prevented Briggs from conducting a review of the

19  Terms of Use in 2013.  Similarly, there is no apparent reason why Briggs could not

20  have found Spacey's 2009 public comment in 2013—it was published by the BBC,

21  an internationally known news outlet.  Thus, the information Briggs cites in his

22  Opposition—Spacey's 2009 statement and TriggerStreet.com's Terms of Use—are

23  pieces of information that were readily available to Briggs in 2013, or sooner.

24  That Briggs elected not to investigate Trigger Street or Spacey, at a time when he

25  was pursuing a lawsuit in which he directly discussed TriggerStreet.com's role in

26  the alleged copyright infringement, is an insufficient basis to invoke the discovery

27  rule. *See also Fox*, 35 Cal. 4th at 807 (holding that a plaintiff must plead "the

28  inability to have made earlier discovery despite reasonable diligence").

Finally, with regards to the doctrine of fraudulent concealment, Briggs fails to marshal any facts to support his argument. Rather, in his Opposition, he merely cites to authority stating the rule. (Opp. at 6-7.) Furthermore, as with the discovery rule, the fact that Briggs attributes his "discovery" to sources that were available to him years before defeats any claim that the statute of limitations should be tolled on account of any alleged fraudulent concealment.

Accordingly, because Briggs fails to identify any facts or law that would allow him to revive his stale claims, Trigger Street requests that the motion to dismiss be granted without leave to amend.

### B. The Doctrine of Collateral Estoppel Applies

Briggs argues, in error, that the doctrine of collateral estoppel does not bar his claims. (Opp. at 9.) In its Motion, Trigger Street established that Briggs is collaterally estopped from proving each and every one of his claims because the issue of infringement was decided against him in *Briggs I*. (Mot. at 10-12.) Briggs counters that "none of this matter's causes of action were either addressed or resolved in" *Briggs I*. (Opp. at 9.) In support of this meritless argument, Briggs directs the court to a chart of the parties and claims involved in his lawsuits. (*Id.* at 10.) Briggs's reliance on the parties and claims from the prior suit misses the point, as it is not the names of the causes of actions or the names of the parties that is relevant for this analysis.

Rather, the key point is that facts and issues resolved against Briggs in *Briggs I* prevent him from proving his claims in this lawsuit. Specifically, in *Briggs I*, he alleged that TriggerStreet.com was where the defendants obtained his copyrighted work. Because Briggs's infringement claim in *Briggs I* was disposed of on summary judgement, he is precluded from relitigating infringement here. And, as discussed in the Motion, this precludes him from establishing the element of damages for all of the causes of action alleged in the Complaint. Failure to prove that essential element is fatal to each and every one his claims—and Briggs

1   fails to show how any amendment can cure this fatal defect.

2          Accordingly, the doctrine of collateral estoppel is an independent basis to

3   grant the motion to dismiss without leave to amend.

4          **C.**   **Briggs Fails to Properly Plead His Fraud Claims**

5          With regards to his fraud claims, Briggs again fails to address Trigger

6   Street's argument.  Trigger Street challenged Briggs's fraud claims on the basis

7   that the Complaint fails to properly differentiate between the various defendants.

8   (Mot. at 12-13.)  A plaintiff must comply with Rule 9(b) when alleging fraud.  *See*

9   *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  "Rule 9(b) does not allow

10  a complaint to lump multiple defendants together but requires plaintiffs to

11  differentiate their allegations when suing more than one defendant."  *Id.* (citations

12  omitted).  In his Opposition, Briggs ironically attempts to defend his Complaint by

13  simply quoting the defective allegations.  (*See* Opp. at 11-14.)  But the paragraphs

14  cited in the Opposition each reflect the flaw addressed in Trigger Street's

15  Motion—they all merely refer to "Defendants" as an undifferentiated whole.  (*Id.*)

16  Furthermore, Briggs's argument that Spacey and Brunetti should be charged with

17  knowledge of the Terms of Use is inapposite.  (*See* Opp. at 14.)  Spacey and

18  Brunetti's status as Trigger Street executives does not address—let alone resolve—

19  the Complaint's failure to differentiate between the various defendants.

20         Because neither the Complaint nor the Opposition makes an effort to

21  distinguish or differentiate between the various defendants named in the

22  Complaint, Briggs's fraud claims (the Third, Fourth, and Fifth Claims for Relief)

23  must be dismissed for failure to comply with Rule 9 (b)'s pleading requirements.

24         **D.**   **The Negligence Claims Fail to Allege a Valid Duty**

25         Briggs's negligence claim must be dismissed because the Opposition does

26  not address the critical flaw in this claim for relief.  Briggs relies on California

27  Civil Code Section 1714(a) for the proposition that people must employ ordinary

28  care.  (Opp. at 14-16.)  While that may be an accurate assertion of the law, that

general statement does not speak to the facts of this case.  Briggs does not identify, in his Complaint or in his Opposition, what specific duty of care Trigger Street owed to him or how the breach of any alleged duty harmed him.  Briggs's failure to plead the breach of a duty owed to him is fatal to his negligence claims.  Accordingly, the Sixth and Seventh Claims for Relief must be dismissed.

