```
1  Steve Wilson Briggs
2  4322 Chico Ave.,
   Santa Rosa, CA 95407
3  510 200 3763
4  snc.steve@gmail.com
   PLAINTIFF, In Propria Persona
5
6
7
```

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| STEVE WILSON BRIGGS,<br>Plaintiff,<br>vs<br>KEVIN SPACEY;  ARI EMANUEL; MATT DAMON;  BEN AFFLECK; NBCUNIVERSAL MEDIA, LLC; SONY PICTURES ENT INC.; TRIGGER STREET PRODUCTIONS; NEILL BLOMKAMP;  ASIF SATCHU; MORDECAI WICZYK; BILL BLOCK; DANA BRUNETTI;  MRC (and all MRC Entities and subs.),<br>Defendants. | Civ No: 18-cv-04952-VC<br><br>**PLAINTIFF'S OPPOSITION TO MRC II DISTRIBUTION COMPANY LP'S, MORDECAI WICZYK'S, ASIF SATCHU'S,  SONY PICTURES ENTERTAINMENT INC'S, AND ARIEL EMANUEL'S MOTION TO DISMISS COMPLAINT**<br>Date:        December 20, 2018<br>Courtroom:  4<br>Time:        10:00 a.m.<br>Judge:       Hon. Vince Chhabria |
|---|---|

**PLAINTIFF'S OPPOSITION TO MRC II DISTRIBUTION COMPANY LP'S, MORDECAI WICZYK'S, ASIF SATCHU'S,  SONY PICTURES ENTERTAINMENT INC'S, AND ARIEL EMANUEL'S MOTION TO DISMISS COMPLAINT**

On August 15, 2018, the Plaintiff submitted to this Court a Complaint comprised of countless indisputable facts and exhibits. Incapable of defending these facts with a conventional Answer, on November 9, 2018, Defendants MRC II Distribution Company LP, Mordecai Wiczyk, Asif Satchu, Sony Pictures Entertainment Inc, and Ariel Emanuel responded with a motion to dismiss, based on FRCP Rule 12(b)(6) and/or 12(b)(1).

This filing represents Plaintiff's opposition to the Defendants' motion to Dismiss.

This Opposition is based on the following Memorandum of Points and Authorities, and the attached Proposed Order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**LEGAL STANDARD**

DISMISSAL

- The FRCP 12(b)(6) instructs the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**PLAINTIFF'S OPPOSITION RESPONSE**

### I. Opposition to Defendants' Argument "A"

Plaintiff's Opposition to Argument "A" of the Defendant's motion to dismiss, that **"The Complaint Is Barred By The "Collateral Attack" Doctrine,"** is the following:

The Defendants' opening argument, "The Complaint Is Barred By The "Collateral Attack" Doctrine," is baseless and false from the foundation.

The Plaintiff's action cannot be a collateral attack as its Causes of Action were not addressed in the Prior Action's (*Briggs v Blomkamp*) judgment. Cornell Law's *Wex Legal Dictionary* defines *Collateral Attack* as an "attack on a prior judgment in a new case (i.e., not by direct appeal)."

This essential element is not satisfied between the Prior Action and the current action. *Rein v. Providian Fin. Corp.,* 270 F.3d 895, 902 (9th Cir. 2001), explains:

> "The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts. See *Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ("We have made clear that [i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected.") (internal quotation marks omitted) (alteration in original). **Here, the collateral attack doctrine does not apply to Frenette because his claims were never addressed by a prior order or judgment."**

Again, the Defendants' argument is false, as this Action's Causes of Action have NOT been addressed in a prior order or judgment.

## II. Opposition to Defendants' Argument "B"

Plaintiff's Opposition to Argument "B" of the Defendant's motion to dismiss, which states "**The Complaint Is Barred By The Doctrine Of Res Judicata,**" is the following:

This Defendants' argument is fundamentally false, as the conditions for raising a Res Judicata defense are NOT present in this case. Cornell Law School's Wex Legal Dictionary provides the following definition **and examples** for Res Judicata:

> Generally, *res judicata* is the principle that a <u>cause of action</u> may not be relitigated once it has been judged on the merits. "Finality" is the term which refers to when a court renders a final judgment on the merits.
> *Res judicata* is also frequently referred to as "claim preclusion," and the two are used interchangeably throughout this article.
> **Breaking Down the Concept**
> Claim preclusion can be best understood by breaking it down into two sub-categories:
> 1. **Bar** - a losing plaintiff cannot re-sue a winning defendant on the same cause of action .
>    Example: Plaintiff P sues Defendant D on Cause of Action C, but loses.
>    P may not try for better luck by initiating a new lawsuit against D on C.
> 2. **Merger** - a winning plaintiff cannot re-sue a losing defendant on the same cause of action
>    Example: Plaintiff P successfully sues Defendant D on Cause of Action C.
>    P may not again sue D on C to try to recover more Damages.

