Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE WILSON BRIGGS,<br>Plaintiff,<br>vs<br>KEVIN SPACEY; ARI EMANUEL; MATT DAMON; BEN AFFLECK; NBCUNIVERSAL MEDIA, LLC; SONY PICTURES ENT INC.; TRIGGER STREET PRODUCTIONS; NEILL BLOMKAMP; ASIF SATCHU; MORDECAI WICZYK; BILL BLOCK; DANA BRUNETTI; MRC (and all MRC Entities and subs.),<br>Defendants. | Civ No: 18-cv-04952-VC<br>**PLAINTIFF'S OPPOSITION TO DEFENDANT NBCUNIVERSAL MEDIA, LLC'S MOTION TO DISMISS COMPLAINT**<br>Date: December 20, 2018<br>Courtroom: 4<br>Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria |

**PLAINTIFF'S OPPOSITION TO DEF NBCUNIVERSAL MEDIA, LLC'S MOTION TO DISMISS COMPLAINT**

On August 15, 2018, Plaintiff submitted to this Court a persuasive and reliable Complaint, alleging that Defendant (**Def**) NBCUniversal Media, LLC (**NBCU**) knowingly participated in a *Conspiracy* to create and engage in a culture of corporate *Negligence*, to enrich themselves. NBCU has responded with a motion to dismiss, scheduled to be heard by this Court at 10AM, December 20, 2018. NBCU is the parent company of **Universal Pictures** (the corporation alleged herein to have transgressed the Plaintiff rights).

This filing represents the Plaintiff's Opposition Response to NBCU's motion.

This Opposition is based on the following *Memorandum of Points and Authorities*, and *Proposed Order*.

# MEMORANDUM OF POINTS AND AUTHORITIES

## LEGAL STANDARD:

DISMISSAL

- *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004), requires that a Rule 12(b)(1) motion may be either "facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint." If a court elects to resolve a fact-based Rule 12(b)(1) motion without an evidentiary hearing, it must accept the factual allegations of the complaint as true. McLachlan v. Bell, 261 F.3d 908, 909 (9th Cir. 2001).

## PLAINTIFF'S OPPOSITION RESPONSE

NBCU's first argument, and the fourth component ("D") of their third argument are essentially the same argument, and both require substantial evidentiary support; therefore, to respect the Court's time, the Plaintiff has combined these questions in his first Response.

- **I.** Plaintiff's Opposition To NBCU's First Argument That "**The Complaint Fails To Provide Notice Of The Basis For Plaintiff's Claims Against NBCU,**" And To The "D" Portion Of NBCU's Third Argument, That "**The Complaint Fails To Allege Any Negligent Conduct By NBCU**," Is As Follows:

These arguments are transparently false.

The Complaint provides NBCU generous notice of the basis for the claims for relief, and provides copious allegations of NBCU's *Negligent* conduct, as verified by the following paragraphs from the Complaint (paragraph numbers **bold**; truncated by ellipses for brevity):

> **68**. And January of 2000, Bronfman and Universal Pictures made Wiczyk their vice President of Productions… Just as Wyzyk's memo predicted—"whichever studio was suffering at the time would probably break ranks in the name of short-term self-preservation" —Universal was suffering, so Universal broke ranks and hired Wiczyk.
>
> ●**69.** But Wiczyk had been Vice President of productionsat Summit Entertainment, AND Vice President of productions at Universal Pictures. Wiczyk was a producer . Why would Defendant Ari Emanuel need a producer at a talent agency? Because Def Emanuel was going into the production business with MRC and Universal Pictures.
>
> **70.** When Def Ari Emanuel stole Wiczyk away from Universal Pictures there were no hard feelings between Emanuel, Bronfman, and Universal Pictures, and nothing changed in their arrangement. Def Emanuel

continued to provide the talent and producorial services for both MRC and Universal Pictures. Thus, in 2011, MRC would sign its first mega deal with Universal Pictures. And although Bronfman left Universal in 2001…

Paragraphs 71 through 73 (omitted for concision) then explain the Defendants' conspiracy: to create a screenwriter/filmmaker social network—TriggerStreet.com (**TS**)—to misappropriate screenplays, then use the best of these screenplays to produce into films to market around the world, using Def Universal Pictures as the distributor. The Complaint's direct allegations against Universal Pictures (NBCU) then continue on paragraph 98:

- **98.** KPAX was released Oct 2001. It would be the first time Universal Pictures ever cast Kevin Spacey in a leading role (in fact, Universal...

