Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs<br><br>KEVIN SPACEY et al,<br><br>Defendants. | Civ No: 18-cv-04952-VC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MRC'S MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR PRE-FILING SCREENING ORDER**<br><br>Date:         December 20, 2018<br>Courtroom:  4<br>Time:         10:00 a.m.<br>Judge:        Hon. Vince Chhabria |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MRC II DISTRIBUTION COMPANY LP'S MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR PRE-FILING SCREENING ORDER**

August 15, 2018, Plaintiff submitted a Complaint alleging *Breach, Fraud, Negligence, Conspiracy, Spoliation* and *Infringement* against Defendant (**Def**) MRC II Distribution Company, LP (**MRC**) and the other Defs. To show his amicable intent, Plaintiff sent the ten California based Defendants a *Notice of Lawsuit and Request to Waive Service of Summons*. None of the Defs accepted the Request. Rather, they circled wagons and filed **three** motions to dismiss, **and** (ironically) a motion to declare the Plaintiff a *Vexatious Litigant*.

This filing represents the Plaintiff's Opposition to MRC II Distribution Company LP's Motion to Declare the Plaintiff a Vexatious Litigant and for Pre-Filing Screening Order.

This Opposition is based on the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## LEGAL STANDARD

### "VEXATIOUS LITIGANT", California Standard:

California Code Civ. Proc. § 391(b) defines a *vexatious litigant* as a person who does any of the following:

**(1)** In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

**(2)** After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

**(3)** In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

**(4)** Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

### "VEXATIOUS LITIGANT", Federal Standard:

The Court has inherent power to sanction "willful disobedience of a court order, or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d (1980).

The Court's *inherent power* "extends to a full range of litigation abuses." *Fink v Diana Carloni Nourse*, 239 F.3d at 992.

In *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990), the Court ruled that "the plaintiff's claims must not only be numerous, but also be patently without merit."

In *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012), the Ninth Circuit defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying."

**PLAINTIFF'S OPPOSITION TO MRC'S MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT; AND FOR PRE-FILING SCREENING ORDER**

## I. Introduction

After sending all ten of the California based Defendants *Notice of Lawsuit and Request to Waive Service of Summons*, then waiting over 30 days —with no reply— the Plaintiff was forced to spend considerable money, and exhaustive time, in search of incontestable addresses to serve process on the Defendants (this, because in the waning days of Prior Related case, *Briggs v Universal*, several of the Defs revoked their attorneys' and agents' authority to accept service of process). Thus, when the Defs refused to waive service in *this* Action, the Plaintiff guessed (correctly) that the Defs would all adopt this strategy.

In the process of researching the Defs' California Secretary of State's <u>Business Entity Statements</u> (**BES**) for airtight addresses, the Plaintiff discovered that all of the various MRC corporations' BES's were delinquent and contained false and/or fraudulent information. Notably, MRC II Distribution Company LP's BES was so improper that it:

1. had not been updated in 11 years;
2. identified an improper person as the corporation's agent for service of process;
3. stated MRC's headquarters was in an invalid (nonexistent) suite number;
4. placed MRC's headquarters in invalid zip code;
5. claimed MRC's address was located in William Morris Endeavor's headquarters.

Plaintiff then reported this information to the Court in a *Request For Judicial Notice*. The Request For Judicial Notice also noted numerous other problems in the Def's BES's, past legal filings, etc., and alerted the Court that MRC's attorney, Michael Kump, apparently filed falsified MRC Corporate Disclosures to the Northern District, during *Briggs v Blomkamp*. (Apparently, Mr Kump has since withdrawn as MRC's counsel.)

**It is certain the Defendants did not like the Plaintiff's filings. But just because a defendant dislikes a filing, does not make the filer vexatious.** The Defense Counsel is well aware that filing documents is standard procedure in the orderly adjudication of an action. Every filing the Plaintiff has made had a specific purpose or reasonable objective.

For example, in the case of the *Request For Judicial Notice*, the objectives were:

1. to inform the Court of progress and complications regarding service of Summons (because the Defs' previous service evasiveness resulted in the dismissal *Briggs v Universal*);
2. to illustrate that MRC's BES's were negligently maintained and out of compliance with California law (as this suit alleges *Negligence* against ALL Defendants);
3. the Complaint reports that MRC's relationship with WME violates California labor/business laws, and explains Def Wiczyk stated in his "memo" that his unethical business plan required an "arms-length service contract"; Plaintiff believes that MRC being housed in WME violates any "arms-length service contract").

