KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ROCHELLE L. WILCOX (State Bar No. 197790)
  rochellewilcox@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
  brendancharney@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone:    (213) 633-6800
Facsimile:    (213) 633-6899

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN SPACEY; ARI (ARIEL) EMANUEL; MATT DAMON; BEN AFFLECK; NBCUNIVERSAL MEDIA, LLC; SONY PICTURES ENT. INC.; TRIGGER STREET PRODUCTIONS; NEILL BLOMKAMP; ASIF SATCHU; MORDECAI (MODI) WICZYK; WILLIAM (BILL) BLOCK; DANA BRUNETTI; SOUND POINT CAPITAL MANAGEMENT, LC; MRC (and all MRC entities and subs.),<br><br>　　　　Defendants. | Case No. 18-cv-4952<br><br>[Hon. Vince Chhabria]<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NBCUNIVERSAL MEDIA, LLC'S MOTION TO DISMISS COMPLAINT**<br><br>Date:　　December 20, 2018<br>Time:　　10:00 a.m.<br>Crtrm:　　4 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 8(A). ..................................... 2

III. PLAINTIFF CANNOT REVIVE HIS PRIOR LAWSUIT BY STYLING THE SAME REQUEST FOR RELIEF FOR CLAIMED INFRINGEMENT AS "NEW CAUSES OF ACTION" FOR CONSPIRACY AND NEGLIGENCE. ............................... 3

IV. ALL OF THE PURPORTED CAUSES OF ACTION AGAINST NBCU SHOULD BE DISMISSED UNDER RULE 12(B)(6). ........................................................................... 5

    A.    Plaintiff Cannot Satisfy The Twombly And Iqbal Requirements. ........................... 5

    B.    The Complaint Is Time Barred as Against NBCU. ..................................................... 7

    C.    Plaintiff Concedes That Conspiracy Is Not A Cause of Action, And Eviscerates The Factual Basis For The Alleged Conspiracy. ................................... 9

    D.    Because Plaintiff Cannot Demonstrate Entitlement To Relief, No Accounting Is Warranted. ........................................................................................ 10

V. CONCLUSION ................................................................................................................. 10

DAVIS WRIGHT TREMAINE LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ............................................................................................................... 7

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ............................................................................................................ 5, 7

Briggs v. Blomkamp,
    70 F. Supp. 3d 1155 (N.D. Cal. 2014) .................................................................................. 1

Buckey v. County of Los Angeles,
    968 F.2d 791 (9th Cir. 1992) ................................................................................................. 7

Cedars-Sinai Med. Ctr. v. Superior Court,
    18 Cal. 4th 1 (1998) ............................................................................................................... 9

Daskalakis v. FBI,
    No. 4:10-CV-221-BLW, 2011 WL 1900439 (D. Idaho Apr. 28, 2011) ................................ 7

Dydzak v. United States,
    No. 17-cv-04360-EMC, 2017 WL 4922450 (N.D. Cal. Oct. 31, 2017) ................................ 4

Harper v. City of Monterey,
    No. 11-cv-02903-LHK, 2012 U.S. Dist. Lexis 7712 (N.D. Cal. Jan. 23, 2012) .................... 5

Jolley v. Chase Home Fin., LLC,
    213 Cal. App. 4th 872 (2013) .............................................................................................. 10

Labonte v. Governor of California,
    No. EDCV 13-1204-VAP (MAN), 2014 WL 1512229 (C.D. Cal. Apr. 14,
    2014) ....................................................................................................................................... 7

Mitchell v. Routh Crabtree Olsen, P.S.,
    No. C 11-03577 JSW, 2012 WL 2792360 (N.D. Cal. July 9, 2012) ..................................... 7

Nevijel v. North Coast Life Ins. Co.,
    651 F.2d 671 (9th Cir. 1981) ................................................................................................. 2

Norgart v. Upjohn Co.,
    21 Cal. 4th 383 (1999) ........................................................................................................... 8

Rein v. Providian Fin. Corp.,
    270 F.3d 895 (9th Cir. 2001) ............................................................................................. 4, 5

Rinegard-Guirma v. Ocwen Loan Servicing, LLC,
    No. 3:16-cv-01036-HZ, 2016 WL 4257765 (D. Or. Aug. 10, 2016) ........................................ 5

