KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
KATE MANGELS (SBN 301811)
  kmangels@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
MRC II DISTRIBUTION COMPANY LP;
MORDECAI WICZYK; ASIF SATCHU;
SONY PICTURES ENTERTAINMENT INC.;
and ARIEL EMANUEL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KEVIN SPACEY; et al.,<br><br>　　　　Defendants. | Case No. 3:18-cv-04952-VC<br><br>[Hon. Vince Chhabria]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(b)(1)**<br><br>Date:　　December 13, 2018<br>Time:　　10:00 a.m.<br>Crtrm.:　4 |

## I. INTRODUCTION

In his opposition to the Motion to Dismiss, Plaintiff Steve Wilson Briggs ("Plaintiff") affirms a central argument of the opening motion, that his current action is an attempt to re-litigate his baseless claims which were denied in *Steve Wilson Briggs v. Neill Blomkamp, et al.,* N.D. Cal. Case No. 13-cv-4679-PJH (the "Infringement Action"). While Plaintiff places different labels on his causes of action, they are plainly improper attacks on the judgment in the Infringement Action that are barred by the collateral attack and res judicata doctrines. Notably, Plaintiff does not even try to deny that the only harm alleged in his Complaint is the infringement of his screenplay and the adverse ruling in the Infringement Action.  Plaintiff's claims should likewise be dismissed as he fails to address, much less rebut, the many deficiencies in the pleading of his claims. For the reasons discussed in the moving papers and below, Defendants MRC II Distribution Company LP ("MRC"); Mordecai Wiczyk; Asif Satchu; Sony Pictures Entertainment Inc; and Ariel Emanuel (collectively, the "Defendants") respectfully request that the claims against them—the First, Third through Eight, and Eleventh Causes of Action of the Complaint—be dismissed with prejudice.

## II. ARGUMENT

### A. The Collateral Attack Doctrine Applies

Plaintiff contends that the collateral attack doctrine does not apply because his "Causes of Action" were not addressed in the Infringement Action. Plaintiff's assertions assume that the doctrine would only apply if the causes of action in the Infringement Action were identical to those asserted here. That is not the case.

Courts have upheld the collateral attack doctrine in cases such as this, which attack the judgment of a prior action through challenges to admitted evidence or testimony. In *Rinegard-Guirma v. Ocwen Loan Servicing, LLC*, 2016 WL 4257765 at *2, cited in Defendants' moving papers, the court dismissed plaintiff's complaint, noting that "any challenge to the admissibility of certain evidence" in a prior proceeding could not be raised.  In *Advocare Intern., L.P. v. Scheckenbach*, 2010 WL 2196449 at *2 (W.D. Wash. May 27, 2010), also cited in Defendants' moving papers, the court dismissed a claim alleging that "false testimony led to a fraudulent verdict." The causes of action in these cases were not identical to the causes of action litigated in

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

the prior underlying cases. Rather, they were designed to attack the merits of the prior proceedings. But, the collateral attack doctrine applied.

Here too, Plaintiff's Complaint, as well as his opposition to the motion, is replete with attacks directed at Defendants' discovery conduct in the Infringement Action and at allegations of false testimony. For example, Plaintiff continues to challenge Defendants' supposed suppression of evidence related to the development of *Elysium* and the supposed use of fraudulent testimony from defense expert Jeff Rovin. *See, e.g.*, Plaintiff's Opposition ("Opp.") p. 5 (listing alleged conspiracies to "commit Willful Suppression of Evidence" and to "make Intentional Misrepresentations to the Court and to Plaintiff"); p. 7 (alleging that Defendants "hired a 'fixer' *expert* to deceive the Court"); p. 8 (alleging Defendants made false representations "regarding the reliability of their expert witness"). Thus, even in the course of opposing this motion and denying that this case is a collateral attack, Plaintiff cannot help but concede that supposed wrongdoing in the Infringement Action forms the basis for his claims.

Moreover, Plaintiff's citation to *Rein v. Providian Fin. Corp.*, 270 F.3d 895 (9th Cir. 2001) is misplaced. In *Rein*, the court found that the collateral attack doctrine did not apply to a defendant when he had signed and filed an agreement, but it was "unaccompanied by any court order." *Id.* at 900. In contrast, Plaintiff's claims in the Infringement Action have been finally adjudicated against him.

In short, although Plaintiff attempts to repackage his claims under causes of action with different labels, the fact is that Plaintiff is attempting a "horizontal appeal" from the ruling of another district court, which is plainly barred by the collateral attack doctrine.

