KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
KATE MANGELS (SBN 301811)
  kmangels@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
MRC II DISTRIBUTION COMPANY LP;
MORDECAI WICZYK; ASIF SATCHU;
SONY PICTURES ENTERTAINMENT INC.;
and ARIEL EMANUEL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>        Plaintiff,<br><br>    vs.<br><br>KEVIN SPACEY; et al.,<br><br>        Defendants. | Case No. 3:18-cv-04952-VC<br><br>[Hon. Vince Chhabria]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PRE-FILING SCREENING ORDER**<br><br>Date:      December 13, 2018<br>Time:     10:00 a.m.<br>Crtrm.:   4 |

REPLY ISO MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

Plaintiff fails to present any colorable argument in his Opposition that he should not be

3

declared a vexatious litigant.[1] Plaintiff's opposition further fails to rebut Defendants' argument

4

that he again attempts to re-litigate a case that has already been adjudicated against him.

5

Plaintiff points to sections of the California Code of Civil Procedure's definition of a

6

vexatious litigant that do not apply to him. These arguments are irrelevant as the code section

7

expressly states a vexatious litigant is a person who does *any* of the defined actions. The bases that

8

Plaintiff spends much of his motion addressing (*see* Opposition sections II.A, II. D) are not the

9

only bases under which to declare someone a vexatious litigant, and are not bases under which

10

Defendants argue Plaintiff should be declared vexatious. Additionally, while numerosity is at

11

times a factor for declaring a person a vexatious litigant under federal law, it is not always

12

determinative, particularly where, as here, Plaintiff is filing duplicative lawsuits.

13

Plaintiff argues that he has not attempted to re-litigate any issues. This is plainly not the

14

case. As discussed in detail in Defendants' opening brief, Plaintiff's current action is a brazen

15

collateral attack on the final judgment in *Steve Wilson Briggs v. Neill Blomkamp, et al.,* N.D. Cal.

16

Case No. 13-cv-4679-PJH (the "Infringement Action"). In fact, Plaintiff demonstrates as much

17

throughout his opposition to Defendants' Motion to Dismiss. For example, at pages five, seven,

18

eight and nine of his opposition, Plaintiff refers to alleged wrongs that occurred during the

19

Infringement Action, making it clear he is attacking that judgment. Plaintiff solely alleges facts

20

and claims either related to the already adjudicated copyright claims in the Infringement Action or

21

to the harm he suffered due to the adverse judgment in the Infringement Action.

22

This is not Plaintiff's first attempt to attack the judgment in the Infringement Action. As

23

detailed in Defendants' moving papers, Plaintiff filed a nearly identical complaint in *Steve Wilson*

24

*Briggs v. Universal Pictures, et al.*, N.D. Cal. Case No. 17-cv-06552-VC (the "Second Action").

25

_____

26

[1] Plaintiff's argument that defense counsel should be sanctioned pursuant to Federal Rule

27

of Civil Procedure 11(c) is factually frivolous and, regardless, fails to comply with the procedures
that a litigant must follow in seeking sanctions as outlined in Rule 11(c)(2).

28

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  In the Second Action, Defendants cited case law demonstrating the impropriety of such a

2  collateral attack. Still, Plaintiff was not dissuaded. There is every reason to believe that Plaintiff's

3  litigation against Defendants will not stop, even if the Court grants Defendants' Motion to

4  Dismiss, which it should. Plaintiff will either file another lawsuit with repackaged claims or will

5  collaterally attack *this Court's rulings in this case*. Absent an order declaring Plaintiff a vexatious

6  litigant, Plaintiff will continue to waste the resources of this and other California courts.

7       For all the reasons set forth above and in the moving papers, Defendants respectfully

8  request an order declaring Plaintiff a vexatious litigant, and imposing a pre-filing screening order

9  on Plaintiff.

10

11  DATED: November 30, 2018          KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

12

13                                    By:      */s/ Gregory Korn*
                                              Gregory Korn
14                                            Attorneys for Defendants MRC II DISTRIBUTION
                                              COMPANY LP; MORDECAI WICZYK; ASIF
15                                            SATCHU; SONY PICTURES ENTERTAINMENT
                                              INC.; and ARIEL EMANUEL
16

17

18

19

20

21

22

23

24

25

26

27

28