Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs<br><br>KEVIN SPACEY et al,<br><br>Defendants. | Civ No: 18-cv-04952-VC<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Date:           December 13, 2018<br>Courtroom:  4<br>Time:           10:00 a.m.<br>Judge:         Hon. Vince Chhabria |

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

The Plaintiff met and conferred (via teleconference) with two of the Defendants' attorneys (Brendan Charney and A. Alexander Lowder). Although all parties were considerate, there were sticking points, and in the end the attorneys believed it would be best to submit separate statements. This document represents the Plaintiff's Case Management Statement.

## 1. Jurisdiction & Service

Jurisdiction

This case involves one or more issues that are in the exclusive jurisdiction of the federal courts (Copyright Infringement).

Service

Plaintiff believes he has served all parties properly—with the exception of Defendant (**Def**) Bill Block (who was not properly served, due to Miramax's failure to maintain their Business Entity Statements in compliance with California law).

Plaintiff believes Def Spacey may have recently defaulted by refusing mail service. Plaintiff also thinks Def Brunetti's service of process agent/agency may have committed a disqualifying refusal of service of process. Although properly served, it appears Defs Damon, Affleck and Blomkamp are not responding to service of process. Plaintiff expects to move the Court to address these issues soon.

There is a pending Motion for Service by Publication for Defs Spacey and Brunetti.

## 2. Facts

Defendants have not yet contested any of the facts presented in the Complaint. Among the more important facts alleged in this matter are the following:

a. In 2014, the Defendants conspired to hire and pay an uneducated "expert" witness (Jeff Rovin) to provide a falsified expert report to the District Court, in order to prevail in prior action *Briggs v Blomkamp*. (Plaintiff moved the Court to exclude/disqualify Rovin's Report, due to the falsification and fraud it contained.)

b. Two years later, on October 2016, Jeff Rovin went on the Sean Hannity Show (FOX News) and explained that for many years he worked for President Bill Clinton, as a "fixer". Rovin explained he was paid to write falsified and/or distorted stories, to smear Clinton's detractors.

c. Rovin stated, in his interview with Sean Hannity, that another "actor" in the Clinton Administration brought Rovin into the Clinton fold. Rahm Emanuel began working as Clinton's Senior Advisor from 1993 to 1998. Rahm Emanuel is the brother of Defendant Ari Emanuel. Rahm Emanuel is logically the *actor* that brought Rovin to

2
PLAINTIFF'S CASE MANAGEMENT STATEMENT

| | |
|---|---|
| 1 | Bill Clinton, and the actor that brought Rovin to Ari Emanuel, MRC and Neill |
| 2 | Blomkamp in *Briggs v Blomkamp*. |
| 3 | d. The Defs' actions outlined in sections a, b, and c constitute fraudulent deceit. |
| 4 | e. November 6, 2014, six (6) days after Plaintiff filed Notice of Appeal (*Briggs v* |
| 5 | *Blomkamp*), the Defs closed their social network *TriggerStreet.com* **(TS)**. Plaintiff |
| 6 | believes the Defs did so to destroy evidence and records, as TS was the Defs' *access* |
| 7 | point in *Briggs v Blomkamp*, and destroying these records would prevent Plaintiff |
| 8 | from subpoenaing these records if the 9th Circuit remanded *Briggs v Blomkamp*. |
| 9 | f. The TS "Terms of Use" stated the site was made <u>solely for use in the USA,</u> yet Def |
| 10 | Spacey went to London for a TS launch party and interviews, and went to Spain for |
| 11 | a TS recruitment speech, to tout TS's "400,000 members around the world." This |
| 12 | was a Breach Of Contract. |
| 13 | g. The Defendants, via TS, violated the Plaintiff's exclusive copyrights by making the |
| 14 | Plaintiff's work available around the world—without Plaintiff's consent; violating |
| 15 | the Plaintiff's exclusive right to export his work |
| 16 | h. The Defendants profited from exporting the Plaintiff's work to foreign countries |
| 17 | through advertisement deals with Budweiser and Stella Artois, etc. |
| 18 | i. TriggerStreet.com's *Privacy Policy* "Information Disclosure" section informed TS |
| 19 | members that TS collected information concerning members' true identities, and |
| 20 | would reveal this information if any member or user were accused of wrongdoing |
| 21 | on TS. This passage of the Privacy Policy read: |

"We reserve the right to disclose information submitted by or concerning any user as we feel is necessary to protect our systems or business. Specifically, but without limitation, we reserve the right to disclose such information when a visitor or member is in violation of our Terms of Use or any other agreement with us, or engages (or is suspected of engaging) in any harmful, infringing or illegal activity; any threatening or abusive behavior or in any manipulation of the Site or the Services including, without limitation, to law enforcement agencies for investigation or prosecution. You hereby agree that we may disclose such information in connection with such events and/or concerns, with or without a subpoena, warrant, or other court order, and that we may disclose such information in response to court and governmental orders, civil subpoenas, discovery requests and as otherwise required by law.."

j. However, in 2007, a few months after the Plaintiff's work debuted on TS, without informing the Plaintiff or the TS members, the Defs installed a counter-security feature on TS, which erased all access records if a member deleted their work.

k. In 2014, after the Plaintiff filed the *Briggs v Blomkamp* lawsuit, he contacted TS to get a list of people who accessed his work, TS informed him those records were erased when he removed his work from the website.

l. The Defendants rendered contracts that were comprised of and relied on false statements, misrepresentations and omissions —such as boasting that TS had "industry standard" security, when, in fact, there were no security features.

m. Defendants made false promises to entice new writers, such as: "Our team has been extensively researching and designing TriggerStreet.com to ensure that it encapsulates every aspect of the user's desires and needs".

n. The details contained in sections i, j, k, l, and m confirm the Defendants engaged in Fraud, Deceit, and Concealment.

o. Plaintiff contends the Defs engagement in grossly negligent corporate relationships (e.g. Defs Emanuel's and Bill Block's secret co-ownership of Screenbid.com with Sony Picture's CEO M. Lynton) created a culture where the Defs neglected to do basic due diligence. Thus, before they ever read a script, Sony and MRC agreed to buy the rights to Def Blomkamp's screenplay "*Elysium*".

