1  Steve Wilson Briggs
2  4322 Chico Ave.,
   Santa Rosa, CA 95407
3  510 200 3763
   snc.steve@gmail.com
4  PLAINTIFF In Propria Persona
5
6
7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  STEVE WILSON BRIGGS, | Civ No: 18-cv-04952-VC |
| 11  Plaintiff, | |
| vs | **PLAINTIFF'S NOTICE OF MOTION** |
| 12  KEVIN SPACEY;  ARI EMANUEL; | **AND MOTION FOR DEFAULT** |
| MATT DAMON;  BEN AFFLECK; | **JUDGMENT AGAINST DEFENDANTS** |
| 13  NBCUNIVERSAL MEDIA, LLC; | **SPACEY, BRUNETTI, DAMON,** |
| SONY PICTURES ENT INC.; TRIGGER | **AFFLECK AND BLOMKAMP** |
| 14  STREET PRODUCTIONS; NEILL | |
| 15  BLOMKAMP;  ASIF SATCHU; | Date:        January 10, 2019 |
| MORDECAI WICZYK; MRC, et al; | Courtroom: 4 |
| 16  Defendants. | Time:        10:00 a.m. |
| 17 | Judge:       Hon. Vince Chhabria |

18                    **NOTICE OF MOTION:**

19      **ATTENTION,** ALL PARTIES AND THEIR ATTORNEYS OF RECORD,

20  **PLEASE TAKE NOTICE** that on January 10, 2019, at 10:00 a.m., or as soon thereafter as

21  the matter can be heard, in Courtroom No. 4 of  the United States District Court of the

21  Northern District Of California, at 450 Golden Gate Avenue, San Francisco, CA 94102,

22  before the Honorable Vince Chhabria, Plaintiff Steve Wilson Briggs will, and hereby does,

23  move this Court for a judgment of default against Defendants Kevin Spacey, Dana Brunetti,

24  Matt Damon, Ben Affleck and Neill Blomkamp, for failure to respond to service of process,

25  refusal of mail service (Spacey), and refusal of service (Brunetti).

26      This motion is made pursuant to Federal Rules of Civil Procedure, Rule 55(b)(2).

27      This motion is based on this Notice of Motion and Motion, and its following

28  Memorandum of Points and Authorities.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**INTRODUCTION:**

1  On August 15, 2018, Plaintiff filed the Complaint in this matter, with the U.S. District Court, Northern District Of California, San Francisco, thereby initiating this action.

The Plaintiff then had 90 days to properly serve the Defendants.

The deadline to serve all parties was November 13, 2018.

Service was hampered by the Defendants' failure to submit or maintain accurate Business Entity Statements (**BES**) with the Office of the California Secretary of State; service of process was further hampered by the fact that several of the Defendants —MRC, Trigger Street Productions (**TSP**)— had not updated their BES's to designate a valid and/or current agent for service of process; and hampered, further still, by the fact that several of the Defendants (**Defs**) and their agents seemed to engage in a willful effort to evade service.

The Plaintiff believes his servers of process properly served all parties —<u>with the exception of Defendant (**Def**) William (Bill) Block</u>, who evaded service by managing a corporation (Miramax) that did not properly maintain its California BES; thus, Plaintiff's server attempted to serve Block at the wrong address.

The five (5) Defendants that the Plaintiff believes have defaulted are Defendants **Kevin Spacey, Dana Brunetti, Matt Damon, Ben Affleck and Neill Blomkamp**. The defaulting Defendants are all connected to Def Ari Emanuel and MRC (Defs Damon, Affleck and Blomkamp are represented by Emanuel and/or his talent agency WME; and Spacey and Brunetti have been business partners with Emanuel and MRC since 2011, co-producing the HBO series *House of Cards*).   The Plaintiff **suspects** the Defs have ignored the Summons upon the advice of Defendants Emanuel and MRC, who may have offered to assume all financial liability, hoping to avoid losing these clients and partners —and wary of damaging information these Defendants may yield at deposition and trial.

Rather than writing 5 separate motions for default judgment against each separate Defendant, the Plaintiff has divided the details of each Defendants' defaulting actions, under headings tailored to each Defendant, herein, beginning on the following page.

1                 **Bases to Default <u>Kevin Spacey</u>**

2      Before outlining the facts comprising the bases of a default against Defendant

3 Spacey, the Plaintiff must acknowledge he has moved the Court to serve Summons and

4 Complaint on Spacey by publication.  That motion is pending.  Service by publication may

5 still be necessary if the Def has not in fact already defaulted.  However, Plaintiff believes

6 the Defendant has defaulted, thus, service by publication may no longer be necessary.

