Stephen G. Larson (SBN 145225)
slarson@larsonobrienlaw.com
Jonathan E. Phillips (SBN 233965)
jphillips@larsonobrienlaw.com
A. Alexander Lowder (SBN 269362)
alowder@larsonobrienlaw.com
**LARSON O'BRIEN LLP**
555 South Flower Street, Suite 4400
Los Angeles, CA  90071
Telephone:   213.436.4888
Facsimile:   213.623.2000

Attorneys for TRIGGER STREET PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>          Plaintiffs,<br><br>     v.<br><br>KEVIN SPACEY; ARI (ARIEL) EMANUEL; MATT DAMON; BEN AFFLECK; NBC UNIVERSAL MEDIA, LLC; SONY PICTURES ENT INC.; TRIGGER STREET PRODUCTIONS; NEILL BLOMKAMP; ASIF SATCHU; MORDECAI (MODI) WICZYK; WILLIAM (BILL) BLOCK; DANA BURNETTI; SOUND POINT CAPITAL MANAGEMENT, LC; MRC (and all MRC entities and subs.),<br><br>          Defendants. | Case No. 3:18-cv-04952-VC<br>Related Case No. 3:17-CV-6552-VC<br><br>[Hon. Vince Chhabria]<br><br>**DEFENDANTS' JOINT CASE MANGEMENT STATEMENT PURSUANT TO CIVIL LOCAL RULE 16-9**<br><br>Case Management Conference<br>Date:        December 13, 2018<br>Time:        10:00 a.m.<br>Crtrm.:       4 |

Pursuant to Civil Local Rule 16-9, Defendants Trigger Street Productions, Inc., NBCUniversal Media, LLC ("NBCU"), MRC II Distribution Company LP, Mordecai Wiczyk, Asif Satchu, Sony Pictures Entertainment Inc., and Ariel Emanuel file their Joint Case Management Statement.

Plaintiff Steve Wilson Briggs elected to file his own Case Management Statement. (Doc. No. 82, filed Dec. 3, 2018.) This Case Management Statement follows a conference among counsel and Plaintiff held on November 5, 2018.

**(1)   Jurisdiction and Service**

The Defendants that have appeared in the case, Defendants Trigger Street Productions, Inc., NBCU, MRC II Distribution Company LP. Mordecai Wiczyk, Asif Satchu, Sony Pictures Entertainment Inc., and Ariel Emanuel, do not contest jurisdiction or service.

**(2)   Facts**

The instant lawsuit is Plaintiff's third action predicated upon his meritless allegation that the film *Elysium* infringed on Plaintiff's screenplay, Butterfly Driver. In 2013, Plaintiff filed *Briggs v. Blomkamp, et al*, No. CV 13-4679 (*Briggs I*). On October 3, 2014, Judge Hamilton granted summary judgment in favor of the defendants in that action—which included some, but not all, of the current defendants—finding that Plaintiff's copyright infringement claim was meritless. Judge Hamilton found that Plaintiff presented no evidence that anyone associated with *Elysium* had accessed his screenplay on TriggerStreet.com. Judge Hamilton further found that, regardless of access, Plaintiff's screenplay was not substantially similar to *Elysium* as a matter of law. The Ninth Circuit affirmed Judge Hamilton's order granting the defendants' motion for summary judgment, and the Supreme Court denied Plaintiff's petition for writ of certiorari.

Three years after he filed *Briggs I*, while that matter was pending on appeal, Plaintiff filed *Briggs v. Universal Pictures, et al*, No. 3:17-cv-06552-VC (*Briggs II*)—a collateral attack on the judgment in *Briggs I*. On April 25, 2018, this Court

1. dismissed *Briggs II* without prejudice. On or about August 15, 2018, Plaintiff filed the instant Complaint, involving many of the same defendants and the same claims alleged in *Briggs II*.

Plaintiff's Case Management Statement erroneously asserts that "Defendants have not yet contested any of the facts presented in the Complaint." To be clear, Defendants contest the allegations in the Complaint. Each of the Defendants that have appeared in this matter have moved to dismiss Plaintiff's claims in this action as meritless.

Furthermore, due to the disjointed and conclusory nature of the allegations in Complaint, Defendants are unable to identify principal factual issues in dispute. At bottom, the Complaint appears to seek varying forms of redress against Defendants based on the allegation that someone infringed his screenplay. However, the factual predicate for his claims is unintelligible, as is the statement of facts in Plaintiff's Case Management Statement.

**(3) Legal Issues**

Defendants Trigger Street Productions, NBCU, MRC II Distribution Company LP. Mordecai Wiczyk, Asif Satchu, Sony Pictures Entertainment Inc., and Ariel Emanuel have all filed motions to dismiss the Complaint. Each motion argues that Plaintiff's claims are legally barred because this lawsuit is a prohibited collateral attack on the judgment in *Briggs I*. Moreover, Plaintiff's claims are also time-barred. Finally, each of the aforementioned Defendants have also moved to dismiss on the grounds that the Complaint fails to state a claim for numerous reasons. The Complaint is fatally defective and should be dismissed with prejudice.

