Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| STEVE WILSON BRIGGS<br><br>Plaintiff,<br><br>vs<br><br>KEVIN SPACEY; et al | Civ No: 18-cv-04952-VC<br><br><br>**ERRATA** |
|---|---|

**ERRATA**

Having discovered errors in several of his recently filed oppositions and motions, the Plaintiff submits this Errata to correct and/or clarify the following mistakes:

1. In the Plaintiff's Opposition captioned "**PLAINTIFF'S OPPOSITION TO DEFENDANT TRIGGER STREET PRODUCTIONS INC'S MOTION TO DISMISS,**" filed 11/19/2018, on page 17, line 12, the Plaintiff wrote: "Willful Suppression of Evidence and Spoliation are longer independent torts in California."

This statement should read: **"Willful Suppression of Evidence and Spoliation are <u>no</u> longer independent torts in California."**

2. In the Plaintiff's Opposition captioned "**PLAINTIFF'S OPPOSITION TO MRC II DISTRIBUTION COMPANY LP'S, MORDECAI WICZYK'S, ASIF**

1
ERRATA

SATCHU'S, SONY PICTURES ENTERTAINMENT INC'S, AND ARIEL EMANUEL'S MOTION TO DISMISS COMPLAINT**," filed on 11/21/2018, on page 4, line 8, it reads: "This argument is false and is not applicable to the Plaintiff's **surrent** Action."

This line should read: "This argument is false and is not applicable to the Plaintiff's <u>current</u> Action."

3. In the aforementioned filing, page 4, line 11, in bold print, it states: "...**seek to misguide the court the Court that no facts or evidence should be included in a Complaint…**" The words "the Court" appear twice sequentially and redundantly.

This line should be corrected to read: **"seek to misguide the Court that no facts or evidence should be included in a Complaint…"**

4. In the Plaintiff's Motion to Strike, captioned, "**PLAINTIFF'S MOTION TO STRIKE DEFENDANT TRIGGER STREET PRODUCTIONS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**," filed on November 6, 2018, on page 4, line 13, it reads "But regardless of these contentions, the writer's of Rule 7.1 unstood that—without such a law—most corporate defendants (particularly those with secrets to hide) would ignore this law, then claim ignorance, or harmless oversight."

This line should read: "But regardless of these contentions, the writer's of Rule 7.1 <u>understood</u> that—without such a law—most corporate defendants (particularly those with secrets to hide) **would not voluntarily make this reasonable, and minimal, disclosure**."

5. In the Plaintiff's Motion to Strike, captioned, "**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS SPACEY, BRUNETTI, DAMON, AFFLECK AND BLOMKAMP**," filed on December 4, 2018, on page 3, line 26, it reads: "It is also interesting to notice that the Defendant paid

$26.25 to send the refused package Express mail back to Plaintiff ( See Exhibit B , photo/scan of Refused Summons and Complaint)."

However, upon closer examination of the package and the stamp, it appears that this stamp was placed on the envelope by the Plaintiff's **process server**. The package was also not sent "*Express*" mail, but *Priority* mail.

- This does not change the fact that Defendant Spacey refused the package, and should therefore be defaulted. It just means the Defendants did not, themselves, pay to have the package returned to the Plaintiff.

Dated:   12/17/2018          Signed:  /s/  Steve Wilson Briggs
                                      Steve Wilson Briggs
                                      Plaintiff, In Propria Persona