UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KENYATTA WILSON BRIGGS, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN SPACEY, et al., <br><br> Defendants. | Case No. 18-cv-04952-VC <br><br> **ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** <br><br> Re: Dkt. Nos. 27, 43, 48, 51, 54 |

1. The defendants' motions to dismiss Briggs's complaint are granted and the Complaint is dismissed with prejudice. Although he has packaged them in new causes of action, most of his claims seek to relitigate issues decided by Chief Judge Hamilton in *Briggs v. Blomkamp*, No. 4:13-046790-PJH (*Briggs I*). These claims include all the allegations involving the film *Elysium* and evidentiary decisions made by Chief Judge Hamilton. Therefore, as it pertains to the defendants who were present in *Briggs I*, the claims are barred by claim preclusion (res judicata); as it pertains to the new defendants, the claims are barred by issue preclusion (collateral estoppel). Because these claims are precluded, amendment would be futile, and they are dismissed without leave to amend.

The only claims Briggs raises that are not precluded – his allegations of breach of contract and international infringement – are dismissed for failure to state a claim. Briggs's interpretation of triggerstreet.com's *Terms of Use*, as incorporated by reference in the complaint, is implausible on the face of the agreement. Briggs cites to the section titled "International Use" as a promise on the website's behalf to not make the site available to people outside the United States. *See* Complaint Exhibit A, Dkt. No. 1-1, at 28. No reasonable reading of that section could

give rise to that obligation. Moreover, the agreement states that any material posted on the website "may be used by [Trigger Street] throughout the world in perpetuity for any purpose whatsoever, including, but not limited to, reproduction, disclosure, transmission, publication, broadcast, posting and sublicensing." Complaint Exhibit A, Dkt. No. 1-1, at 26. Because these claims are premised on an unreasonable and implausible reading of the *Terms of Use*, the claims are dismissed without leave to amend – any amendment would be futile.

To the extent the claims are brought against defendants who have not yet been served or who have not yet appeared, the claims are dismissed with prejudice as to those defendants pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2).

2. Briggs's motion to strike Trigger Street's motion for failure to file a corporate disclosure statement is denied. Trigger Street's tardy filing prejudiced no one.

3. The defendants do not clear the high burden necessary to declare Briggs a vexatious litigant, therefore their motion to do so is denied.

**IT IS SO ORDERED.**

Dated: December 22, 2018

_____
VINCE CHHABRIA
United States District Judge