### E.    Briggs Infringement Claims Fail

Briggs's Opposition appears to suggest that his infringement claims are based on the allegation that his copyrighted work, *Butterfly Driver*, could be viewed around the world.  (Opp. at 16-17.)  This clarification, however, does not cure the defects in Briggs's claim.  Briggs cannot state a claim for copyright infringement against Trigger Street based on Briggs's choice to post his copyrighted work on the worldwide web—www.triggerstreet.com or www.labs.triggerstreet.com.  (*See* Compl., ¶ 116; Ex. E.)  Furthermore, Trigger Street's *Terms of Use* expressly advised members that the website's content could be accessed from locations outside the United States, and informed members that it was their obligation to ensure their use of the site complied with local laws.  (Compl., Ex. A at 28.)  Thus, because Briggs knowingly posted his work on the web and agreed to TriggerStreet.com's *Terms of Use*, his infringement claim against Trigger Street is meritless and must be dismissed.

### F.    Briggs Concedes Spoliation Is Not an Independent Tort

Briggs concedes that his claim for spoliation of evidence is not actually an independent tort.  (*See* Opp. at 17 ("Willful Suppression of Evidence and Spoliation are [no] longer independent torts in California.").)  Accordingly, the Eighth Claim for Relief must be dismissed because, under California law, "there is no tort remedy for the intentional spoliation of evidence by a party to the cause of action to which the spoliated evidence is relevant."  *Forbes v. Cty. of San Bernardino*, 101 Cal. App. 4th 48, 55, 123 Cal. Rptr. 2d 721, 725 (2002) (citing *Cedars-Sinai Medical Center v. Superior Court*, 18 Cal.4th 1, 5, 954 P.2d 511

1   (1998)).

2          G.     **Briggs's Conspiracy Arguments Fail**

3          Briggs's civil conspiracy claim must be dismissed because he fails to plead

4   any wrongful conduct by Trigger Street or an agreement to commit a wrongful act.

5   Briggs argues that the Complaint identified five separate conspiracies and the

6   related theories of relief.  (Opp. at 18.)  Briggs is mistaken.  First, contrary to

7   Briggs's argument, the charging allegations of the Fifth Claim for Relief do not

8   purport to identify the theory underlying each of the alleged conspiracies.  (*See*

9   Compl. ¶¶ 192-201.)  Second, the haphazard allegations contained in the Fifth

10  Claim for relief do not entitle Briggs to relief of any kind.  The allegations are little

11  more than a series of protests untethered to any actionable theory of relief.  Indeed,

12  three of the five "conspiracies" discussed in the Opposition—willful suppression

13  of evidence, spoliation of evidence, and engaging in negligent enterprises—are not

14  cognizable claims for relief.  (*See* Mot. at 14.)

15         Setting aside the labels Briggs cited in his Opposition, the civil conspiracy

16  claim also fails because each of the claims for relief alleged in the Complaint is

17  time-barred, barred by the doctrine of collateral estoppel, or fatally deficient in

18  some other respect—all as addressed above.  Briggs's Opposition did nothing to

19  address these fatal defects.  Thus, in the absence of any viable claims, Briggs's

20  civil conspiracy claim must be dismissed.

21         H.     **Briggs Cannot Cure His Complaint's Defects**

22         Finally, Briggs argues that he should be granted leave to amend because two

23  litigation financers supposedly approached Briggs regarding funding for his

24  lawsuit.  (Opp. at 19.)  While Briggs refers to these inquiries as "analysis," the

25  attached exhibits do not contain or refer to any evaluation of the merits of Briggs's

26  claims.  More to the point, Briggs does not offer any authority for the proposition

27  that leave to amend should be granted when litigation financers respond to a

28  plaintiff's request for litigation financing.

1    Briggs has had multiple opportunities to plead claims for relief based on his

2  allegation that the film *Elysium* infringed on his screenplay.  Briggs lost on the

3  merits in *Briggs I*, and based on the allegations in *Briggs II* and in the instant

4  Complaint, it is clear that Briggs cannot plead a valid claim for relief.

5  Accordingly, any amendment to the instant Complaint would be futile and thus

6  should be refused.  "[C]ourts have discretion to deny leave to amend a complaint

7  for 'futility,' and futility includes the inevitability of a claim's defeat on summary

8  judgment."  *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting

9  *Johnson v. American Airlines, Inc.,* 834 F.2d 721, 724 (9th Cir. 1987).

10 **III.    CONCLUSION**

11   For the foregoing reasons, Defendant Trigger Street Productions, Inc.

12 respectfully requests that the Court dismiss all claims against it in Plaintiff's

13 Complaint without leave to amend.

14

15  Dated:  November 20, 2018                LARSON O'BRIEN LLP

16

17                                           By:  */s/* Jonathan E. Phillips
                                             Stephen G. Larson
18                                           Jonathan E. Phillips
                                             A. Alexander Lowder
19                                           Attorneys for TRIGGER STREET
                                             PRODUCTIONS, INC.
20

21

22

23

24

25

26

27

28

– 9 –