Again, the conditions for a Res Judicata defense are not present or satisfied in this matter, as the facts of this matter are entirely new and unrelated, as are the Causes of Action, and this matter involves ten new Defendants (**Defs**). <u>Rein v. Providian Fin. Corp., 270 F.3d 895, 902 (9th Cir. 2001)</u>, clarifies:

> Res judicata, or claim preclusion, provides that a final judgment on the meritsof an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action.   See In re *Baker*, 74 F.3d 906, 910 (9th Cir.1996).   Claim preclusion is appropriate where: (1) **the parties are identical or in privity**; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) **there was a final judgment on the merits**; and (4) **the same claim or cause of action was involved in both suits.**   *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001); *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 528-29 (9th Cir.1998).

The conditions for a Res Judicata defense are not satisfied: 1) the parties are not

identical; 2) there has been no judgment on the merits; 3) the claims are not the same.

For the foregoing reasons the Defendants argument for dismissal is false.

### III. Opposition to Defendants' Argument "C"

Plaintiff's Opposition to Argument "C" of the Defendant's motion to dismiss, that **"The Complaint Should Further Be Dismissed On The Basis That It Fails To State A Claim For Relief Against Defendants,"** is the following:

This argument is false and is not applicable to the Plaintiff's surrent Action.

The Defendants, like thousand of Defendants since *Bell Atlantic Corp. v. Twombly* (which established a more strict "plausibility" standard), and since *Ashcroft v. Iqbal* (which introduced the "short and plain statement of the claim" language), **seek to misguide the court the Court that no facts or evidence should be included in a Complaint**, because, they reason, facts and evidence violate Iqbal's "short and plain statement" guideline.

Attorney James M. Beck wrote what may be the definitive article on Iqbal, "<u>In Praise Of "Short And Plain" Pleadings After Twombly And Iqbal</u>." Beck explains:

> "The relevant language – "short and plain" – says nothing about dispensing with factual support for the relevant allegations. **How can a plaintiff be "entitled to relief" if no facts support the allegations?**...
> 
> "...Iqbal involved a prison inmate's allegations that certain government defendants, entitled to qualified immunity from suit, deprived him of constitutional rights by discriminating against him on religious grounds. ll the plaintiff alleged was that the defendants "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." 2009 WL 1361536, at *14. That allegation was, the majority concluded, "nothing more than a formulaic recitation of the elements of a constitutional discrimination claim." <u>Id.</u>(quotation marks omitted). Conclusory allegations don't cut the mustard any longer – not in antitrust, and not anywhere else."

The Complaint bears no similarity to Iqbal; no formulaic recitation of the elements.

The Complaint features five types of Causes of Action: 1. Breach of Contract; 2. Fraud; 3. Negligence; 4. Infringement; 5. Doctrinal (Civil Conspiracy and Suppression/Spoliation). Let's examine the content and structure of these Causes.

**Civil Conspiracy**

In California, a claim against defendants for Civil Conspiracy can only be made in conjunction with one or more independent Causes of Action, as is the case in this matter. For example, in California a defendant must be accused of *conspiring* to commit fraud, or conspiring to commit some other infraction, but not for Conspiracy alone.

The Complaint's *Conspiracy* Claim for Relief advises that *California Civil Jury Instructions No. 3600* instructs that **a conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators.** IT IS NOT REQUIRED TO PROVE THAT A PARTICULAR DEFENDANT PERSONALLY COMMITTED A WRONGFUL ACT OR THAT HE/SHE KNEW ALL THE DETAILS OF THE AGREEMENT OR THE IDENTITIES OF ALL THE OTHER PARTICIPANTS.

The Complaint's "Claims For Relief" section dedicates a lengthy section (page 41 to 46) to cover the *Conspiracy* claims, and explain the Defendants engaged in one overarching conspiracy, comprised of 5 smaller conspiracies. The plaintiff then cited no less than 25 overt acts committed by the Defendants in the commission of this/these conspiracy(s).

The Defendants first conspiracy was to commit fraud.

The second conspiracy was to commit fraudulent concealment.

The third conspiracy was to commit Willful Suppression of Evidence.

The fourth conspiracy was to make Intentional Misrepresentations to the Court and to Plaintiff, and to commit spoliation of evidence.

The fifth conspiracy was to engage in negligent enterprises.

After re-alleging all preceding paragraphs and incorporating them by reference into the Claim For Relief, the requirements of *Twombly, Iqbal* and *Boschma v. Home Loan Center, Inc* are met for pleading *Conspiracy* in California.

**Breach**

To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to The plaintiff." (*Richman v. Hartley* (2014)).