**108.** Within just three (3) months of TS's launch (Nov 2002), Spacey received three ( 3 ) huge payments from Defs Emanuel and Universal Pictures... :

1. In February 2003 , 3 months after TS launched, Universal Pictures distributed Spacey's film " The Life of David Gale" . This would be the last time Universal Pictures would be involved in a Spacey film.
2. ...losing millions, bringing in only $344,000. Likely, Universal Pictures wouldn't distribute the film, because after two bad years, Universal was back in 5th place (second to last)...
3. That same month, February 2003 , it was announced that production...

- **119.** May 2010, "Deadline Hollywood" reported Universal Pictures and Def MRC announced a 20 picture, 5-year production and distribution deal… Thus, MRC's first mega-deal would be with Universal Pictures .
- **126.** In 2015, Dana Brunetti produced his first solo effort… 50 Shades of Grey. 50 Shades of Grey was, of course, distributed by Universal Pictures.

Then, paragraphs 132 through 148 show precisely how the Defendants used Universal Pictures to mislead even their business partner, Sony Pictures, and drive up bidding on Defendant Emanuel's and MRC's films (with the irrefutable evidence of the words of the Defendants). And, when those efforts failed, the Complaint shows that the Defendants simply took their film back to Universal Pictures (NBCU):

**132.** Through the Sony Pictures' hacked emails, we see the Steve Jobs film negotiation go on for about 8 months, then it begins to fall apart…

**140**. ...The last email from Def Emanuel to Amy Pascal was sent November 11, 2014, when Emanuel abruptly asked:

2014-11-14 22:57:02 From: aemanuel@wmeentertainment.com To: pascal, amy

ARI EMANUEL:

"Is business affairs calling me so I can take this to Fox Searchlight officially?"

**141**. ...Def Emanuel was bluffing that Fox Searchlight had agreed to take the film. He never had a deal with Searchlight. He was just playing hardball; trying to get Sony to offer more money, and keep them clueless about his relationship with Universal Pictures.

**146.** In the end, Fox Searchlight never touched "Steve Jobs," of course.

**147.** Def Ari Emanuel had just been playing the ace up his sleeve; trying to push the price of the film above market value, to increase his profit margin. He didn't need Sony Pictures to give him standard market value for "Steve Jobs", he could get standard value from Universal Pictures...

**148**. On September 5th, 2015, 10 months after Sony Pictures declined on "Steve Jobs", after so much posturing and tumult, "Steve Jobs" was distributed by Universal Pictures.

**184.** Universal Pictures was originally expected to be the studio to distribute Elysium…

Then, in the *Claims For Relief* section, Plaintiff re-alleged and incorporated all preceding allegations and claims, and re-stated some of Universal Pictures' (NBCU) actions, under the Claims For Relief for *Civil Conspiracy, Negligence, Gross Negligence*; careful that each claim showed every element required for each Cause of Action.

For the foregoing reasons, NBCU's assertions that "The Complaint Fails To Provide Notice Of The Basis For Plaintiff's Claims Against NBCU," and that "The Complaint Fails To Allege Any Negligent Conduct By NBCU," are wholly false.

● **II**. Plaintiff's Opposition To NBCU's Second Argument That "**THE COMPLAINT IS AN IMPROPER COLLATERAL ATTACK ON THE DISMISSAL OF THE PRIOR BLOMKAMP ACTION**," Is The Following:

NBCU's second argument is entirely false.

This Action cannot be a collateral attack as this Action's *Causes of Action* were not addressed in the Prior Action's (*Briggs v Blomkamp*) judgment. Cornell Law's *Wex Legal Dictionary* defines *Collateral Attack* as an "Attack on a prior judgment in a new case (i.e., not by direct appeal). Also called an indirect attack. "

The essential element of a prior judgment is not present. *Rein v. Providian Fin. Corp.,* 270 F.3d 895, 902 (9th Cir. 2001), explains, "the collateral attack doctrine does not apply to Frenette because his claims were never addressed by a prior order or judgment."