In response to the Plaintiff's reasonable filings, MRC has responded with a *Motion for an Order Declaring Plaintiff a Vexatious Litigant, and for And For Pre-filing Screening Order*. This unusual and meritless motion is, primarily, a transparent retaliatory effort to discredit the Plaintiff; and, secondarily, a desperate strategy—hopeful that this ploy (filed on the very day that MRC and NBCU filed two separate motions to dismiss, added to Trigger Street' pending motion to dismiss) might overwhelm the Plaintiff into withdrawing his suit.

MRC's motion should be denied, out of hand and without hearing, because it fails to meet ALL basic state and federal requirements for such a motion, as Plaintiff has:

1. NOT in the past seven years, maintained (or filed) five litigations;
2. NOT repeatedly relitigated (i) the validity of the determination against the same defs; or (ii) the cause of action, claim, controversy, or the issues of fact or law.
3. NOT repeatedly filed unmeritorious motions, pleadings, or other papers; conducted unnecessary discovery, or engaged in tactics that are frivolous or solely intended to cause unnecessary delay
4. NOT been declared to be a vexatious litigant by any state or federal court in any action based upon the same or substantially similar facts, transaction, occurrence.
5. NOT made claims in bad faith, without merit or reasonable or probable cause.

The following segment elaborates on why this motion is baseless, and why the Court should both deny the motion, and contemplate sanctions against the Defense Counsel.

OPPOSITION TO MRC'S MOTION FOR ORDER DECLARING PLAINTIFF VEXATIOUS

## II. Opposition To All Arguments Contained in MRC's Motion For An Order Declaring Plaintiff Vexatious Litigant, And For Pre-filing Screening Order

The requirements for a motion for an order declaring a plaintiff a *vexatious litigant*, which would therefore justify a pre-filing screening order, are very high. And with good reason, since such an order seeks not just to discredit the opposing litigant and his case, **but to curtail the opposing litigant's Seventh Amendment rights**. And for *that* good reason, such orders are seldom sought, and more seldomly granted.

Let us consider the CCP definitions for *vexatious litigant*, and if they apply to the Plaintiff.

### A. Plaintiff is NOT a Vexatious Litigant According to the Precepts of CCP § 391(b) Item #1

According to CCP § 391(b)(1) Vexatious litigant means a person who:

1. In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona **at least** five litigations other than in a small claims court that have been (i) **finally determined adversely to the person** or (ii) <u>unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing</u>.

**This precept does not apply to the Plaintiff**, as in the past seven years the Plaintiff has filed only four lawsuits. They are as follows:

1. *Briggs v Blomkamp* (2013), single Cause Copyright Infringement lawsuit, alleging Neill Blomkamp accessed the Plaintiff's work on TriggerStreet.com and made the film Elysium; Plaintiff lost; appealed to the 9th Circuit (2014), affirmed; Plaintiff petitioned for Writ of Certiorari to the US Supreme Court (2018), denied.
2. *Briggs v ▮▮▮ SD* (Redacted)(2016), the Plaintiff filed a whistleblower suit against a school district, but withdrew the case (without prejudice) before the ICMC, after the Plaintiff learned that the district had restored student mental health safety measures.
3. *Briggs v Universal* (2017), Plaintiff alleged that 13 Defendants Conspired to commit *Fraud, Breach of Contract*, engage in negligent business practices, destroy evidence, deceive the court; Dismissed after Plaintiff's failed to properly serve key Defs.
4. *Briggs v Spacey* (2018); virtually identical, or very similar to Briggs v Universal.

Prior to these actions, Plaintiff filed only one lawsuit; Family Court (1997-2007).

The Plaintiff's reasonable conduct in these four Actions does not conform to the requirements of CCP § 391(b)(1), on every required basis:

a. The Plaintiff has not commenced five lawsuits in the past seven years.
b. Only one of Plaintiff's Actions has been finally determined adversely to the Plaintiff.
c. Plaintiff has not permitted any cases to remain pending at least two years without having been brought to trial or hearing.