Snow v. A. H. Robins Co.,
    165 Cal. App. 3d 120 (1985) ................................................................................................. 8

State of Cal. ex rel. Metz v. CCC Info. Svcs., Inc.,
    149 Cal. App. 4th 402 (2007) ................................................................................................ 6

Stewart v. U. S. Bancorp,
    297 F.3d 953 (9th Cir. 2002) ................................................................................................. 5

Temple Cmty. Hosp. v. Superior Court,
    20 Cal. 4th 464 (1999) ..................................................................................................... 9, 10

Uptergrove v. United States,
    No. 1:08-CV-01800-OWW-SMS, 2009 WL 1035231 (E.D. Cal. Apr. 17,
    2009) ...................................................................................................................................... 4

Woodrum v. Woodward County,
    866 F.2d 1121 (9th Cir. 1989) ............................................................................................... 7

**Rules**

Federal Rule of Civil Procedure
    8 ............................................................................................................................................. 2
    8(a) ........................................................................................................................................ 2
    8(a)(2) .................................................................................................................................... 2
    8(e) ........................................................................................................................................ 2
    12(b)(6) .................................................................................................................................. 1
    41(b) ...................................................................................................................................... 2

DAVIS WRIGHT TREMAINE LLP

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

Plaintiff's Opposition to NBCUniversal Media, LLC ("NBCU")'s Motion to Dismiss does little to clarify the Complaint's bizarre allegations, but it does eliminate any doubt that this lawsuit aims to resurrect the claims and request for relief rejected in Briggs v. Blomkamp, 70 F. Supp. 3d 1155 (N.D. Cal. 2014).  Indeed, Plaintiff admits that his claims against other defendants sound in "[i]nfringement" and evidentiary "[s]uppression" — all while disclaiming that any of these causes are brought against NBCU.  Opp. at 7.  In this respect, the self-contradictory Opposition underscores the reasons the Motion to Dismiss should be granted.

First, the Complaint must be dismissed for failure to intelligibly assert any wrongful conduct as to NBCU.  Plaintiff has not identified a single allegedly negligent act by NBCU that could possibly give rise to a claim.  Section II, infra.

Second, dismissal also is compelled because Plaintiff did not — and cannot — explain how this lawsuit is anything other than an improper horizontal appeal of the dismissal of his claims in prior lawsuits.  Section III, infra.

Third, the Opposition does not present any factual or legal grounds to save the Complaint from dismissal under Rule 12(b)(6) for failure to state a claim.  The outlandish theory that Plaintiff purports to explain in his Opposition — which has nothing to do with NBCU — is premised on rank speculation and unfounded conclusions, which do not meet the requisite plausibility standard.  Section IV.A, infra.  While this central defect dooms the Complaint, the Opposition also fails to remedy the Complaint's other flaws.  Specifically, while Plaintiff defends the timeliness of the Complaint by arguing delayed discovery of the claimed wrong, the Complaint's specific allegations make clear that Plaintiff knew or should have known of his claims well before the applicable two-year period prior to filing of the Complaint.  Section IV.B, infra.  Plaintiff does not even attempt to respond to authority holding that the conspiracy claim is precluded by the Copyright Act, instead disclaiming any alleged infringement by NBCU, which again underscores that NBCU is not even alleged to have done anything wrongful.  Section IV.C,

1

REPLY ISO MOTION TO DISMISS
Case No. 17-cv-4952-VC
4845-7117-9393v.9 0020040-000144

1  infra. Finally, Plaintiff cannot salvage his defective claim for an accounting by emphasizing the
2  "complex[ity]" of his pleading. The remedy of an accounting requires a right to relief, which
3  Plaintiff has failed to establish, given the Complaint's failure to intelligibly and plausibly allege
4  that NBCU did anything wrong. Section IV.D, infra.

5  Because Plaintiff did not and cannot allege any facts to support any claim against NBCU
6  — and because he already has had three opportunities to try — his lawsuit against NBCU should
7  be dismissed in its entirety, without leave to amend.