### B. The Doctrine of Res Judicata Applies

Plaintiff argues that res judicita does not apply because the parties are not identical, there has been no judgment on the merits, and the "claims are not the same." Opp. p. 3-4. Again, that is not the case.

There is indisputably a final judgment on the Infringement Action. The requirement of a final judgment "is satisfied by a summary judgment dismissal which is considered a decision on the merits for res judicata purposes." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th

Cir. 2005).

Plaintiff states that parties are not identical, but res judicata requires *privity* between the parties, not *identicality*. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). "Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Id*. at 1081 (internal quotations and citation omitted). As in the Infringement Action, Plaintiff is again suing MRC, Sony Pictures and Blomkamp. Two of the moving Defendants not named in the Infringement Action, Modi Wiczyk and Asif Satchu, are the principals of MRC. *See* Complaint ¶¶ 16-17. They are therefore in privity with MRC, a party to the Infringement Action. The final moving Defendant, Ari Emanuel, is perhaps not in privity with any of the defendants named in the Infringement Action, but the doctrine of "nonmutual collateral estoppel" would apply in the alternative to preclude Plaintiff from re-litigating his failed copyright claim against Mr. Emanuel. *See Syverson v. Int'l Bus. Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) (holding that for "nonmutual issue preclusion," it need only be shown that "the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action").

While Plaintiff argues that the causes of action are new, the labels he attaches to his causes of action are irrelevant. Res judiciata applies where a plaintiff asserts "new" causes of action which effectively seek to relitigate claims that were pursued and lost in prior proceedings. *See Mpoyo*, 430 F.3d at 988. The "identity of claims" element of res judicata does not require that the claims in the two cases at issue be styled identically and courts instead look at four criteria to determine whether the same causes of action are being asserted. *Id.* These factors are: whether the cases arise out of the "same transactional nucleus of facts"; whether rights established in the prior judgment would be destroyed or impaired by the second action; whether the cases involve infringement of the same right; and whether the cases would involve substantially the same evidence. *Id.* For the reasons set forth in the moving papers, each of these factors demonstrates an identity of claims.

The identity of claims is further illustrated in Plaintiff's opposition. Despite Plaintiff's

claim that "the facts of this matter are entirely new and unrelated," (Opp. p. 3) *nearly every* fact cited in the opposition relates to the Infringement Action. For example, three of the five alleged conspiracies (Opp. p. 5), all instances of alleged fraud (Opp. p. 7), two of the four alleged false representations (Opp. p. 8), and all examples of alleged spoliation (Opp. p. 9) relate to Defendants' alleged conduct in the Infringement Action.

Lastly, Plaintiff's claim that this action is permissible under Federal Rule of Civil Procedure 60 is clearly erroneous. A request to modify a judgment under Rule 60 would need to be made with the court that heard the Infringement Action. Fed. R. Civ. P. 60(b). Further, any such motion must be made within one year of the judgment, and is thus time-barred. Fed. R. Civ. P. 60(c)(1). Of course, the fact that Plaintiff attempts to rely upon Rule 60, which allows one to seek relief "from a final judgment, order, or proceeding," is yet further evidence that Plaintiff is collaterally attacking the result in the Infringement Action through the filing of this case.

### C. Plaintiff's Claims Are Inadequately Pled

Defendants' moving papers demonstrated that the Complaint fails to state a claim under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's opposition fails to show otherwise.

To start, Plaintiff misconstrues Defendants' argument, stating that Defendants' "seek to misguide the court . . . that no facts or evidence should be included in a Complaint." Opp. at 4. Obviously, Defendants do *not* argue that dismissal is warranted because Plaintiff has violated Rule 8(a) by including too many facts. Rather, Defendants argue for dismissal on the basis that Plaintiff has failed to set forth any facts that are *salient*, and which, if true, would establish Defendants' liability for the causes of action alleged.

Plaintiff makes arguments in support of his Second, Ninth, and Tenth Causes of Action. Opp. at 5-6, 9. Because these are not pled against Defendants, Defendants do not address them here.[1] To the extent that Plaintiff attempts to tether these Causes of Action to his Conspiracy

---

[1] Plaintiff failed to address Defendants' arguments for dismissal of his Eleventh Cause of Action for an accounting, and therefore, that claim is not addressed here.

Cause of Action, "bare assertion[s] of a conspiracy will not suffice," *Twombly*, 550 U.S. at 556, nor will a "conclusory allegation of agreement at some unidentified point." *Id.* at 557.