### 3. Legal Issues

There are numerous legal issues and questions involved in this case, including:

1. If a Plaintiff brings evidence that Defs won a prior judgment due to previously unknown evidence that the Defendants and/or their Counsel deceived the Court (for example: 1. Defendants hired a fixer to provide a falsified report; 2. Defendants engaged in Willful suppression by [**A**] destroying the central access point —the TS social network— just days after Plaintiff filed for appeal, [**B**] refusing to allow an editor—Lee Smith—to answer a pivotal discovery question; [**C**] having Simon Kinberg provide a demonstrably false interrogatory response); in such a case, would the Defs be liable to the Plaintiff for damages and profits, as the prior judgment was

4
PLAINTIFF'S CASE MANAGEMENT STATEMENT

won due to the Defs' improper conduct and deceit?

2. What is the liability an infringer has for wrongfully displaying another parties work —around the world— after deceiving the other party into joining their social network, with falsified terms and agreements.

3. Do corporations have a duty to behave responsibly (actually read the screenplays that they intend to purchase), and engage in ethical relationships and conduct?

4. In recent weeks the Plaintiff learned (and inform the Court) that the MRC Defendants and their Counsel submitted verifiably false Corporate Disclosure Statements in *Briggs v Blomkamp,* including providing a false business address, and stating that MRC II Distribution Company LP had no parent in one Statement, then claiming a parent in another Statement. This points to severe and alarming credibility problems with all of the Defendants and their counsel.

### 4. Motions.

- Defendants have filed three (3) motions to dismiss.
- Defendants have filed a motion to declare the Plaintiff a vexatious witness.
- Plaintiff has filed two (2) motions to serve by publication. One of these motions (against Defendant Bill Block) was denied, one of the motions (against Spacey and Brunetti) is pending.
- Plaintiff has filed a motion to strike Defendant Trigger Street Productions' motion to dismiss.

### 5. Amendment of Pleadings.

The Plaintiff has not amended his Complaint, but will likely seek leave from the Court to do so in the coming weeks.

Plaintiff thinks a reasonable deadline for amending is **February 11, 2019**.

### 6. Evidence Preservation.

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and has conferred with the Defense Counsel pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The parties have not yet made initial disclosures.

### 8. Discovery

The parties have not engaged in any discovery to date and have not considered agreeing to a stipulated e-discovery order. Parties have not proposed a discovery plan.

Defense attorney Brendan Charney did state that he intended to contest or limit the Plaintiff's discovery access to NBCU records, because he felt NBCU had disproportionate exposure. Plaintiff strongly disagrees, and believes this argument is very flawed.

### 9. Class Action

This is not a class action suit.

### 10. Related Cases.

Related to Prior case, *Briggs v Universal*. No current related cases.

### 11. Relief.

Plaintiff has asked for the following relief:

1. For actual/compensatory damages;
2. for exemplary damages (under CCP 3294);
3. for special damages in an amount according to proof at trial;
4. Consistent with copyright law, for restitution and disgorgement of all profits from Elysium (roughly $800,000,000); *This total is based on established formula for projecting earnings over 20 years.
5. For Plaintiff's costs and attorneys' fees (as provided under 17 U.S. Code § 505);
6. for such injunctions and additional relief the Court may deem proper.

### 12. Settlement and ADR.

Settlement is possible, but unlikely. There have been no ADR efforts to date.

Plaintiff is open to Early Neutral Evaluation, and non-binding Settlement Conference.

### 13. Consent To Magistrate Judge For All Purposes.

No, Plaintiff will not consent to have a magistrate judge conduct all proceedings including trial and entry of judgment.

### 14. Other References.

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues.

N/A.

### 16. Expedited Trial Procedure.

This case is not it appropriate for Expedited Trial Procedure.

### 17. Scheduling.

Given the complexity of this matter, the large number of Defendants, and the many alleged infractions, the Plaintiff requests a longer (14 month) discovery period, and a ten (10) day trial. Plaintiff proposes the following schedule:

**Discovery Begins**: Dec 13, 2018;

**Discovery Cutoff**: October 11, 2019;

**Designation of Experts**: October 11, 2019;

**Deadline For Filing Dispositive Motions**: December 11, 2019;

**Pretrial Conference**: March 9, 2020;

**Trial begins**: March 23, 2020;

**Trial ends**: April 3, 2020.

### 18. Trial.

Jury Trial.

Plaintiff believes due to the density and complexity of the issues and facts, and the large number of Defendants, this matter would be best served by a 10 day jury trial. Plaintiff proposes March 23, 2020, to April 3, 2020.

### 19. Disclosure on Non-party, Interested Entities or Persons.

Plaintiff has no non-party, interested entities or persons to disclose.

### 20. Professional Conduct.

Plaintiff has reviewed Guidelines For Professional Conduct For The Northern District Of California.

**21.  Such Other Matters...**

Plaintiff is not aware of any such other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Date: December 3, 2018            Signed: /s/   Steve Wilson Briggs
                                                                                   Steve Wilson Briggs
                                                                                   Plaintiff, In Propria Persona