7      On September 17, 2018 and September 27, the Plaintiff' process server, Morgan

8 Marchbanks, served Defendant Spacey —who is a resident of New York state— via

9 certified USPS Priority mail, with return receipt attached. However these service attempts

10 may have been improper because the Plaintiff did not include two copies of the NOTICE

11 and ACKNOWLEDGMENT OF RECEIPT OF SUMMONS per **CCP 415.30**.

12      However, on November 13, 2018, the Plaintiff's server, Cecile Lusby, served the

13 Defendant, via certified USPS Priority mail, with return receipt attached, all of the required

14 documents, including 2 copies of the NOTICE and ACKNOWLEDGMENT OF RECEIPT

15 OF SUMMONS required by CCP 415.30, and a self-addressed stamped envelope. (**See**

16 **Exhibit A**, service Declaration of Cecile Lusby).

17      The Defendant then had 20 days to return the signed Acknowledgment. That 20 day

18 deadline expired on December 3,, 2018, and the Defendant did not sign and return the

19 Acknowledgment Of Receipt Of Summons. These facts, would ordinarily just support a

20 Court order for service by publication; however, Defendant Spacey and/or his designated

21 agent did something more unexpected, which warrants a judgment of default under FRCP

21 Rule 12, namely: **Defendant Spacey or/his agent/agency REFUSED to accept the**

22 **package sent to the Defendants.**

23      **Refusing to accept service by mail is a basis for dismissal under FRCP Rule 12.**

24      The package was returned, with the word **"Refused"** clearly printed on the face;

25 either printed by the postal worker, or the Defendant or his agent.  Who wrote the word

26 makes no difference.  If it is refused, it is a default. It is also interesting to notice that the

27 Defendant paid $26.25 to send the refused package *Express* mail back to Plaintiff  (**See**

28 **Exhibit B**, photo/scan of Refused Summons and Complaint).

1    FRCP Rule 4 provides for default judgment against Defendants who refuse mail

2    service, as does California law (*Engebretson & Co. v. Harrison* (1981)).

3    FRCP Rule 4 expressly provides for default judgment for refusal of service by a

4    Defendant. This is explained below the basic Rule, in the "NOTES" sections, in the

5    **"Legislative Statement—1983 Amendment"** in the fourth paragraph of the letter by

6    Assistant Attorney General Robert A McConnell, as he writes:

> 7    The amendments proposed by the Supreme Court would permit service by
> 8    registered or certified mail, return receipt requested. We had regarded the
>      Supreme Court proposal as the more efficient because it would not require
> 9    and affirmative act of signing and mailing on the part of a defendant.
> 10   **Moreover, the Supreme Court proposal would permit the entry of a**
>      **default judgment if the record contained a returned receipt showing**
> 11   **acceptance by the defendant or a returned envelope showing refusal** of
> 12   the process by the defendant and subsequent service and notice by first class
>      mail. However, critics of that system of mail service have argued that
> 13   certified mail is not an effective method of providing actual notice to
>      defendants of claims against them because signatures may be illegible or
> 14   may not match the name of the defendant, or because it may be difficult to
> 15   determine whether mail has been "unclaimed" or **"refused," the latter**
>      **providing the sole basis for a default judgment.**
> 16

17   This service rule is further reinforced 11 paragraphs below, under the heading:

18   "H.R. 7154— Federal Rules Of Civil Procedure Amendments Act Of 1982 Background."

19   It should also be noted that on 11/13/2018, Plaintiff had his server, Zena Briggs,

20   attempt to serve Def Spacey by serving his agent/agency for service of process, in Los

21   Angeles, CA.  But in a surreal scenario the agency also **refused** service, and gave vague

21   and conflicting accounts as to whether they were authorized to accept service for Spacey

22   and Brunetti. (**See Exhibit C**). Plaintiff believes this refusal also warrants defaulting.

23   It should further be observed that the Plaintiff's server, Nexus Assoon, also

24   attempted to serve the Defendant at 11766 Wilshire, Los Angeles (from Trigger Street

25   Productions' BES), but there was no agent or office at this address. (**See Exhibit D**).

26   See TSP's CA Secretary of State business registration, identifying Spacey as CEO

27   and Selvaggi as the designated agent (**See Exhibit E**).

28   Also see TSP's CA Secretary of State's BES, identifying 200 Park Avenue South as

1  the Principal Executive Office, and as Spacey's (Fowler) address (**See Exhibit F**).