**(4) Motions**

Defendants Trigger Street Productions, NBCU, MRC II Distribution Company LP. Mordecai Wiczyk, Asif Satchu, Sony Pictures Entertainment Inc., and Ariel Emanuel have all moved to dismiss the Complaint. Defendants MRC II

Distribution Company LP. Mordecai Wiczyk, Asif Satchu, Sony Pictures Entertainment Inc., and Ariel Emanuel also filed a motion for an order declaring Plaintiff a vexatious litigant. Plaintiff filed a motion to strike Trigger Street's motion to dismiss. All of the motions are fully briefed and currently set for hearing on Friday, December 13, 2018 at 10:00 A.M. —along with the Initial Case Management Conference. Finally, Plaintiff has filed a motion for default judgment as to Defendants Spacey, Brunetti, Damon, Affleck, and Blomkamp, with a hearing set for January 10, 2019 at 10:00 A.M.

**(5)    Amendment of Pleadings**

Plaintiff dismissed Defendant Sound Point Management, LLC. During the parties' Rule 26(f) conference, Plaintiff advised counsel that he was considering amending his pleadings and adding more facts after the initial case management conference. Defendants would object to any amendments after the deadline to amend as a matter of course under Rule 15.

**(6)    Evidence Preservation**

Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred with Plaintiff regarding the preservation of evidence. As Defendants informed Plaintiff during the conference, due to the unintelligibility of the Complaint, Defendants are unable to define the scope of information that would be subject to preservation. .

**(7)    Disclosures**

Due to the unintelligibility of the allegations in the Complaint, it is impossible for Defendants to identify witnesses, documents, or other material relevant to Plaintiff's claims or to Defendants' defenses. Therefore, as Defendants informed Plaintiff during the Rule 26(f) conference held on November 5, 2018, the Defendants object to initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(C).

**(8)    Discovery**

No discovery has been served to date. In light of the unintelligibility of

Plaintiff's Complaint, however, any discovery would be grossly disproportionate to the needs of this case. Likewise, given the state of Plaintiff's Complaint, Defendants are unable to propose a discovery plan or stipulated e-discovery order.

**(9)   Class Actions**

N/A

**(10)   Related Cases**

This matter has been designated as related to *Briggs v. Universal Pictures, et al*, No. 3:17-cv-06552-VC (*see* ECF No. 7). As Defendants argue in their motions to dismiss, this case also relates to *Briggs v. Blomkamp, et al*, No. CV 13-4679 (filed 2013).

**(11)   Relief**

Defendants do not currently contemplate any counterclaims. During the Rule 26(f) conference held on November 5, 2018, Defendants requested that Plaintiff state the amount of any damages sought and a description of the bases on which damages are calculated. Plaintiff refused to share a statement of damages, and instead referred Defendants to his Complaint. Due to the unintelligibility of the Complaint, the Defendants are unable to describe the bases on which they would contend damages should be calculated if liability is established.

**(12)   Settlement and ADR**

The parties agreed to participate in an ADR phone conference with the ADR coordinator after the dispositive motions are heard.

**(13)   Consent to Magistrate**

No. All parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**(14)   Other References**

The parties do not see this matter as appropriate for other dispute resolution processes at this time.

**(15) Narrowing of Issues**

Defendant NBCU requested that Plaintiff voluntarily dismiss it due to its lack involvement with the film *Elysium*. Plaintiff did not agree to dismiss NBCU. The parties are unable at this time to identify any specific issues that could be narrowed by agreement or motion.

**(16) Expedited Trial Procedure**

During the parties' Rule 26(f) conference, Plaintiff indicated that he would not agree to an expedited trial procedure.

**(17) Scheduling**

Given the unintelligibility of the Complaint, the Defendants are not able to propose a schedule at this time, and would suggest the parties defer setting a schedule until after the dispositive motions to dismiss are heard.

**(18) Trial**

Plaintiff has requested a jury trial. Given the unintelligibility of the Complaint, Defendants do not have a position on trial length.

**(19) Certification of Interested Parties**

All Defendants that have appeared in the case have filed a Certification of Interested Entities or Parties.

**(20) Professional Conduct**

The attorneys of record for Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**(21) Such Other Matters**

Defendants are not aware of any other matters that need to be addressed at this time.

//
//
//
//

| | | |
|---|---|---|
| 1 | Dated: December 6, 2018 | LARSON O'BRIEN LLP |
| 2 | | |
| 3 | | By: /s/ A. Alexander Lowder |
| 4 | |    Stephen G. Larson |
| | |    Jonathan E. Phillips |
| 5 | |    A. Alexander Lowder |
| 6 | | Attorneys for Defendant, TRIGGER STREET PRODUCTIONS, INC. |
| 7 | | |
| 8 | | |
| 9 | Dated: December 6, 2018 | KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP |
| 10 | | |
| 11 | | |
| 12 | | By: /s/Gregory Korn |
| | |    Michael J. Kump |
| 13 | |    Gregory Korn |
| 14 | |    Kate Mangels |
| 15 | | Attorneys for Defendants MRC II DISTRIBUTION COMPANY LP; MORDECAI WICZYK; ASIF SATCHU; SONY PICTURES ENTERTAINMENT INC.; and ARIEL EMANUEL |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | Dated: December 6, 2018 | DAVIS WRIGHT TREMAINE LLP |
| 21 | | |
| 22 | | By: /s/ Brendan Charney |
| | |    Kelli L. Sager |
| 23 | |    Rochelle L. Wilcox |
| 24 | |    Brendan Charney |
| 25 | | Attorneys for Defendants NBCUNIVERSAL MEDIA, LLC |
| 26 | | |
| 27 | | |
| 28 | | |