The Complaint explains that the Defendants, in violation of the social network TriggerStreet.com's (**TS**) *Terms of Use* agreement, secretly advertised TS on international websites like Bud.TV and other international media outlets. Budweiser has been a partner of all businesses owned and directed by Defendant Ari Emanuel. The Complaint then shows how in 2011, after MRC closed a $100,000,000 deal with Netflix, Defendant MRC partnered with Trigger Street Productions to co-produce HBO's *House of Cards,* and Spacey and Brunetti moved TS (the social network) to labs.triggerstreet.com and began to use the web address "triggerstreet.com" as their production company's website.

The Plaintiff cannot, with certainty, prove the role that the Defs (MRC, Emanuel, Wiczyk, Satchu, Sony Pictures) played with Defs Spacey and Brunetti in the breach of contract. However, the the doctrine of Conspiracy does NOT require that the Plaintiff prove this. As CACI 3600 explains "**a conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators.**"

After re-alleging all preceding paragraphs and incorporating them by reference into the Claim For Relief, all requirements of *Twombly, Iqbal* and *Richman v. Hartley* are satisfied in the Plaintiff's pleading for Breach of Contract.

**Fraud**

*Stansfield v. Starkey* (1990) 220 Cal. App. 3d 59, 72-73, establishes that **Fraud** (Intentional Misrepresentations) pleadings consist of five (5) elements: 1) a representation, usually of fact, which is false; 2) knowledge of its falsity; 3) intent to defraud; 4) justifiable reliance upon the misrepresentation; 5) damage resulting from that justifiable reliance.

These are the same requirements for Fraudulent Deceit.

In addition to the elements required to plead Fraud, California also requires that the facts constituting each element be alleged with particularity.

The Plaintiff's Complaint easily meets all of these demands.

In the Complaint's *Statement of Facts and Allegation*s, the Plaintiff gives specific examples of Fraud, and explains what actions Defs MRC, Emanuel, Wiczyk, and Satchu took, and how these actions violated the law and/or the Plaintiff's rights. For example, the

Statement of Facts and Allegations explains **1)** the Defs hired a "fixer" *expert* to deceive the Court; **2)** the Defs made false statements in their interrogatory answers, claiming Simon Kinberg merely "polished" Blomkamp's script, when—as revealed by the WikiLeaks Sony Pictures hack—Kinberg made exhaustive changes to the script; **3)** the Defs made false statements about editing, then refused to make the final editor available for interrogatories.

After re-alleging all preceding paragraphs and incorporating them by reference into the Claim For Relief, all of the elements required by *Twombly, Iqbal* and *Stansfield v. Starkey* are satisfied for pleading Fraud and Fraudulent Deceit in California.

The requirements for pleading **Concealment** *Fraud* in California are slightly different. As established by such cases as *Boschma v. Home Loan Center, Inc.* (2011); and *Mosier v. Southern California Physicians Ins. Exchange* (1995), Concealment Fraud requires each of the following elements be proved: 1) Defendant must have concealed or suppressed a material fact; 2) Defendant must have been under a duty to disclose the fact to the plaintiff; 3) Defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; 4) Plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; 5) Plaintiff must have sustained damage as a result of the concealment.

The Complaint gives specific examples of how the Defendants engaged in Fraudulent Concealment. For example, the Plaintiff explained that in *Briggs v Blomkamp*, MRC, and Sony Pictures knowingly hired a a self-confessed "fixer" named Jeff Rovin, to pass himself off as an expert witness to the Court. Rovin later explained on FOX News' *Sean Hannity Show* that he was deployed as a "fixer" to lie and write smear stories.

After re-alleging all preceding paragraphs and incorporating them by reference in the Claim For Relief, the requirements of *Twombly, Iqbal* and *Boschma v. Home Loan Center, Inc* were met for pleading Concealment.

Regarding **Duty to Disclose**: Defendant Trigger Street Productions Inc has suggested the Defendant(s) were under no duty to disclose. However, California Civil Jury Instructions (2017 Edition) directive for *Concealment* orders:

1 | '[T]he rule has long been settled in this state that although one may be under no duty to speak as to a matter, "if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells but also not to suppress or conceal any facts within his knowledge which materially qualify those stated. If he speaks at all he must make a full and fair disclosure." ' " (***Marketing West, Inc. v. Sanyo Fisher*** (USA) Corp. (1992) 6 Cal.App.4th 603, 613 [7 Cal.Rptr.2d 859].)

Therefore, since the Defendants made false representations to the Court and/or to the public (**1.** regarding the reliability of their expert witness, Jeff Rovin; **2.** regarding the the role Simon Kinberg played in rewriting the film Elysium, **3.** regarding who edited the film, and failing to make this central party availability to answer interrogatories; **4.** regarding TiggerStreet.com's 400,000 members around the world), the Defendants had a duty to disclose ALL of the facts regarding these matters to the Plaintiff.