NBCU's' argument that the Complaint is an improper Collateral Attack is false.

- **III.** "**The Complaint Fails To State A Claim**.
- **A**. Plaintiff's Opposition To The "A" Portion Of NBCU's Argument That "**The Complaint Fails To State A Plausible Claim Against NBCU**" Follows:

This argument is without merit. The Complaint states clear, factually supported, plausible claims against NBCU.

Attorney Paul Ferrer, Senior Attorney for the ***National Legal Research Group*** wrote the article "*CIVIL PROCEDURE: Pleading a "Plausible" Claim in Federal Court: The Proper Application of the Plausibility Requirement*." In the article Ferrer explains:

> Plaintiffs looking to survive an early motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must file a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when the plaintiff pleads **"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."** Id. **This "plausibility" standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."** Id.
>
> The Supreme Court has specifically indicated that determining whether a complaint states a plausible claim for relief under this standard is **"a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."** Id. at 679.

Thus, it is not for NBCU, but for the Court to decide an action's plausibility.

NBCU's argument is false. The Complaint makes plausible claims against NBCU.

- **B**. Plaintiff's Opposition To The "B" Portion Of NBCU's Argument That "**The Complaint Is Time-barred**," Is As Follows
:

This argument is false. None of the Plaintiff's claims for relief are time barred, and ALL are protected by 1) CCP codes specifying statutory limits and accrual delays, and/or 2) the Delayed Discovery Rule, and/or 3) "Fraudulent concealment" tolling rules.

<u>The Breach Of Contract Claim Is Not Time Barred</u>

Plaintiff learned of the Defs' Breaches in February of 2016. Breach has a four year statute of limitations in California. Thus, Plaintiff has until February of 2020 to file suit.

Breach is also protected by the Delayed Discovery Rule; thus, time does not accrue until Plaintiff discovers the Breach, per ***California Civil Jury Instructions*** (2017) No 338:

> • "[T]he **discovery rule** may be applied to breaches [of contract] which can be, and are, committed in secret and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time."(Gryczman v. 4550 Pico Partners, Ltd. (2003) 107 Cal.App.4th 1, 4–5

The Fraud Claims Are Not Barred

Fraud has a three year statute of limitations in California. The Plaintiff learned of the Defs' fraudulent actions, between February of 2016 and October 2017. Therefore, the Plaintiff has until between February of 2019 and October of 2020 to bring an Action against the Defendants. California Code of Civil Procedure § 338(d) states: "Within three years:

> "(d) An action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued **until the discovery, by the aggrieved party**, of the facts constituting the fraud or mistake."

Significantly, if *Fraudulent* ***Concealment*** is at play, as in this case, all causes are tolled to the discovery, confirmed by ***California Civil Jury Instructions*** *(2017) No 1925*:

> • "One [exception to the limitations period] is the doctrine of fraudulent concealment, which tolls the statute of limitations if a defendant's deceptive conduct 'has caused a claim to grow stale.' " (*Fuller v. First Franklin* Financial Corp. (2013) 216 Cal.App.4th 955, 962 [163 Cal.Rptr.3d 44].)

The Negligence Claims Are Not Time Barred

The California *Negligence* statute of limitations is two years. Virtually all of the Plaintiff's *Negligence* claims where unearthed between March of 2017 and late November 2017. Therefore, the Plaintiff has until February and/or November of 2019 to file suit.

In California time does NOT accrue from when the Def commits the last negligent act, but from when the plaintiff learns of the negligent conduct, confirmed by the following citation from **California Civil Jury Instructions** (2017) No. 455 (Statute of Limitations):

> "A limitation period does not begin until a cause of action accrues, i.e., all essential elements are present and a claim becomes legally actionable. Developed to mitigate the harsh results produced by strict definitions of accrual, the common law discovery rule postpones accrual until a plaintiff discovers or has reason to discover the cause of action." (Glue-Fold, Inc., supra, 82 Cal.App.4th at p. 1029, internal citations omitted.)