Thus, Plaintiff is not a vexatious litigant according to CCP § 391(b)(1).

### B. Plaintiff is NOT a Vexatious Litigant According to the Precepts of CCP § 391(b) Item #2

According to CCP § 391(b)(2) Vexatious Litigant means a person who:

**2. After a litigation has been <u>finally determined</u>** against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either **(i)** the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or **(ii)** the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

**This precept does not apply to the Plaintiff**, as none of the conditions outlined in CCP § 391(b)(2) conform to the Plaintiff, or his current of Prior Actions, as the following facts confirm:

a. As both the Hon. Judge Hamilton, and the Hon. Judge Chhabria ruled in Briggs v Universal: neither *Briggs v Blomkamp* or *Briggs v Universal* are related. Thus, *Briggs v Spacey* is also not related to *Briggs v Blomkamp*. And thus, this Action, cannot be a re-litigation of *Briggs v Blomkamp*.

b. When the Plaintiff filed *Briggs v Universal*, the Prior unrelated Action *Briggs v Blomkamp* was in the Ninth Circuit Court of Appeals. When the Plaintiff filed *this* Action (*Briggs v Spacey*) the Prior Action *Briggs v Blomkamp* was in the US Supreme Court. Therefore, in neither case (*Briggs v Universal* nor *Briggs v Spacey*) had the Prior Action (*Briggs v Blomkamp*) been <u>finally determined</u>, as required. *Briggs v Blomkamp* was not <u>finally determined</u> (by denial of cert, by US Supreme

Court) until October 2018 —almost two months AFTER *this* Action was filed.

c. Plaintiff appealed *Briggs v Blomkamp* ruling to the 9th Circuit, and US Supreme Court, as is his right. These appeals are provided for by law. They are not to be construed as efforts to "re-litigate".

d. Plaintiff has NEVER attempted to re-litigate any cause of action, issue of fact or law, etc. All causes actions have relied on separate facts, evidence, issues, etc.

Thus, Plaintiff is not a vexatious litigant according to CCP § 391(b)(2).

### C. Plaintiff is NOT a Vexatious Litigant According to the Precepts of CCP § 391(b) Item #3

According to CCP § 391(b)(3) Vexatious litigant means a person who:

**3.** In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

**This precept does not apply to the Plaintiff**, as the Plaintiff has never, in any action, repeatedly filed unmeritorious motions, pleadings, or other papers. In fact, the Plaintiff has filed very few motions in his various actions. Consider the cases:

<u>Briggs v Blomkamp</u>

To the best of Plaintiff's recollection, in Briggs v Blomkamp the Plaintiff only filed two motions: (1) a Rule 37 motion to compel Discovery (compelling Defs to have Eysium's final editor, Lee Smith, to answer Discovery questions), and (2) a Motion to Disqualify (Exclude) the Defendants' expert (Jeff Rovin).

The Rue 37 Discovery motion was **granted**, and both sides conferred with Magistrate Beeler (but her intervention came too late for the Plaintiff to act on, as dispositive motions were due).

The motion to disqualify Rovin was **continued** for a couple months, before being **denied**. Two years later, on FOX News, Rovin admitted he was a professional "fixer", paid to write false smear stories.

<u>Briggs v ▮SD</u>

In this action the Plaintiff filed only the Complaint, no motions, etc.

<u>Briggs v Universal</u>

To the best of the Plaintiff's recollection, in Briggs v Universal (2017) the Plaintiff only file two motions for sanctions (against the Defense Counsel), and no other motions.

The Court **denied** the sanctions, and viewed them as possibly frivolous, but did not impose costs on the Plaintiff.

At the time, the Plaintiff strongly believed the motions for sanction were proper.

<u>Briggs v Spacey</u>

In the current Action, the Plaintiff has filed more documents than he has in the past (but far fewer than many litigants file), and none of the documents he filed were unmeritorious. The Plaintiff has never engaged in tactics that were frivolous or intended to cause delay. In fact, the Plaintiff has consistently worked to advance proceedings. In this current matter, away from the garden-variety *proof of service* declarations and his *Oppositions Responses* to Defendants' motions to dismiss, the Plaintiff has filed:

1. A Request For Judicial Notice,
2. A Status Report;
3. A Status Report Addendum;
4. A Motion to Strike (for Trigger Street's failure to include a Corporate Disclosure);
5. Two (2) Motions to Serve by Publication;
6. Three (3) requests for entry of default (to the Clerk).