## II.
## THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 8(A).

As NBCU explains in its Motion To Dismiss, Plaintiff's Complaint violates the requirement under Federal Rule of Civil Procedure 8 that his complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is undisputed that a "complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)." See ECF No. 48 ("Mot.") at 5, citing Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Plaintiff's response to this argument is to simply cut and paste portions of the Complaint and insist that these excerpts show that NBCU somehow acted negligently. Opp. at 2-3. The excerpts, however, allege nothing beyond the facts that NBCU hired Mordecai Wiczyk in 2000; has worked with well-known talent agent Ari Emmanuel; distributed motion pictures starring Kevin Spacey almost two decades ago; and distributed the hit film Fifty Shades of Grey. Id. From these benign facts, unrelated in any way to the relief Plaintiff seeks, he makes attenuated claims about an unexplained "conspiracy," without ever identifying a single wrongful act purportedly committed by NBCU.

Indeed, in purporting to elucidate his claims, Plaintiff contradicts himself, dragging the parties and the Court ever deeper through the looking glass. Most significantly, Plaintiff advances contradictory and inconsistent theories, alleging in one section of the Opposition that the alleged conspiracy was intended to "misappropriate screenplays … using [NBCU] as the distributor" (Opp. at 3) and in another section insisting that the Complaint makes "no Copyright

(Left margin: DAVIS WRIGHT TREMAINE LLP)

Infringement claims against NBCU" and that [n]owhere in the Complaint is [v]icarious (or [c]ontributory) liability or infringement contemplated." Opp. at 7 (original emphasis omitted). Moreover, Plaintiff's attempt to explain NBCU's role in the purported conspiracy only muddles his theory; for instance, Plaintiff posits that one defendant was both a malfeasor and victim of the alleged conspiracy, contending that "Defendants" (which includes Defendant Sony Pictures) "used Universal Pictures to mislead even their business partner, Sony Pictures." This absurdity encapsulates the incoherency of the Complaint.

At bottom, Plaintiff does not explain, because he cannot, how NBCU's alleged negligence in hiring and business relationships, or its production or distribution of unrelated films, could have resulted in the alleged harms of infringement of Plaintiff's screenplay or frustration of his prior lawsuit.[1] Plaintiff has now had three opportunities to advance an intelligible theory of cognizable legal wrong; he has thrice failed to do so. His Complaint should be dismissed with prejudice.

### III.
### PLAINTIFF CANNOT REVIVE HIS PRIOR LAWSUIT BY STYLING THE SAME REQUEST FOR RELIEF FOR CLAIMED INFRINGEMENT AS "NEW CAUSES OF ACTION" FOR CONSPIRACY AND NEGLIGENCE.

Plaintiff admits that the Complaint asserts (against defendants other than NBCU) the same claims for infringement that Plaintiff brought in the Prior Universal Action (Opp. at 3, 7) — which in turn merely rehash the same relief Plaintiff sought in the Prior Blomkamp Action (see Mot. at 4). Indeed, Plaintiff states that the alleged conspiracy was aimed "to create a screenwriter/filmmaker social network — TriggerStreet.com … to misappropriate screenplays … using [NBCU] as the distributor." Opp. at 3. Plaintiff also admits that the Complaint's conspiracy claim seeks to recover damages for the "willful suppression of evidence" in connection with the Prior Blomkamp Action (Opp. at 7; see also Complaint at ¶¶ 24-25).

Attempting to evade the conclusion that these copyright and spoliation claims seek to

---

[1] Indeed, Plaintiff's effective concession that NBCU is alleged to have acted only negligently (or grossly so), Opp. at 3-4, makes clear that NBCU could not have conspired to commit intentional acts of infringement or spoliation, see id. at 7.

DAVIS WRIGHT TREMAINE LLP

1  revive his prior lawsuit, Plaintiff argues that the current lawsuit includes "causes of action" that
2  "were not addressed" in a prior judgment, citing to <u>Rein v. Providian Fin. Corp.</u>, which held that
3  the collateral attack doctrine does not apply when a party's claims "were never addressed by a
4  prior order or judgment." Opp. at 4 (citing 270 F.3d 895, 902 (9th Cir. 2001)). But <u>Rein</u> is
5  inapposite here.  In that case, five different bankruptcy debtors joined together to sue a creditor
6  for previously seeking to recover a debt in their respective bankruptcy proceedings.  <u>Id.</u> at 897-
7  98.  One debtor had settled after receiving the creditor's demand – before the creditor pursued
8  adversary proceedings – by an agreement that was not court-approved; the others were sued and
9  then entered into court-approved settlements with the creditor.  <u>Id.</u> at 898.  The court held that
10 the claims by the debtors whose settlements had received court approval were barred by <u>res
11 judicata</u> because those claims could have been raised in the adversary proceedings.  <u>Rein</u>, 270
12 F.3d at 898-99, 902-04.  The passage cited by Plaintiff, however, concerned the <u>remaining party</u>.
13 He had settled the matter early and "as a consequence, no adverse proceeding ever was instituted
14 against him." <u>Id.</u> at 898-99, 901-02.[2]  It is for that reason that his claims "were never addressed
15 by a prior order or judgment." <u>Id.</u>  In other words, Plaintiff could invoke the cited language from
16 <u>Rein</u> only if he had never brought the prior action.  However, he did, and cannot relitigate it now.