### 1. The First Cause Of Action For Civil Conspiracy

As shown in Defendants' moving papers, a claim for conspiracy is not an independent cause of action, which Plaintiff concedes. Opp. p. 5. Additionally, Plaintiff fails to cite any facts which support a plausible claim that the moving Defendants were involved in any conspiracy related to triggerstreet.com. In fact, Plaintiff concedes several times in his opposition that he cannot prove the role of moving Defendants in relation to his triggerstreet.com allegations. *See* Opp. p. 6, 9.

Plaintiff demonstrates that his conspiracy claim is an attempt to attack the adverse judgment in the Infringement Action. *See* Opp. p. 5 (alleging conspiracies to commit willful suppression of evidence; make intentional misrepresentations to the court and the plaintiff; and to commit spoliation of evidence). Moreover, Plaintiff fails to explain what harm he is seeking to remedy other than harm stemming from the adverse judgment in the Infringement Action.

### 2. The Third Through Fifth Causes Of Action For Fraud, Fraudulent Deceit, And Fraudulent Concealment

Regarding the third through fifth cases of action for fraud, deceit, and concealment, Plaintiff's opposition does not rebut the failure to plead fraud with the particularity required under Fed. R. Civ. P. 9(b). Plaintiff further fails to allege any facts to support that Plaintiff suffered harm apart from being damaged by an adverse judgment in the Infringement Action. Plaintiff repeatedly points to Defendants' alleged hiring of an expert to make false testimony and other alleged discovery abuses in the Infringement Action. *See* Opp. p. 7-8. This provides further support for Defendants' argument in the moving papers that Plaintiff's fraud claims must fail under the collateral attack and res judicata doctrines. *See Advocare*, 2010 WL 2196449 at *2 (A claim that "false testimony led to a fraudulent verdict is an attack on the merits of the prior proceeding.").

Plaintiff's opposition provides no support for the claim that moving Defendants made any false statements *to him*. His general reliance on alleged false representations "to the Court and/or to the public" do not suffice to allege any duty owed to him by Defendants.

### 3. The Sixth and Seventh Causes Of Action For Negligence And Gross Negligence

On the sixth and seventh causes of action for negligence, the opposition does not address, let alone rebut, that the Complaint failed to plead facts supporting that Defendants owed a duty to Plaintiff or breached that duty. Nor does Plaintiff state any cognizable harm these alleged breaches of duty caused him. Rather, Plaintiff merely restates his allegations that Defendants engaged in negligent actions related to their business and creation of *Elysium*.

### 4. The Eighth Cause Of Action For Willful Suppression Of Evidence/ Spoliation Of Evidence

Plaintiff's eighth claim must fail because there is *no* civil cause of action for spoliation of evidence. In *Cedars-Sinai Medical Center v. Superior Court*, 18 Cal.4th 1, 11 (1998), the California Supreme Court declined to recognize an independent remedy for the intentional spoliation of evidence, in part to uphold the "prohibition against attacking adjudications on the ground that evidence was falsified or destroyed." Plaintiff's opposition makes clear that his Complaint is just the sort of attack the Supreme Court sought to prevent. Each of the examples of alleged spoliation set forth by Plaintiff concern actions allegedly taken by Defendants in the Infringement Action. Opp. at 9.

Plaintiff's reliance on CACI No. 204 is misplaced. *Cedars-Sinai* addresses the jury instruction as an example of one of the existing "nontort remedies that seek to punish and deter the intentional spoliation of evidence," noting a "strong policy favoring use of nontort remedies rather than derivative tort causes of action to punish and correct litigation misconduct." 18 Cal.4th at 11-12.

Finally, even if this cause of action was cognizable, which it is not, Plaintiff fails to cite any facts in the Complaint which support a plausible claim that Defendants engaged in spoliation. Particularly in relation to Plaintiff's claims of spoliation regarding triggerstreet.com, there are no facts pled whatsoever to support that Defendants had anything to do with the website. Plaintiff's "naked assertions" of a conspiracy involving all defendants do not suffice. *Iqbal*, 556 U.S. at 678.

### III. CONCLUSION

For all the reasons set forth above and in the moving papers, Defendants respectfully request that the Court grant their Motion and dismiss the Complaint in its entirety.

DATED: November 30, 2018   KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: */s/ Gregory Korn*
Gregory Korn
Attorneys for Defendants MRC II DISTRIBUTION COMPANY LP; MORDECAI WICZYK; ASIF SATCHU; SONY PICTURES ENTERTAINMENT INC.; and ARIEL EMANUEL