2                                    Conclusion:

3       For the reasons detailed in this segment, under the heading "**Basis to Default** Kevin

4  Spacey", the Court should enter a Judgment of Default against Defendant Spacey.

5

6                        **Basis to Default <u>Dana Brunetti</u>**

7       On November 13, 2018, the Plaintiff's server, Cecile Lusby, served the Defendant

8  Brunetti (along with Spacey), all of the required documents, including 2 copies of the

9  NOTICE and ACKNOWLEDGMENT OF RECEIPT OF SUMMONS required by CCP

10  415.30, and a self-addressed stamped envelope; served via certified USPS Priority mail,

11  with return receipt attached. (**See Exhibit A**, service Declaration of Cecile Lusby).

12       The Defendant then had 20 days to return the signed Acknowledgment.

13       That 20 day deadline expired on December 3, 2018, and the Defendant did not sign

14  and return the Acknowledgment Of Receipt Of Summons.

15       This would support the Plaintiff's pending motion for service by publication, but

16  Plaintiff believes that since he served both Spacey and Brunetti **at the same address** (the

17  address of their agent for service of process, Frank Selvaggi and/or Altman Greenfield &

18  Selvaggi, 200 Park Avenue South, 8th Floor, New York, New York, 10003), **at the same**

19  **time**, and neither Spacey nor Brunetti signed the Acknowledgement; coupled with the fact

20  that Def Spacey or his agent refused this service, it should be understood that Defendant

21  Brunetti has also refused service.  Thus, he should also be judged to be in default.

21       The basis for such an FRCP Rule 4 default is explained in the previous segment,

22  under the heading "Bases to Default Kevin Spacey".

23       It should be noted that on Nov 13, 2018, Plaintiff had his server, Zena Briggs,

24  attempt to serve Brunetti by serving his agent/agency for service of process in Los Angeles,

25  CA.  But this service was refused. (**See Exhibit C**). Plaintiff believes this refusal also

26  warrants defaulting.

27       It should further be observed that the Plaintiff's server, Nexus Assoon, also

28  attempted to serve the Defendant at 11766 Wilshire, Los Angeles (from Trigger Street

1  Productions' BES), but there was no agent or office at this address. (**See Exhibit D**).

2  Conclusion:

3  For the reasons detailed in this segment, under the heading "Basis to Default Dana

4  Brunetti," the Court should enter a Judgment of Default against Defendant Dana Brunetti.

5

6  **Basis to Default <u>Matt Damon</u>**

7  On October 30, 2018, the Plaintiff's server, Melvin Jackson, personally served

8  Defendant Matt Damon's agent for service of process, Gary Kress. (**See Exhibit G,**

9  Declaration of Melvin Jackson). This method of service satisfies the service requirements

10  of FRCP Rule 4(e)(2)(C), which provides for service to a designated agent.

11  However, the Plaintiff was concerned that the Defendant might attempt to deny

12  proper service; so on November 1, 2018, the Plaintiff had his server of process, Cecile

13  Lusby, mail the Summons and Complaint to Def Damon, % Gray Kress, at the address he

14  claimed as his address on his California Secretary of State Business Entity Statements. (**See**

15  **Exhibit H**, Cecile Lusby's service Declaration). Thus, the Def was served in compliance

16  with federal standards (Rule 4(e)(2)(C)), and in compliance with California CCP 415.20(a),

17  which allows for service, in lieu of personal delivery, by leaving the summons and

18  complaint at Def's office, during usual office hours, then by mailing another copy of the

19  summons and complaint to the same office address. CCP 415.20(a) reads:

20
21  415.20. (a) In lieu of personal delivery of a copy of the summons and
complaint to the person to be served as specified in Section 416.10, 416.20,
21  416.30, 416.40, or 416.50, a summons may be served by leaving a copy of
the summons and complaint during usual office hours in his or her office or,
22  if no physical address is known, at his or her usual mailing address, other
than a United States Postal Service post office box, with the person who is
23  apparently in charge thereof, and by thereafter mailing a copy of the
summons and complaint by first-class mail, postage prepaid to the person to
24  be served at the place where a copy of the summons and complaint were left.
When service is effected by leaving a copy of the summons and complaint at
25  a mailing address, it shall be left with a person at least 18 years of age, who
shall be informed of the contents thereof. Service of a summons in this
26  manner is deemed complete on the 10th day after the mailing.
27

28

1       Def Damon's CA Secretary of State's BES for his business *Mad Post Productions,*

2  *LLC* states that Def Damon is a manager of this business and that his personal address, and

3  the Principal Executive Office address, and the office of the Business's designated agent,

4  are all located at: 2401 Main St., Santa Monica, CA, 90405. (**See Exhibit I**).

5       The Plaintiff timely and properly served Defendant Matt Damon.

6       Defendant Damon's 21 days to respond to the summons and complaint, under FRCP

7  Rule 4(e)(2)(C), expired on November 20, 2018.

8       Defendant Damon's 21 days (plus 10 additional days) to respond to the summons

9  and complaint, under CCP 415.20(a), expired on December 2, 2018.