### Negligence

The elements of a cause of action for negligence are well established. They are: (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." (*Ladd v. County of San Mateo* (1996))

In the Complaint's *Statement of Facts and Allegations* and in the *Claims for Relief* sections, the Plaintiff explains that the Defendants (Sony Pictures Entertainment Inc, MRC, Satchu, Emanuel, Wiczyk) engaged in such negligent actions as:

1. In 2000, MRC hired Def Wiczyk, to implement the unethical business structure contemplated in his "memo."
2. After repeated news reports of Def MRC's unlawful and unethical practices, Def Sony Pictures repeatedly engaged in business with Def MRC.
3. The Defendants conspired to commit to invest over $100,000,000 to make the film Elysium, without reading a script.
4. The Defendants staged attractive film concept art, proximate to the screenplay, to entice Sony Pictures to buy the film rights **without reading the script**.

After re-alleging all preceding paragraphs and incorporating them by reference into the Claim for Relief, all requirements of *Twombly, Iqbal* and *Ladd v. County of San Mateo* are met for pleading Negligence and Gross Negligence in California.

**Infringement**

The Complaint's *Statement of Facts and Allegations* makes detailed *Infringement* claims; then the Plaintiff re-alleged all preceding paragraphs and incorporated them by reference into the Claims For Relief, with the proper elements for pleading an infringement Cause of Action, and in compliance with *Twombly* and *Iqbal*. (Plaintiff's possession of a valid copyright registration is a matter of record, *Briggs v Blomkamp*).

The Complaint shows Defs Spacey, Brunetti and Trigger Street Productions infringed on the Plaintiff's work. Although the Plaintiff cannot show the exact role that the MRC Defs played in the Infringement, per *CACI 3600*: a conspiracy may be inferred from circumstances, the nature of the acts done, and the interests of the alleged co-conspirators.

**Willful Suppression / Spoliation**

In California, the doctrine of *Willful Suppression of Evidence* (and/or Spoliation) can only be applied in association with independent cause of action, as it is in this matter. *California Civil Jury Instructions No. 204* states: "**You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party**." CACI 204 and *Cedars-Sinai Medical Center v. Superior Court* (1998) establish:

> "a case concerning the tort of intentional spoliation of evidence, the Supreme Court observed that trial courts are free to adapt standard jury instructions on willful suppression to fit the circumstances of the case, "**including the egregiousness of the spoliation and the strength and nature of the inference arising from the spoliation**.""

The Complaint explains that:
1. The Defendants destroyed evidence (the TS social network) to secure and protect a favorable copyright infringement ruling in *Briggs v Blomkamp* (in case the Ninth Circuit remanded the case for trial, all access evidence would be destroyed).
2. The Defendants suppressed evidence, by **1)** submitting a false statement that Simon Kinberg only gave the Elysium screenplay as "polish"; **2)** failing to make the film's final editor available to answer interrogatories; **3)** hiring a "fixer".

After re-alleging and incorporating into the Claims for Relief, the requirements of

*Twombly* and *Iqbal* are met in the pleading for Willful Suppression and Spoliation.

### Regarding "Re-litigation" Claim

The Defs conclude their motion by calling this action an a re-litigation of *Briggs v Blomkamp*. Plaintiff maintains this is a new action, with new Defendants and new Causes. However, this action does, also, concern **newly discovered evidence** (e.g., the Defendants hiring of a self-proclaimed "fixer") and previously unknown **fraud** and **misconduct** that the Defendants engaged in during *Briggs v Blomkamp*. In these exact circumstances, FRCP **Rule 60(b)(2)** and **(3)** and **(4)** allow Plaintiffs to take independent action.

> "Rule 60. Relief from a Judgment or Order
> "...(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> "...**(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)**;
> **(3) fraud** (whether previously called intrinsic or extrinsic), **misrepresentation, or misconduct by an opposing party**;…
> "...**(6) any other reason that justifies relief**."

In 2007 The Advisory Committee re-affirmed that under Rule 60(b) "Relief continues to be available only as provided in the Civil Rules or by independent action."

### Amending

Although he Plaintiff believes his Complaint properly pleads all of the Causes for Action and Claims for Relief, he is very willing to amend if the Court deems it necessary or helpful. If the Court deems amending necessary, the Plaintiff is hopeful that the Court will grant Plaintiff leave—with a continuance until all of the Defendants' motions have been heard, to circumvent the possibility that the Plaintiff might need to seek such leave again.

### CONCLUSION

For the foregoing reason the Defendants' motion to dismiss should be denied.

Dated:  11/21/2018              Signed:  /s/  Steve Wilson Briggs
                                                 Plaintiff, In Propria Persona