<u>The Copyright Infringement Claims Are Not Time Barred</u>

For *Copyright Infringement*, time accrues when the Plaintiff learns of a violation. [See *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994)]. As this Court may recall, the Plaintiff discovered the *Infringement* Causes of Action (circa December 2017) only after he mistakenly cited numerous FRCP *criminal* Causes in his original *Briggs v <u>Universal</u>* complaint. Finding himself with no federal cause, the Plaintiff amended to cure the issue. Thus, Plaintiff has until December 2020 to act on the Infringement claims.

<u>The Conspiracy & Suppression/Spoliation Claims Are Not Time Barred</u>

For *Conspiracy*, in California, like the federal courts, time accrues from the last known act of the *Conspiracy*. The time limit is determined by the associated cause of action.

In this matter, currently, the last known act in the Defs' *Conspiracy* was the closing and destroying of the TS social network, November of 2014. This was done to *conceal* one or more *breaches of contract*. Therefore, the statute of limitations to take action expires in November 2018. The Plaintiff filed suit in August, 2018, several months before the deadline.

*<u>However</u>*, the act of destroying TS was also an act of *Concealment* and *Willful Suppression of Evidence*; in both of these Causes, time accrues from when the Plaintiff learns of the infraction (*Cedars-Sinai Med. Ctr. v Superior Court*); in this case, circa March of 2016. Thus the Plaintiff has until 2020 to take action on the *Conspiracy* Cause.

For the proceeding reasons, the argument that the Complaint is time-barred is false.

- **C**. Plaintiff's Opposition To The "C" Portion Of NBCU's Argument, "**California Law Does Not Recognize A Claim For Conspiracy, Which Would Be Preempted By The Copyright Act In Any Event,**" Is As Follows:

NBCU's argument is false, contemptible, incoherent, and not a basis for dismissal.

The second clause of the argument, that the *Conspiracy* claim *would be preempted by the Copyright Act*, is a *Hail Mary* defense that relies on deceit and strategic confusion, as it seeks to create conflict between the state *Conspiracy* Cause and the federal *Infringement* Cause —<u>when the Plaintiff has made no Copyright Infringement claims against NBCU</u>. But amid the Motion's murky leaps of logic and legal sleight of hand, on page 12, line 15,

we find the central legal, logical and ethical failure of this ruse, as NBCU states, **"...to the extent that Plaintiff's disjointed conspiracy claim seeks to impose vicarious liability on NBCU for alleged copyright infringement by other defendants."** Then on page 13, line 16, NBCU advances this ploy again, writing: **"...it is clear that he seeks to hold NBCU vicariously liable for "misappropriat[ing]" his screenplay."**

With those two statements, and no evidence, NBCU stretches reason and decency to suggest the Plaintiff has alleged infringement against the *other* Defendants, *in order to vicariously make those same claims against NBCU*. Beyond the absurdity of it, any first year IP attorney knows that if this were the Plaintiff's intent, he would have simply sued for the federal Causes of *Vicarious* and/or *Contributory Copyright Infringement*.

The Plaintiff is a responsible, conscientious litigant. He has only made allegations against parties with clear evidence against them. Once he determined that Sound Point Capital was not involved in the wrongdoing, he dismissed them. *Breach* and *Infringement* have only been alleged against Defs Spacey, Brunetti, and Trigger Street Productions; and *Fraud* and *Suppression* have only been alleged only against certain of the Defendants.

Plaintiff seeks to hold each Defendant to account for *their own* actions. Thus, he has made claims for *Negligence, Gross Negligence* and *Conspiracy* against NBCU. Nowhere in the Complaint is *Vicarious* (or *Contributory*) liability or infringement contemplated.

As far as NBCU's claim that California does not recognize a claim for *Conspiracy*... California does recognize *Civil Conspiracy*, but not as an independent Cause of Action. In California, a claim for *Civil Conspiracy* can only be made in conjunction with one or more independent Causes of Action, as in this matter (i.e., a Plaintiff must allege that two or more Defendants *conspired* to commit fraud, or conspired to commit some other infraction).

For the foregoing reasons NBCU's argument is false, and is not a basis for dismissal.