These relatively few filings fall far below a threshold of a *vexatious litigant*.

From the preceding facts, the Plaintiff's model conduct does not conform to the CCP § 391(b)(3) definition of vexatious litigant, as:

A. Plaintiff has NOT filed unmeritorious motions, pleadings, or other papers;
B. Plaintiff has NOT conducted unnecessary discovery;
C. Plaintiff has NOT engaged in tactics that are frivolous or intended to cause delay.

Thus, Plaintiff is not a vexatious litigant according to CCP § 391(b)(3).

### D. Plaintiff is NOT a Vexatious Litigant According to the Precepts of CCP § 391(b) Item #4

According to CCP § 391(b)(4) Vexatious litigant means a person who:

4. Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

**This precept does not apply to the Plaintiff**, as the Plaintiff has never been declared a *vexatious litigant* by any state or federal court.

### DEFENDANT MRC'S MOTION IS UNPRECEDENTED

### E. Plaintiff is NOT a Vexatious Litigant According to Federal Precedent

Seeking a motion for an order declaring the Plaintiff a *vexatious litigant* is grossly out of line with all state and federal precedent, and shouts that the Defense Counsel initiated this motion without research, or out of malice. In either case, their conduct is sanctionable.

Declaring a Plaintiff a *vexatious litigant* is so rare in the **Ninth Circuit** that, on short notice, the Plaintiff was only able to find two successful instances of such a moton: *Harper v United States* (2017), and *Goolsby v Gonzales* (2014). And these cases were so egregious that no aspect of them remotely resembles the Plaintiff's model conduct. Consider:

1. In *Harper v US*, **in one day** Harper filed **23 complaints** against the United States.
2. In Goolsby v Gonzales, Goolsby commenced at least **13 civil actions in the previous 7 years**, AND was **previously** deemed a **vexatious litigant** in Kern County.

There is no parallel. The Plaintiff makes reasonable filings, does not delay proceedings, miss hearings, etc. The Defense Counsel's motion is meritless.

In *Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1057 (9th Cir. 2007) the Court ruled "[P]re-filing orders are an **extreme remedy** and should rarely be used since such sanctions can tread on a litigant's due process right of access to the courts."

The Plaintiff has committed no actions consistent with the precedent and guidelines for an order declaring a plaintiff a *vexatious litigant* and seeking a pre-filing screening order.

### COURT AUTHORITY TO SANCTION THE DEFENSE COUNSEL

Under Rule 11(c)(3), and under the Court's Inherent Powers, the Court has the authority to independently impose sanctions on the Defense Counsel, for improperly filing their motion, which was grossly inconsistent with state and federal requirements and precedent, and telegraph the Defense Counsel's true intent —to use the motion as an retaliatory instrument, after the Plaintiff submitted documents that:

1. show MRC's negligent business habits;
2. documented MRC employee(s)'s effort to intimidate a process server;
3. showed the Defense Counsel submitted a falsified Disclosure to the Court, which:
   a. declared MRC II Distribution Company LP's address was located in a building that was not declared in its California Business Entity Statement;
   b. claimed Media Rights Capital II LP is the parent company of MRC II Distribution Company, LP;
   c. claimed MRC II Distribution Company LP has no parent company.

Under Rule 11(c)(3), and by the Court's inherent power, the Court has the authority to independently impose sanctions on the Defense Counsel for their inappropriate conduct.

### III.   Plaintiff Is A Model Litigant

In all prior actions and the current Action, in all pleadings, motions, responses, conferences and hearings, Plaintiff has always comported himself responsibly and in a manner becoming of the Court.

### CONCLUSION

For all of the Foregoing reasons, MRC II Distribution Company LP's motion for an Order Declaring the Plaintiff a Vexatious Litigant and For a Pre-filing Screening Order should be denied.

Dated: 11/26/2018                    Signed: /s/   Steve Wilson Briggs
                                             Steve Wilson Briggs,
                                             Plaintiff, In Propria Persona