17      In addition to the "infringement" and "spoliation" claim that Plaintiff concedes[3] underlay
18 his claims against <u>other</u> defendants, the "new" causes of action alleged against NBCU (<u>i.e.</u>,
19 negligence and gross negligence) still seek to recover for the <u>same purported damages sought in
20 the prior action</u>.  <u>See</u> Complaint at ¶¶ 239, 244 (alleging that, as a result of Defendants' alleged
21 negligent conduct, "Plaintiff's judicial process was subverted and denied" and seeking damages
22 for this claimed injury).  None of these claims avoid collateral estoppel.  Allegations of litigation
23 misconduct must be raised through the "normal appellate process," not a horizontal appeal.
24 <u>Dydzak v. United States</u>, No. 17-cv-04360-EMC, 2017 WL 4922450, at *7 (N.D. Cal. Oct. 31,

---

[2] Plaintiff ignores the other cases cited in the Motion, including a case that is virtually on all fours with the case at hand.  <u>Uptergrove v. United States</u>, No. 1:08-CV-01800-OWW-SMS, 2009 WL 1035231, at *1, *2 (E.D. Cal. Apr. 17, 2009) (dismissing case as improper "horizontal appeal" where plaintiff sought to invalidate adverse ruling in prior case by arguing that opposing litigants "intentionally omitted [and] excluded ... evidence ..." in the prior case).

[3] <u>Compare</u> Opp. at 3 <u>with</u> Opp. at 7.

DAVIS WRIGHT TREMAINE LLP

2017). And a district court is "without authority to revisit issues that were previously decided in another district court case," i.e., the outcome of Plaintiff's copyright claims in the prior action, and the discovery and evidentiary issues involved in those proceedings. Rinegard-Guirma v. Ocwen Loan Servicing, LLC, No. 3:16-cv-01036-HZ, 2016 WL 4257765 at *3 (D. Or. Aug. 10, 2016). Plaintiff cannot evade these basic principles by embellishing his previously-dismissed copyright claim with a fantastical conspiracy theory involving "new" parties that have nothing to do with the underlying conduct or any of the claims being asserted.[4] Plaintiff's transparent attempt to revive the Prior Blomkamp Action — after the Ninth Circuit and the U.S. Supreme Court affirmed its dismissal — must be rejected.

## IV.
## ALL OF THE PURPORTED CAUSES OF ACTION AGAINST NBCU SHOULD BE DISMISSED UNDER RULE 12(B)(6).

Plaintiff's Opposition provides no basis for any of the claims alleged against NBCU to proceed. Instead, Plaintiff merely restates the federal pleading standard requiring plausibility without explaining how the Complaint's ludicrous allegations could ever meet this standard. Plaintiff also contradicts the allegations of his very own Complaint in arguing his claims are timely; pulls the rug out from under his conspiracy, negligence, and accounting claim by conceding that NBCU did nothing to infringe his screenplay or to frustrate the Prior Universal Action (Opp. at 8); and misstates the law that applies to his conspiracy and spoliation claims.

### A.  Plaintiff Cannot Satisfy The Twombly And Iqbal Requirements.

Attempting to defend the plausibility of the Complaint, Plaintiff merely restates the federal pleading standard, and concludes, correctly, that the Court may decide whether the claims are plausible or not. Opp. at 5. Under this standard, Plaintiff's claims are manifestly

---

[4] In fact, principles of claim preclusion (which inform the broader doctrine of collateral attack), apply to "'any claims that were raised or could have been raised' in a prior action." Stewart v. U. S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis added). Thus, res judicata generally will apply when the second suit involves "infringement of the same right" and "arises out of the same transaction or nucleus of facts." Rein, 270 F.3d at 903. A disappointed litigant may not avoid preclusion merely by randomly naming new parties in the second suit – as Plaintiff seeks to do here – because "under California claim preclusion rules, the only identity of parties required is the identity of the party against whom preclusion is sought." Harper v. City of Monterey, No. 11-cv-02903-LHK, 2012 U.S. Dist. Lexis 7712, at *14 (N.D. Cal. Jan. 23, 2012) (emphasis added). That is Plaintiff – not any of the Defendants.