10       It is now December 4, 2018, and the Defendant has not responded.

11       The Defendant is in default.

12                                 Conclusion:

13       For the reasons detailed in this segment, under the heading "Basis to Default Matt

14  Damon", the Court should enter a Judgment of Default against Def Matt Damon.

15

16                           **Basis to Default <u>Ben Affleck</u>**

17       On October 30, 2018, the Plaintiff's server, Melvin Jackson, personally served

18  Defendant Ben Affleck's agent for service of process, Gary Kress. (**See Exhibit G,**

19  Declaration of Melvin Jackson). This method of service satisfies the service requirements

20  of FRCP Rule 4(e)(2)(C), which provides for service to a designated agent.

21       However, the Plaintiff was concerned that the Defendant might attempt to deny

21  proper service; so on November 1, 2018, the Plaintiff had his server of process, Cecile

22  Lusby, mail the Summons and Complaint to Def Damon, % Gray Kress, at the address he

23  claimed as his address on his California Secretary of State Business Entity Statements. (**See**

24  **Exhibit H**, Cecile Lusby's service Declaration). Thus, the Defendant was served in

25  compliance with federal standards (Rule 4(e)(2)(C)), and in compliance with California

26  CCP 415.20(a), which allows for service, in lieu of personal delivery, by leaving the

27  summons and complaint at Def's office, during usual office hours, then by mailing another

28  copy of the summons and complaint to the same office address. CCP 415.20(a) reads:

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

415.20. (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Def Affleck's CA Secretary of State's BES for his business *Mad Post Productions, LLC*, states that Def Affleck is a manager of this business and that his personal address, and the Principal Executive Office address, and the office of the Business's designated agent, are all located at: 2401 Main St., Santa Monica, CA, 90405. (**See Exhibit I**).

The Plaintiff timely and properly served Defendant Affleck.

Defendant Affleck's 21 days to respond to the summons and complaint, under FRCP Rule 4(e)(2)(C), expired on November 20, 2018.

Defendant Affleck's 21 days (plus 10 additional days) to respond to the summons and complaint, under CCP 415.20(a), expired on December 2, 2018.

It is now December 4, 2018, and the Defendant has not responded.

The Defendant is in default.

Conclusion:

For the reasons detailed in this segment, under the heading "Basis to Default Ben Affleck", the Court should enter a Judgment of Default against Defendant Ben Affleck.

**Basis to Default <u>Neill Blomkamp</u>**

The Plaintiff has served process on Defendant Blomkamp numerous times (twice, as the Plaintiff recalls, during *Briggs v Blomkamp*). The Plaintiff has always directed service for Defendant Blomkamp % WME (William Morris Endeavor) and/or Ari Emanuel (who was Blomkamp's personal agent for many years). The Defendant has never denied these

1   previous service attempts.

2          Defendant Blomkamp is not a US citizen. Defendant Blomkamp, reportedly, is a

3   citizen of Canada and South Africa.

4          On October 19, 2018, the Plaintiff's server of process, Nexus Assoon, served

5   Defendant Blomkamp in compliance with federal and California law by delivering the

6   Summons and Complaint to the headquarters and mailroom of WME, where an employee

7   of WME repeatedly stated that he could accept the Summons and Complaint for the

8   Defendant. (**See Exhibit J**, declaration of Nexus Asson).

9          Then on November 1, 2018, the Plaintiff's server of process, Cecile Lusby,

10  completed service of process, in compliance with CCP 415.20(a), by sending the summons

11  and complaint, via USPS priority mail, to the address of  Mr. Assoon's original service.

12  (**See Exhibit K**, service declaration of Cecile Lusby).

13         Defendant Blomkamp's 21 days to respond to the summons and complaint, under

14  FRCP Rule 4(e)(2)(C), expired on November 22, 2018.

15         Defendant Blomkamp's 21 days (plus 10 additional days) to respond to the

16  summons and complaint, served under CCP 415.20(a), expired on December 2, 2018.

17         It is now December 4, 2018, and the Defendant has not responded.

18         The Defendant is in default.

19                                    Conclusion:

20         For the reasons detailed in this segment, under the heading "**Basis to Default** Neill

21  Blomkamp", the Court should enter a Judgment of Default against Defendant Blomkamp.

21

22                               **CONCLUSION**

23         For all of the forgoing reasons, detailed in this Motion and Memorandum of Points

24  and Authorities, the Court should enter a Judgment of Default against all of the Defendants.

25

26   Date: December 4, 2018                    Signed: /s/  Steve Wilson Briggs
                                                          Steve Wilson Briggs
27                                                        Plaintiff, In Propria Persona

28