- **E. "The Complaint Fails To State A Cause Of Action For Accounting"**

- Plaintiff's Opposition To The First Portion Of NBCU's **"E"** Argument, That **"1. The Purported Claim For Accounting Requests A Remedy Unsupported By Any Underlying Claims,"** Is As Follows:

This argument is false. California's 1st District Court of Appeals decisively ruled on

this in *Jolley v. Chase Home Fin.*, LLC, 213 Cal. App. 4th 872, 910 (2013), writing:

> "(17) An action for an accounting may be brought to compel the defendant to account to the plaintiff for money or property (1) where a fiduciary relationship exists between the parties, **or (2) where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.** (5 Witkin, Cal. Procedure, *supra,* Pleading, § 819, p. 236.) "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that **some balance is due the plaintiff that can only be ascertained by an accounting.**" (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179 [92 Cal.Rptr.3d 696].)

*Jolley* verifies the need for an *Accounting* in complex cases, such as this, when no fiduciary relationship exists, but <u>the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable</u>; and when some relationship exist, as in this case, and "some balance is due the plaintiff that can only be ascertained by an accounting."

For the foregoing reasons, NBCU's argument against an Accounting is false.

- Plaintiff's Opposition To The Second Portion Of NBCU's **"E"** Argument, That **"2. No Damages Are Cognizable Concerning The Prior Blomkamp Lawsuit,"** Is As Follows:

NBCU's final argument is false on every level, and reveals how far the Defendant's counsel is willing to mislead the Court to secure a favorable ruling for NBCU.

To support their manufactured argument, on page 16, line 9, the Defense Counsel wrote: "In *Temple Cmty. Hosp*., the California Supreme Court rejected a claim for alleged spoliation by a third party." The Defense Counsel was alluding to *Temple Community Hospital v. Superior Court* (Ramos) (1999), in which California simply maintained the current standard that Plaintiffs should have <u>no greater right</u> to a <u>separate</u> tort cause of action for **third** party spoliation than Plaintiffs currently have for **first** party spoliation. Thus, leaving *Cedars-Sinai* untouched as the current California standard.

NBCU's motion concludes with an improper citation of *Cedars-Sinai Med. Ctr. v. Superior Court*, taken from the Opinion's *discussion* section, having nothing to do with the actual *Conclusion*. In fact, ***Cedars-Sinai* ONLY ruled that there is no tort for spoliation when the victim <u>knows</u> or <u>should have known</u> of the alleged spoliation <u>before</u> trial or a**

**<u>decision on the merits</u>,** as stated in the final paragraph of the *Cedars-Sinai* <u>Conclusion</u>:

> "Accordingly, we hold that there is no tort remedy for the intentional spoliation of evidence by **a party** to the cause of action to which the spoliated evidence is relevant, <u>in cases in which, as here, the spoliation victim knows or should have known of the alleged spoliation before the trial or other</u> **[18 Cal. 4th 18]** <u>decision on the merits of the underlying action</u>."

*Cedars-Sinai* allows a tort cause for first **or <u>third</u>** party spoliation, in cases such as *<u>this</u>*, when the <u>victim does NOT learn of the spoliation until after a decision on the merits</u>.

Finally, in fact, California **does** acknowledge *Willful Suppression / Spoliation* claims. In the *Cedars-Sinai* case, the Court ruled that <u>California Courts were free to adapt standard jury instructions for *suppression*, to fit the circumstances of the case</u>. This is included in the *California Civil Jury Instruction* (2017) No 204 (Suppression):

> "In Cedars-Sinai Medical Center v. Superior Court (1998) 18 Cal.4th 1, 12 [74 Cal.Rptr.2d 248, 954 P.2d 511], a case concerning the tort of intentional spoliation of evidence, **the Supreme Court observed that trial courts are free to adapt standard jury instructions on <u>willful suppression</u> to fit the circumstances of the case**, "including the egregiousness of the spoliation..."

For the foregoing reasons the Defendant's argument is false.

**Amending**

Should the Court find any merit to NBCU's motion, Plaintiff will happily seek leave to amend, to cure. If such leave is required, Plaintiff is hopeful the Court will continue leave until all Defs' motions to dismiss have been heard, to circumvent the need for further leave.

## <u>CONCLUSION</u>

For all of the foregoing reasons NBCU's motion to dismiss should be denied.

Dated: <u>11/23/2018</u>

Signed: <u>/s/ Steve Wilson Briggs</u>
Steve Wilson Briggs
Plaintiff, In Propria Persona