DAVIS WRIGHT TREMAINE LLP

implausible, even if extraordinary generosity is accorded to the Complaint and the Opposition's attempt to crystallize its allegations. See Opp. at 2-4. Plaintiff's theory of liability against NBCU consists of the following disjointed chain of events, which Plaintiff attempts to connect with pure surmise and circular reasoning:

- Universal Pictures allegedly hired Mordecai Wiczyk in 2000;
- Wiczyk was then allegedly "stole[n]" away by Ari Emanuel;
- Universal Pictures supposedly produced the film KPAX starring Kevin Spacey[5];
- Universal Pictures produced the film The Life of David Gale starring Kevin Spacey;
- Universal Pictures purportedly "likely" wouldn't distribute another film starring Kevin Spacey;
- Universal Pictures allegedly worked with Media Rights Capital to distribute films;
- Universal Pictures distributed the film Fifty Shades of Grey, produced by Dana Brunetti;
- Universal Pictures distributed the film Steve Jobs; and
- Universal Pictures was discussed in the press as a potential distributor for the film Elysium (but did not end up distributing the film).

Opp. at 3-4. But none of these facts provide even conjectural support for Plaintiff's absurd theory that the Defendants conspired to misappropriate Plaintiff's (and others') screenplays and frustrate the Prior Blomkamp Action. Olympic-record-sized leaps of inference (paired with conclusory references to all "defendants" without any attempt to identify conduct by NBCU), fail to meet the standard for pleading a conspiracy.

To impose liability for an underlying tort based on a theory of conspiracy in California, the plaintiff "must allege the formation and operation of the conspiracy, the wrongful act or acts done pursuant to it, and the damage resulting from such acts. In making such allegations bare legal conclusions, inferences, generalities, presumptions, and conclusions are insufficient." State of Cal. ex rel. Metz v. CCC Info. Svcs., Inc., 149 Cal. App. 4th 402, 419 (2007) (emphasis

---

[5] Contrary to Plaintiff's claims, NBCU did not produce K-PAX. See K-PAX, Company Credits, available at http://www.imdb.com/title/tt0272152/companycredits?ref_=tt_dt_co.

added) (internal citations omitted) (allegations that parties "conspired to conceal their improper loss valuations" amounted to "bare legal conclusions"; affirming grant of demurrer); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) ("a conclusory allegation of agreement at some unidentified point" does not establish conspiracy); Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992) (complaint must "allege specific facts to support the existence of a conspiracy among the defendants"); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) ("allegations of conspiracy must be supported by material facts, not merely conclusory statements").

Faced with such outlandish claims, this Court may "draw on its judicial experience and common sense" to dismiss them as inherently implausible. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see also, e.g., Labonte v. Governor of California, No. EDCV 13-1204-VAP (MAN), 2014 WL 1512229, at *6 (C.D. Cal. Apr. 14, 2014) (allegations that multiple law enforcement officers and public officials conspired to fabricate speeding tickets against plaintiff were "inherently implausible"); Mitchell v. Routh Crabtree Olsen, P.S., No. C 11-03577 JSW, 2012 WL 2792360, at *3 (N.D. Cal. July 9, 2012) ("[a]lthough Plaintiff uses the proper words in an effort to create such a conspiracy, the Court finds that the allegations are merely conclusory legal allegations and are inherently implausible"); Daskalakis v. FBI, No. 4:10-CV-221-BLW, 2011 WL 1900439, at *2, *5, *6 *7  (D. Idaho Apr. 28, 2011) ("speculative" and "outlandish" allegations of conspiracy "do not meet Iqbal 's standard of plausibility"), report and recommendation adopted, No. 4:10-CV-221-BLW, 2011 WL 1990661 (D. Idaho May 19, 2011).

Plaintiff's allegations are conclusory, outlandish, and implausible.  For all of these reasons, Plaintiff's latest attempt to elucidate his claims fails to clear the Iqbal hurdle.

**B.     The Complaint Is Time Barred as Against NBCU.**

Plaintiff attempts to rescue his negligence claim[6] by arguing that "virtually all" of the

---

[6] The Opposition also defends the timeliness of breach-of-contract, fraud, infringement, and spoliation claims (Opp. at 6-7), but none of these claims are alleged against NBCU and so they are not addressed here.  Because Plaintiff has clarified that the conspiracy claim against NBCU sounds only in negligence, not infringement or spoliation (Opp. at 7-8), NBCU addresses only the timeliness of a negligence claim.

7

REPLY ISO MOTION TO DISMISS
Case No. 17-cv-4952-VC
4845-7117-9393v.9 0020040-000144

claim was "unearthed" between March and November of 2017 — i.e., when Plaintiff filed the Complaint in the Prior Universal Action, see 17-cv-6552, ECF No. 1 — and that the claim did not accrue until Plaintiff felt he had "learn[ed]" of the allegedly negligent conduct. Opp. at 6.[7] Under the discovery rule, however, a claim accrues not when the plaintiff subjectively discerns the allegedly wrongful conduct, but when the plaintiff has "notice or information of circumstances to put a reasonable person on inquiry," i.e., when the plaintiff "at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof — when, simply put, he at least 'suspects ... that someone has done something wrong' to him." Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). Here — although it is difficult to understand the chain of facts that supposedly make up Plaintiff's negligence claim — Plaintiff's allegations show that he discovered the purported factual basis for his negligence theory well before the two-year period prior to the filing of the Complaint. Therefore, the claims are outside Section 339's two-year statute of limitations (which Plaintiff concedes applies). Specifically:

- The only actions by NBCU that are alleged to have been negligent were well-known entertainment business transactions entered into between 2000-2011, and distribution of films that were widely publicized and released no later than 2015. Opp at 2-3.
- Plaintiff discovered the allegedly negligent hiring of Jeff Rovin — the expert witness in the Prior Blomkamp Action — no later than June 12, 2014, the date that Plaintiff admits he "moved the court to exclude Rovin's expert report," on the purported grounds that "Rovin had falsified citations and fabricated evidence to substantiate his

---

[7] While the Opposition does not explicitly assert fraudulent concealment as a ground to find the negligence claim against NBCU timely (Opp. at 6), to the extent references to fraudulent concealment in other sections of the Opposition could be read to apply to the claims against NBCU, the claims still are untimely because fraudulent concealment tolls concealed claims only "until the discovery of facts constituting fraud." Snow v. A. H. Robins Co., 165 Cal. App. 3d 120, 125, 134 (1985) (holding that fraud claim was tolled only until "reports of alleged fraud became public"). In particular, Plaintiff claims that the last act in the claimed conspiracy was to "clos[e] and destroy[ ] the [TriggerStreet] social network" in November of 2014 in order to conceal breaches of contract. But any fraudulent concealment ended, at the latest, when Plaintiff "first learned of [TriggerStreet.com]'s closure around March of 2016," Complaint at ¶ 24, 238.F-H — or perhaps as early as the publication of public reports of TriggerStreet's closing in the fall of 2014, see Complaint Exh. D. Because Plaintiff failed to bring the negligence claims within two years after learning of the allegedly concealed negligence, the claims are barred.

8

DAVIS WRIGHT TREMAINE LLP

1  own claims." Complaint ¶¶ 182, 238.C, Exh. HH.

- Plaintiff asked TriggerStreet.com for records of individuals who accessed his work on April 15, 2014, and received a response disclosing TriggerStreet's deletion of access records on the same day. Complaint at ¶ 30, Exhs. E, F.

- Plaintiff first learned of [TriggerStreet.com]'s closure around March of 2016" — the same time he became "alarmed that Spacey had gone to Spain to discuss [TriggerStreet.com], as this was a violation of [TriggerStreet.com]'s Terms of Use." Complaint at ¶ 24, 238.F-H.

Because the very allegations of and exhibits to the Complaint make clear that Plaintiff discovered the alleged facts underlying his negligence cause of action more than two years before he filed suit on August 15, 2018, the discovery rule will not save the negligence claim.

### C. Plaintiff Concedes That Conspiracy Is Not A Cause of Action, And Eviscerates The Factual Basis For The Alleged Conspiracy.

Plaintiff concedes, as he must, that California does not recognize civil conspiracy as an independent cause of action. Opp. at 8. The conspiracy claim must be dismissed for that reason.

Moreover, the Opposition hollows out the factual basis of any conspiracy theory concerning NBCU, making clear that Plaintiff does not allege any wrongful conduct that — even if true — could justify relief against NBCU. As discussed above, in attempting to clarify the allegations of the Complaint, Plaintiff focuses on well-known — and benign — transactions and business relationships in Hollywood. See Opp. at 2-3. None of Plaintiff's attempts to clarify his allegations relate to anything that could be deemed wrongful. Specifically, **Plaintiff has confirmed that none of the allegations against NBCU relate to alleged spoliation in the Prior Blomkamp Action** (see Opp. at 2-4),[8] and also that "[f]raud and [s]uppression have been

---

[8] Because Plaintiff has not alleged a spoliation claim against NBCU, NBCU need not address Plaintiff's misplaced argument that the decision in Cedars-Sinai Med. Ctr. v. Superior Court, 18 Cal. 4th 1, 17 (1998), left open the availability of a tort remedy for "third party" spoliation. Opp. at 9-10. In any event, Plaintiff ignores the California Supreme Court's subsequent decision, Temple Cmty. Hosp. v. Superior Court, 20 Cal. 4th 464 (1999), in which it held that "no tort cause of action will lie for intentional third party spoliation of evidence." Id. at 466.[8] In so holding, the Court identified "many of the same considerations" that led to its decision in Cedars Sinai, including the Court's concern that "the same endless spiral of lawsuits

9

alleged only against certain of the Defendants" not including NBCU (see Complaint at ¶¶ 245-251). This concession is a rare moment of sense in Plaintiff's submissions, given that NBCU had nothing to do with the Prior Blomkamp Action. See, e.g., Judgment, Briggs v. Blomkamp, N.D. Cal. No 13-cv-04679 (October 3, 2014) (ECF No. 87) (Exh. A to NBCU's RJN In Support of Motion to Dismiss). Moreover, in addressing NBCU's copyright preemption argument, Plaintiff **disclaims any claims against NBCU that sound in infringement**. Opp. at 7. This, coupled with the omission of any other allegations of wrongdoing by NBCU, confirms there can be no basis for awarding Plaintiff the relief he seeks from NBCU, such as any damages from alleged "misappropriation" or "profits from the film Elysium." Complaint at ¶ 22, Prayer for Relief.

Because the Opposition makes clear that NBCU did not "conspire" to do anything wrongful, the conspiracy claim must be dismissed.

### D.  Because Plaintiff Cannot Demonstrate Entitlement To Relief, No Accounting Is Warranted.

Plaintiff cites authority permitting an accounting where no fiduciary relationship exists, but misses the point: to justify an accounting, there must be a showing that "some balance is due the plaintiff." Opp. at 9 (quoting Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872, 910 (2013). Here, as discussed above, Plaintiff has not alleged that NBCU had any interactions with him, owed or breached any duty to him, or misappropriated anything belonging to him. In these circumstances, there can be no justification for the remedy of an accounting.

### V.
### CONCLUSION

Plaintiff's attempt to re-plead his case through his Opposition brief simply demonstrates that his claims are fatally flawed. Because he already has had an opportunity to amend his Complaint, and cannot cure the defects, the Complaint should be dismissed against NBCU without leave to amend.

---

over litigation-related misconduct could ensue were we to recognize a tort cause of action for third party spoliation." Id. at 473.

10

REPLY ISO MOTION TO DISMISS
Case No. 17-cv-4952-VC
4845-7117-9393v.9 0020040-000144

| | |
|---|---|
| DATED: November 30, 2018 | DAVIS WRIGHT TREMAINE LLP<br>KELLI L. SAGER<br>ROCHELLE L. WILCOX<br>BRENDAN N. CHARNEY<br><br>By: */s/ Rochelle L. Wilcox*<br>       Rochelle L. Wilcox<br>Attorneys for Defendant<br>NBCUNIVERSAL MEDIA, LLC |

REPLY ISO MOTION TO DISMISS
Case No. 17-cv-4952-VC
4845-7117-9393v.9 0020040-000144